Thomas N. Long (Bar No. 5-1550)
Kris C. Koski (Bar No. 7-4645)
Justin A. Daraie (Bar No. 7-4690)
LONG REIMER WINEGAR LLP
2120 Carey Ave., Suite 300
Cheyenne, WY 82001
P.O. Box 87
Cheyenne, WY 82003
Telephone: 307.635.0710
Fax: 307.635.0413
tlong@lrw-law.com
kkoski@lrw-law.com
jdaraie@lrw-law.com

Robert Schuster (Bar No. 4-1137)
Bradley Booke (Bar No. 5-1676)
ROBERT P. SCHUSTER P.C.
P.O. Box 13160
Suite 204
250 Veronica Lane
Jackson, WY 83002
Telephone: 307.732.7800
bob@bobschuster.com
brad@bobschuster.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 NOV 25  PM 2: 32

MARGARET BOTKINS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Dennis A. Black; Jolene Leavitt; Rita Kolkman; Anita C. Deselms, individually and as Trustee of the Anita C. Deselms Living Trust; Gross-Wilkinson Ranch, LLC; Bert J. McCauley; Margaret E. McCauley; J. Michael Powers, as Trustee of the James F. Powers Family Trust U/A dated 1/25/63, as amended; John G. Williams; Theresa M. Williams; Russell I. Williams, Jr., as Trustee of the Russell I. Williams, Jr. Revocable Trust U/A dated 7/27/83; Rabou Investments, LLC; | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. __19-CV-243-f__  <br><br> **JURY TRIAL DEMANDED** |

Rabou Land Company LLC; Rabou )
Resources, LLC; Jolene M. Simkins; )
Norma Jean Smith; Richard Bagby; )
Tracy Bagby; Benjamin Adkison; Kelli )
Adkison; Phyllis A. Cooney, )
individually and in her capacity as )
Trustee of the Phyllis A. Cooney Trust )
U/A dated September 22, 1995; Eklund )
Ranch, LLC; Eklund-Hansen Ranch, )
LLC; Justin W. Miller; Brandi J. Miller; )
Val Eklund; Sharron Eklund; Melvin )
Fornstrom; Lois Fornstrom; Mina Bayne; )
Karen Bryant, individually and in her )
capacity as Trustee of the Karen Bryant )
Living Trust dated September 22, 2017; )
Curry Farms LLC; Matthew W. Curry; )
Jami C. Curry; and Jill M. Strenger )
)
     Plaintiffs, )
)
vs. )
)
Occidental Petroleum Corporation; )
Baseball Merger Sub 1, Inc. )
Anadarko Petroleum Corporation; )
Anadarko E&P Onshore, LLC; )
Anadarko Land Corp; and Doe )
defendants Nos. 1-10. )
)
     Defendants. )
)

## COMPLAINT FOR VIOLATIONS OF: SHERMAN ANTITRUST ACT § 2, 15 U.S.C. § 2; WYOMING STATUTE § 40-4-101; WYOMING CONSTITUTION ARTICLES 1 § 30, 10 § 8; AND WYOMING COMMON LAW OF UNFAIR COMPETITION AND MONOPOLIZATION

Plaintiffs above-named, by and through their undersigned attorneys, demanding trial by jury of all issues properly triable thereby, bring this action under, *inter alia*, Section 2 of the Sherman Act, 15 U.S.C. § 2, for treble damages, injunctive relief, and other relief pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 16, 26, and for their Complaint against Defendants above-named, complain and allege as follows:

## I.  NATURE OF THE CONTROVERSY

1.   Plaintiffs are landowners owning many thousands of surface and mineral acres lying within various areas of Laramie County, Wyoming, generally east of Cheyenne, including mineral acres in the Niobrara and Codell formations in Laramie County.

2. Upon information and belief and on or about August 8, 2019, Defendant, Occidental Petroleum Corporation, and Defendant, Baseball Merger Sub 1, Inc., a newly formed Delaware corporation, a wholly-owned subsidiary of Occidental Petroleum Corporation, merged with and into Anadarko Petroleum Corporation, a Delaware Corporation, with Anadarko Petroleum Corporation continuing as the

surviving entity being a wholly owned subsidiary of Occidental Petroleum Corporation.  Occidental Petroleum Corporation, Baseball Merger Sub 1, Inc. and Anadarko Petroleum Corporation may be referred to herein collectively as "Anadarko Petroleum Corporation."

3. Defendants, Anadarko Petroleum Corporation and its wholly-owned subsidiaries Anadarko E&P Onshore, LLC, and Anadarko Land Corp. (collectively "Anadarko"), possess a monopoly in the market for exploration and production of oil and gas, along with the leasing and sale of oil and gas rights, in the Niobrara and Codell formations in Laramie County, Wyoming east of Cheyenne ("the relevant market").    Anadarko has obtained its monopoly through (1) the acquisition of mineral rights solely in the odd numbered sections in the relevant market; (2) the acquisition of drilling permits for both odd and even numbered sections, including sections owned by Plaintiffs; and the (3) creation of oil and gas leases with non-competitive lease royalties between Anadarko entities.

4.  In furtherance of its monopoly, Anadarko has placed ownership of its mineral rights in the relevant market in Anadarko Land Corp. ("Land Corp.") and ownership of its drilling permits in Anadarko E&P Onshore, LLC ("E&P Onshore").

5.  Upon information and belief, E&P Onshore holds at least 2,200 drilling permits in the relevant market.  Each drilling permit covers not only the odd-

numbered section for which Land Corp. holds mineral rights, but also the adjoining even-numbered section for which Land Corp. has no mineral rights, including those even and odd numbered sections for which Plaintiffs own mineral rights.   Each permit allows the exclusive right to conduct (or not conduct) horizontal oil and gas drilling for two square miles encompassing both odd- and even-numbered sections.

6.   The purpose and effect of Anadarko's acquisition of these drilling permits have been to exclude its competitors from engaging in exploration and production and oil and gas leasing in the relevant market.   By reason of its monopoly in the relevant market, Anadarko possesses the power to set prices above competitive levels and exclude competition.

7.   Anadarko has further engaged in the willful and predatory exercise of its monopoly power by converting, misappropriating, and arrogating to itself, the value, in whole or in part, of the mineral rights of the owners of the even and odd numbered sections in the relevant market, including the mineral rights of Plaintiffs.

8.   This willful exercise of monopoly power and misappropriation have been accomplished through the execution of a lease or leases pursuant to which Land Corp. has leased its mineral rights for the odd-numbered sections to E&P Onshore primarily at the non-competitive royalty rate of 30 percent.

9.  In the relevant market, the prevailing and standard royalty rate is between 18 and 20 percent.  It is unprofitable, unacceptable, and irrational for a drilling company to pay a royalty in excess of the prevailing rate, and certainly unprofitable to pay a royalty as high as 30 percent.

10.  The purpose and effects of this stratagem are to prevent the fair market leasing or sale of Plaintiffs' minerals to any potential competitor of Anadarko and to coerce the owners of even and select odd numbered parcels, including Plaintiffs, to accept a greatly reduced non-competitive royalty and a non-competitive lease bonus for the potential future leasing of their mineral rights to Anadarko or its successor in interest as the holder of its drilling permits.  This has enabled Anadarko or its successor in interest to convert to itself all or part of the lease royalties and lease bonuses otherwise payable to owners of the even and select odd numbered parcels and thus all or part of the value of the even and select odd numbered parcels, including those owned by Plaintiffs.

11.  There is no valid, good faith, rational business or efficiency justification for this stratagem employed by Anadarko.  Anadarko has adopted it solely to convert and misappropriate the royalty revenue and value of the minerals on the even and select odd numbered sections, including those owned by Plaintiffs.

12.  By reason of Anadarko's willful exercise of monopoly power described in the foregoing paragraphs, Plaintiffs have been injured in their business and

property by the diminution and loss of value of the even and select odd numbered sections, and are threatened with loss or damage in being deprived of lease royalties and lease bonus payments that they otherwise would have received.

13. In addition, Anadarko is imminently seeking to capitalize on its monopoly position by selling the mineral, leasehold and drilling permit rights in the relevant market to another (the "Doe defendants") at a bidder's premium. Anadarko has engaged in this price-increasing conduct, and, upon information and belief, it is seeking to obtain a buyer's premium on its monopolistic position by bids to be received on or before December 1, 2019.

14. The Doe defendants are those party(ies) that are the imminent successor(s)-in-interest to Anadarko's mineral, leasehold, royalty and permit rights in the relevant market. The Doe defendants' interest will anti-competitively damage the Plaintiffs.

15. Plaintiffs therefore seek damages for such loss and injury to their business and property as the jury shall find, trebled as required by law; injunctive relief prohibiting Anadarko, or the Doe defendants, from performing or enforcing the royalty provisions of its mineral lease or leases for the odd-numbered parcels in the relevant market, or selling or assigning such provisions to a successor in interest; and Plaintiffs' cost of suit, including a reasonable attorney's fee, all as provided by Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26. Plaintiffs

also seek damages and injunctive relief under Wyoming statutory and common law as set forth hereafter.

## II. JURISDICTION

16.   Plaintiffs bring this antitrust action pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15 and 26, to recover damages and its cost of suit, including a reasonable attorneys' fee; to enjoin Defendants' anticompetitive conduct; and for such other relief as is afforded under the laws of the United States for Defendants' violations of Section 2 of the Sherman Act, 15 U.S.C. § 2. This Court has subject matter jurisdiction of this action for violation of the antitrust laws of the United States pursuant to 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. §§ 16, 26.   This Court has supplemental jurisdiction over non-federal claims asserted herein under 28 U.S.C. § 1367(a), in that such claims form part of the same case or controversy as Plaintiffs' federal claims.

## III. PARTIES

17.   Plaintiffs are landowners owning many thousands of surface and mineral acres lying within various areas of Laramie County, Wyoming and generally being east of Cheyenne.

18.   Plaintiff Dennis A. Black is a resident of Laramie County, Wyoming, and is the owner of surface and mineral rights in Section 6, T14N-R62W, Laramie

County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

19.   Plaintiff Jolene Leavitt is a resident of Waldport, Oregon and is the owner of surface and mineral rights in Section 6, T14N-R62W, and Section 31, T14N-R62W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

20.   Plaintiff Rita Kolkman is a resident of Laramie County, Wyoming, and is the owner of surface and mineral rights in Section 33, T14N-R62W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

21.   Plaintiff Anita C. Deselms is a resident of Laramie County, Wyoming, and, as Trustee of the Anita C. Deselms Living Trust, is the owner of surface and mineral rights in Section 29, T16N-R61W, Section 18, T16N-R61W, Section 12, T16N-R62W, and Section  13, T16N-R62W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

22.   Plaintiff Gross-Wilkinson Ranch, LLC, is a Wyoming limited liability company located in Wyoming, and is the owner of surface and mineral rights in Section 10, T14N-R62W, Section 15, T14N-R62W, Laramie County, Wyoming, and also potentially numerous other lands impacted by Anadarko's actions.

23.  Plaintiffs Bert J. McCauley and Margaret E. McCauley are residents of Littleton, Colorado, and are the owners of surface and mineral rights in Section 33, T14N-R62W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

24.  Plaintiff J. Michael Powers brings suit as Trustee of the James F. Powers Family Trust U/A dated January 25, 1963, as amended, which is located in Laramie County, Wyoming, and is the owner of mineral interests in Section 24, T16N-R61W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

25.  Plaintiff John G. Williams is a resident of Laramie, Wyoming, and is the owner of mineral interests in Section 24, T16N-R61W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

26.  Plaintiff Theresa M. Williams is a resident of Laramie, Wyoming, and is the owner of mineral interests in Section 24, T16N-R61W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

27.  Plaintiff Russell I. Williams, Jr., brings suit as Trustee of the Russell I. Williams, Jr., Revocable Trust U/A dated July 27, 1983, which is located in Laramie County, Wyoming, and is the owner of mineral interests in Section 24, T16N-R61W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

28.  Plaintiffs Rabou Investments, LLC, Rabou Land Company, LLC, and Rabou Resources, LLC, are Wyoming limited liability companies located at Laramie County, Wyoming, and are the owner of surface and mineral interests in Section 2, T16N-R61W, Section 34, T17N-R61W, and Section 10, T16N-R60W, Laramie County, Wyoming, and also potentially numerous other lands impacted by Anadarko's actions.

29.  Plaintiff Jolene M. Simkins is a resident of Laramie County, Wyoming, and is the owner of mineral interests in Section 2, T12N-R62W, and Section 1, T12N-R62W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

30.  Plaintiff Norma Jean Smith is a resident of Laramie County, Wyoming, and is the owner of surface and mineral rights in Section 22, T13N-R61W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

31.  Plaintiff Richard Bagby is a resident of Laramie County, Wyoming, and is the owner of surface and mineral rights in Section 22, T13N-R61W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

32.  Plaintiff Tracy Bagby is a resident of Laramie County, Wyoming, and is the owner of surface and mineral rights in Section 22, T13N-R61W, Laramie

County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

33.  Plaintiff Benjamin Adkison is a resident of Laramie County, Wyoming, and is the owner of surface and mineral rights in Section 22, T13N-R61W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

34.  Plaintiff Kelli Adkison is a resident of Laramie County, Wyoming, and is the owner of surface and mineral rights in Section 22, T13N-R61W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

35. Plaintiff Phyllis A. Cooney, brings this action individually and in her capacity as Trustee of the Phyllis A. Cooney Trust U/A dated September 22, 1995. She is a resident of Laramie County, Wyoming, and is the owner of surface and mineral rights in Section 3, T15N-R60W, Section 33, T16N-R60W, and Section 4, T15N-R60W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

36.  Plaintiff Eklund Ranch, LLC, is a Wyoming limited liability company located at Laramie County, Wyoming, and is the owner of surface and mineral rights in Section 31, T17N-R61W, Section 34, T17N-R62W, and Section 35, T17N-

R62W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

37.   Plaintiff Eklund-Hansen Ranch, LLC, is a Wyoming limited liability company located at Laramie County, Wyoming, and is the owner of surface and mineral rights in Section 31, T17N-R61W, Section 34, T17N-R62W, and Section 35, T17N-R62W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

38.   Plaintiffs Justin W. Miller and Brandi J. Miller are residents of Laramie County, Wyoming, and are the owners of surface and mineral rights in Section 31, T17N-R61W, Section 8, T16N-R61W, Section 17, T16N-R61W, and Section 18, T16N0R61W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

39.   Plaintiffs Val Eklund and Sharron Eklund are residents of Laramie County, Wyoming, and are the owners of surface and mineral rights in Section 13, T17N-R62W, Section 18, T17N-R61W, Section 30, T17N-R61W, Section 31, T17N-R61W, Section 32 T17N-R61W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

40.   Plaintiffs Melvin Fornstrom and Lois Fornstrom are residents of Laramie County, Wyoming, and are the owners of surface and mineral rights in

Section 19, T14N-R60W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

41.  Plaintiffs Mina Bayne and Karen Bryant, individually and as Trustee of the Karen Bryant Living Trust dated September 22, 2017, are residents of Laramie County, Wyoming, and are the owners of mineral rights in Section 34, T17N-R61W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

42.  Plaintiff Curry Farms LLC is a Wyoming limited liability company located at Laramie County, Wyoming, and is the owner of surface and mineral interests in Section 22, T14N-R64W, and Section 34, T15N-R64W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

43.  Plaintiffs Matthew W. Curry, a Colorado resident, Jami C. Curry and Jill M. Strenger are the owners of surface and mineral interests in Section 22, T14N-R64W, and Section 34, T15N-R64W, Laramie County, Wyoming, and also potentially other lands impacted by Anadarko's actions.

44.  Defendant Occidental Petroleum Corporation ("Occidental") is a Delaware corporation with its principal place of business at Houston, Texas.

45.  Defendant Baseball Merger Sub 1, Inc. ("Merger Corporation") is a Delaware corporation with its principal place of business at Wilmington, Delaware.

46.  Defendant Anadarko Petroleum Corporation ("APC") is a Delaware corporation with its principal place of business at 1201 Lake Robbins Drive, The Woodlands, Texas.  It is among the world's largest independent exploration and production companies, with approximately 1.5 billion barrels of oil equivalent of proved reserves at December 31, 2018.  APC owns cash-generating conventional oil developments in the Gulf of Mexico, Algeria, and Ghana, with a large inventory of significant and proven high-growth unconventional resources in the United States onshore.  Its resources in the onshore United States include odd-numbered parcels in the Niobrara and Codell formations in Laramie County east of Cheyenne, Wyoming.

47.  Defendant Anadarko E&P Onshore LLC ("E&P Onshore") is a Delaware limited liability company with its principal place of business at The Woodlands, Texas.  E&P Onshore is a wholly owned subsidiary of APC and is engaged in oil and gas leasing, exploration and production in, *inter alia*, the Niobrara and Codell formations in Laramie County east of Cheyenne, Wyoming.

48.  Defendant Anadarko Land Corp. ("Land Corp.") is a Delaware corporation with its principal place of business in The Woodlands, Texas.  It is a wholly-owned subsidiary of APC and is engaged in the business of acquiring and holding title to real estate and other interests in real estate, including, inter alia, ownership of mineral rights in Laramie County east of Cheyenne, Wyoming.

49.  Occidental, Merger Corporation, APC, E&P Onshore, and Land Corp. are referred to collectively herein as "Anadarko."

50.  Defendants Doe defendants Nos. 1-10 (the "Doe defendants") are currently unknown party(ies) who are the successors in interest to the mineral, leasehold, royalty and permit rights of Anadarko in the relevant market.

## IV. RELEVANT MARKET AND EFFECT ON COMMERCE

51.  The relevant market for purposes of this action is the sale, leasing, exploration and production of oil and gas in the Niobrara and Codell formations in Laramie County east of Cheyenne ("the relevant market").  Exploration and production of oil and gas constitute a relevant product market in that there are not reasonable substitutes for oil and gas at comparable prices.  The Niobrara and Codell formations in Laramie County east of Cheyenne constitute a relevant geographic market because this discrete and unique geological area of Wyoming contains substantial oil and gas reserves and are the most productive and economic formations in the Denver-Cheyenne Basins.

52.  The business of oil and gas sales, leasing, exploration and production occurs in interstate commerce, substantially affects interstate commerce, makes use of instrumentalities and transportation facilities of interstate commerce, and is essential to the effective functioning of interstate commerce.  Any restraint or

monopoly in the business of oil and gas sales, leasing, exploration and production
adversely affects, impedes, and damages interstate commerce.

## V.  CONDUCT GIVING RISE TO VIOLATIONS OF LAW

53.  Anadarko is the owner of fee mineral interests limited solely to various
odd-numbered sections lying within the relevant market.   Anadarko acquired
these fee mineral interests from the Union Pacific Land Resources Corporation
("Union Pacific"), which acquired them pursuant to the old checkerboard land
grants made to foster the building of the "Golden Spike" railroad.  To allow the
railroad companies to raise additional capital, Congress granted a 400-foot (120 m)
right-of-way corridor, lands for additional facilities like sidings and maintenance
yards.  The railroads, including Union Pacific, were also granted alternate sections
of government-owned lands — 6,400 acres (2,600 ha) per mile (1.6 km) — for 20
miles (16 km) on both sides of the track, forming a checkerboard pattern.  The
railroad companies were given the odd-numbered mile-square sections while the
federal government retained the even-numbered one-mile sections.  Unlike an oil
and gas leasehold interest, these fee mineral interests are owned by Anadarko in
perpetuity, and there is no requirement that Anadarko develop these interests to
keep them pursuant to Wyoming law.  Anadarko owns no fee mineral interests in
any even-numbered one-mile section in Laramie County, Wyoming.   The fee

interests in the odd-numbered sections are held by Anadarko's subsidiary Land Corp.

54.  Mineral rights in the even-numbered one-mile sections, and in select odd-numbered one-mile sections, in the relevant market are owned by Plaintiffs, as described above, and by others not parties to this action.

55.  Laramie County, Wyoming, has seen a surge of oil and gas development to capitalize on the growing "Codell-Niobrara" play, which has led to two-mile horizontal oil and gas drilling and development in the relevant market.  Two-mile horizontal drilling involves obtaining a drilling permit that permits drilling to a certain depth and then horizontal drilling for a distance of two miles.

56.  Two-mile horizontal drilling has been proven to be economical and profitable.  It requires, however, that because the permit extends over the even-numbered sections, the holder of the drilling permit must own or lease mineral rights in the odd- and even-numbered sections, including the even-numbered and select odd- numbered sections owned by Plaintiffs.

57.  Anadarko, as the owner of fee mineral interests in only odd-numbered sections, has now obtained from the Wyoming Oil and Gas Conservation Commission ("the Commission") more than 2,200 filed drilling permits for oil and gas wells in the relevant market, all for two-mile horizontal drilling encompassing both odd- and even-numbered sections, including those owned by Plaintiffs.

These permits were obtained and are held by Anadarko's subsidiary, E&P Onshore.

58. In addition, the drilling permits filed by Anadarko authorize Anadarko to locate in each odd- and even-numbered section the maximum allowable number of horizontal oil and gas wells.

59. The purpose and effect of Anadarko's obtaining the drilling permits have been to confer on Anadarko a monopoly in the relevant market, in that no other oil and gas exploration firm will be able to gain entry and operate profitably in the relevant market, in which Anadarko now has the power to set prices above competitive levels and to exclude competition.

60. Anadarko's intent to exclude competition is apparent from the following facts: (1) Anadarko has not drilled a well to produce gas and oil in Laramie County since 2013; (2) Anadarko does not operate a drilling rig in Laramie County; (3) Anadarko has never attempted to drill a two-mile horizontal well in Laramie County; (4) Anadarko has no firm plans to drill any wells in Laramie County; (5) Anadarko has approved no funds for the drilling of wells in Laramie County; and (6) Anadarko has made no attempt to lease mineral rights from any other mineral owners, including Plaintiffs, since June of 2015.

61. The exclusionary, anticompetitive effects of Anadarko's monopoly are apparent from the following facts: (1) other companies are reluctant to obtain an

oil and gas lease from the Plaintiffs when they cannot drill wells because Anadarko has tied up all permits and permissible locations for wells in the relevant market; and (2) other companies have refrained from seeking fair market leases of mineral rights from owners of even-numbered parcels, including Plaintiffs.

62.   Through the willful exercise of its monopoly power, Anadarko also misappropriated, converted, and arrogated to itself part, if not all, of the value of the mineral rights on even-numbered and select odd-numbered parcels owned by the Plaintiffs.

63.   Anadarko accomplished this through the execution of collusive leases between its subsidiaries Land Corp. and E&P Onshore.  Under these leases, Land Corp. leased its mineral rights for odd-numbered parcels to E&P Onshore at a non-competitive, unprofitable royalty of 30 percent.

64.   The prevailing fair-market royalty rate for the lease of mineral rights in the relevant market does not exceed 20 percent.  At royalty rates above 20 percent, the lessee cannot profitably engage in exploration and production in the relevant market.

65.   The royalty rate on the collusive leases between Land Corp. and E&P Onshore applies only to the odd-numbered sections, inasmuch as Land. Corp. has no mineral rights or fee ownership with respect to the even-numbered parcels.  This means that E&P Onshore or any successor in interest to its leases with Land

Corp. will require Plaintiffs, as owners of the even-numbered parcels to accept a substantially reduced royalty rate in any lease for Plaintiffs' mineral rights in the even-numbered and certain odd-numbered parcels.

66. The alternative for Plaintiffs who refuse to accept such a rate is that E&P Onshore or its successor in interest can compel such Plaintiffs to be subjected to forced pooling under Wyoming Statute § 30-5-109. This statute provides that when separately owned parcels are embraced within a single drilling permit, as is the situation with E&P Onshore's permits for the odd- and even-numbered parcels in the relevant market, the permit holder may obtain an order from the Commission allowing drilling on all parcels and placing the unwilling parcel owners in a position where they receive no royalty or other remuneration until E&P Onshore recovers three times the cost of the drilling and completion of the well. These costs are invariably beyond the means of property owners subjected to forced pooling, including Plaintiffs. The prospect of forced pooling thus coerces property owners to accept unreasonably low royalty rates in lieu of forced pooling, and further reinforces and enables Anadarko's willful exercise of its monopoly in misappropriating, converting, and arrogating to itself the value of Plaintiffs' mineral rights and ownership of odd-numbered sections in the relevant market.

67. There is no valid, good faith, rational business or efficiency justification for the collusive leases entered into by Anadarko. Anadarko has adopted this

stratagem solely to convert and misappropriate the royalty revenue, the bonus revenue and the value of the even-numbered sections (and select odd-numbered sections) in the relevant market, including those owned by Plaintiffs.

68.  By reason of Anadarko's willful exercise of monopoly power described in the foregoing paragraphs, Plaintiffs have been injured in their business and property by the diminution and loss of value of their mineral interests and ownership of the even-numbered (and select odd-numbered) sections, and are further threatened with loss or damage in being deprived of lease royalties, lease bonuses and realization of the value of their ownership of even-numbered (and select odd-numbered) sections they otherwise would have received.

69.  In addition, Anadarko's conduct has allowed it to capitalize on its monopoly position by offering to sell and its contemplated sale of its monopoly rights to the Doe defendants.

## VI. VIOLATIONS OF LAW

## COUNT ONE: SHERMAN ACT § 2 MONOPOLIZATION

70.  Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1-69 hereinabove as if set forth in full herein.

71.  The conduct of Defendants described in the foregoing paragraphs constitutes unlawful monopolization of the relevant market in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2, in that Anadarko has engaged in the willful

exercise of monopoly power in the relevant market through the execution of collusive leases misappropriating, converting, and arrogating to itself the value of Plaintiffs' mineral rights and ownership of even-numbered (and select odd-numbered) parcels in the relevant market, all without a valid, good faith, pro-competitive business justification or purpose.

72.   In addition the conduct of Defendants described in the foregoing paragraphs has allowed Anadarko to monopolize the relevant market to its own benefit by allowing it to seek a buyer's premium on the sale of its assets in the relevant market to the detriment of the Plaintiffs and any potential competitors.

73.   By reason of the unlawful monopolization of the relevant market by Anadarko, Plaintiffs have suffered injury and loss to their business and property, and are threatened with imminent future additional injury and loss.  The damages sustained by Plaintiffs are in the millions of dollars, in an amount yet to be fully determined, consisting of the diminution in the value of their property — mineral rights and ownership of even-numbered (and select odd numbered) sections in the relevant market — and loss of lease royalties and bonus payments for leasing of Plaintiffs' mineral rights.

74.   Plaintiffs therefore seek damages for such loss and injury to their business and property as the jury shall find, trebled as required by law; injunctive relief prohibiting Anadarko from performing or enforcing the royalty provisions

of its mineral leases for the odd-numbered parcels in the relevant market, or selling

or assigning such provisions to a successor in interest; and Plaintiffs' cost of suit,

including a reasonable attorney's fee, all as provided by Sections 4 and 16 of the

Clayton Act, 15 U.S.C. §§ 15, 26.

**COUNT TWO: SHERMAN ACT § 2, ATTEMPTED MONOPOLIZATION**

75.   Plaintiffs hereby re-allege and incorporate by reference the allegations

of paragraphs 1-74 hereinabove as if set forth in full herein.

76.   Alternatively, the conduct of Defendants described in the foregoing

paragraphs constitutes an attempt to monopolize the relevant market in violation

of Section 2 of the Sherman Act, 15 U.S.C. § 2, in that Anadarko has engaged in (1)

anticompetitive conduct, (2) with a specific intent to monopolize, and (3) a

dangerous probability of achieving monopoly power in the relevant market

through the execution of collusive leases misappropriating, converting, and

arrogating to itself the value of Plaintiffs' mineral rights and ownership of even-

numbered (and select odd-numbered) parcels in the relevant market, all without

a valid, good faith, pro-competitive business justification or purpose.

77.   By reason of Defendants' unlawful attempt to monopolize the relevant

market, Plaintiffs have suffered injury and loss to their business and property, and

are threatened with imminent future additional injury and loss.   The damages

sustained by Plaintiffs are in the millions of dollars, in an amount yet to be fully

determined, consisting of the diminution in the value of their property—mineral rights and ownership of even-numbered (and select odd-numbered) sections in the relevant market—and loss of lease royalties and bonus payments for leasing of Plaintiffs' mineral rights.

78.   Plaintiffs therefore seek damages for such loss and injury to their business and property as the jury shall find, trebled as required by law; injunctive relief prohibiting Anadarko from performing or enforcing the royalty provisions of its mineral leases for the odd-numbered parcels in the relevant market, or selling or assigning such provisions to a successor in interest; and Plaintiffs' cost of suit, including a reasonable attorney's fee, all as provided by Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26.

**COUNT THREE: VIOLATION OF WYOMING STATUTE § 40-4-101**

79.   Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1-78 hereinabove as if set forth in full herein.

80.   The conduct of Defendants described in the foregoing paragraphs constitutes a violation of Wyoming Statute § 40-4-101(a)(1) in that Anadarko has made, entered into, formed and become a party to a plan, contract, agreement, and combination to prevent competition and to control or influence production and prices thereof through the acquisition of drilling permits and the execution of collusive leases misappropriating, converting, and arrogating to itself the value of

Plaintiffs' mineral rights and ownership of even-numbered (and select odd-numbered) parcels in the relevant market, all without a valid, good faith, pro-competitive business justification or purpose.

81.  By reason of Defendants' violation of Wyoming Statute § 40-4-101(a)(1), Plaintiffs have suffered injury and loss to their business and property, and are threatened with imminent future additional injury and loss.  The damages sustained by Plaintiffs are in the millions of dollars, in an amount yet to be fully determined, consisting of the diminution in the value of their property — mineral rights and ownership of even-numbered (and select odd-numbered) sections in the relevant market — and loss of lease royalties and bonus payments for leasing of Plaintiffs' mineral rights.

82.  The Defendants' violation of Wyoming Statute § 40-4-101(a)(1) was done willfully and wantonly with the deliberate intent to injure Plaintiffs and violate their legal rights, and amounts to outrageous conduct entitling Plaintiffs to punitive or exemplary damages.

83.   Plaintiffs therefore seek damages for such loss and injury to their business and property as the jury shall find, plus punitive or exemplary damages as permitted by law; injunctive relief prohibiting Anadarko from performing or enforcing the royalty provisions of its mineral leases for the odd-numbered parcels in the relevant market, or selling or assigning such provisions to a successor in

interest; Plaintiffs' cost of suit; and such further and appropriate relief as provided by Wyoming law.

## COUNT FOUR: VIOLATION OF WYOMING CONSTITUTION

84.  Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1-83 hereinabove as if set forth in full herein.

85.  The conduct of Defendants described in the foregoing paragraphs constitutes violations of the Wyoming Constitution, Article 1 § 30, which provides that monopolies are contrary to the genius of a free state, and shall not be allowed, and Article 10 § 8, which provides that corporations shall not combine to prevent competition or interfere with the public good and general welfare, in that Anadarko has monopolized or attempted to monopolize the relevant market through the acquisition of drilling permits and the execution of collusive leases misappropriating, converting, and arrogating to itself the value of Plaintiffs' mineral rights and ownership of even-numbered (and select odd-numbered) parcels in the relevant market, all without a valid, good faith, pro-competitive business justification or purpose.

86.  By reason of Defendants' violation of the Wyoming Constitution Articles 1 § 30 and 10 § 8, Plaintiffs have suffered injury and loss to their business and property, and are threatened with imminent future additional injury and loss. The damages sustained by Plaintiffs are in the millions of dollars, in an amount

yet to be fully determined, consisting of the diminution in the value of their property—mineral rights and ownership of even-numbered (and select odd-numbered) sections in the relevant market—and loss of lease royalties and bonus payments for leasing of Plaintiffs' mineral rights.

87. The Defendants' violation of the Wyoming Constitution Articles 1 § 30 and 10 § 8 was done willfully and wantonly with the deliberate intent to injure Plaintiffs and violate their legal rights, and amounts to outrageous conduct entitling Plaintiffs to punitive or exemplary damages.

88. Plaintiffs therefore seek damages for such loss and injury to their business and property as the jury shall find, plus punitive or exemplary damages as permitted by law; injunctive relief prohibiting Anadarko from performing or enforcing the royalty provisions of its mineral leases for the odd-numbered parcels in the relevant market, or selling or assigning such provisions to a successor in interest; Plaintiffs' cost of suit; and such further and appropriate relief as provided by Wyoming law.

**COUNT FIVE: VIOLATION OF WYOMING COMMON LAW, MONOPOLY**

89. Plaintiffs hereby re-allege and incorporate by reference the allegations of paragraphs 1-88 hereinabove as if set forth in full herein.

90. The conduct of Defendants described in the foregoing paragraphs constitutes a violation of Wyoming common law of monopoly and restraints of

trade in that Anadarko has monopolized or attempted to monopolize and unreasonably restrain trade in the relevant market through the acquisition of drilling permits and the execution of collusive leases misappropriating, converting, and arrogating to itself the value of Plaintiffs' mineral rights and ownership of even-numbered (and select odd-numbered) parcels in the relevant market, all without a valid, good faith, pro-competitive business justification or purpose.

91.   In addition, the conduct of Defendants described in the foregoing paragraphs has allowed Anadarko to monopolize the relevant market to its own benefit by allowing it to seek a buyer's premium on the sale of its assets in the relevant market to the detriments of the Plaintiffs and any potential competitors.

92.   By reason of Defendants' violation of Wyoming common law of monopoly and restraints of trade, Plaintiffs have suffered injury and loss to their business and property, and are threatened with imminent future additional injury and loss.  The damages sustained by Plaintiffs are in the millions of dollars, in an amount yet to be fully determined, consisting of the diminution in the value of their property — mineral rights and ownership of even-numbered (and select odd-numbered) sections in the relevant market — and loss of lease royalties and bonus payments for leasing of Plaintiffs' mineral rights.

93. The Defendants' violation of Wyoming common law of monopoly and restraints of trade was done willfully and wantonly with the deliberate intent to injure Plaintiffs and violate their legal rights, and amounts to outrageous conduct entitling Plaintiffs to punitive or exemplary damages.

94. Plaintiffs therefore seek damages for such loss and injury to their business and property as the jury shall find, plus punitive or exemplary damages as permitted by law; injunctive relief prohibiting Anadarko from performing or enforcing the royalty provisions of its mineral leases for the odd-numbered parcels in the relevant market, or selling or assigning such provisions to a successor in interest; Plaintiffs' cost of suit; and such further and appropriate relief as provided by Wyoming law.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for and demand the following relief:

A. That the jury shall find and the Court shall adjudge and decree that the Defendants have committed the violations of law alleged in Counts One through Five hereinabove;

B. That the Court enter judgment for Plaintiffs in such amount of damages as the jury shall find as a result of Defendants' violation of Section 2 of the Sherman Act, 15 U.S.C. §2, trebled, together with Plaintiffs' cost of suit, including a

reasonable attorney's fee, as required by Section 4 of the Clayton Act, 15 U.S.C. § 16;

C.   That the Court temporarily and permanently enjoin Defendants from performing or enforcing the royalty provisions of their mineral leases for the odd-numbered parcels in the relevant market, or selling or assigning such provisions to a successor in interest;

D.   That in connection with any injunction entered by reason of Defendants' violation of Sections 1 and 2 of the Sherman Act, the Court award Plaintiffs' cost of suit, including a reasonable attorney's fee, as required by Section 16 of the Clayton Act, 15 U.S.C. § 26;

E.   That the Court enter judgment for Plaintiffs in such amount of actual damages as the jury shall find as a result of Defendants' violation of Wyoming Statute § 40-4-101, Wyoming Constitution Article 1 § 30, and/or Wyoming common law of monopoly and restraint of trade;

F.   That the Court enter judgment for Plaintiffs in such amount of punitive or exemplary damages as the jury shall find as a result of Defendants' violation of Wyoming Statute § 40-4-101, Wyoming Constitution Articles 1 § 30 and 10 § 8, and/or Wyoming common law of monopoly and restraint of trade;

G. That the Court order and enter judgment that Plaintiffs shall recover pre-judgment and post-judgment interest on any and all damage judgments entered herein as provided by law;

H. That the Court award Plaintiffs their costs and disbursements as provided by law; and

I. That Plaintiffs have such other and further relief as is just and available pursuant to law.

DATED this 25 day of November, 2019.

LONG REIMER WINEGAR LLP

By: _____
Thomas N. Long (Bar No. 5-1550)
Kris C. Koski (Bar No. 7-4645)
Justin A. Daraie (Bar No. 7-4690)
LONG REIMER WINEGAR LLP
2120 Carey Ave., Suite 300
Cheyenne, WY 82001
P.O. Box 87
Cheyenne, WY 82003
Telephone: 307.635.0710
Fax: 307.635.0413
tlong@lrw-law.com
kkoski@lrw-law.com
jdaraie@lrw-law.com
*Attorneys for Plaintiffs.*

Robert Schuster (Bar No. 4-1137)
Bradley L. Booke (Bar No. 5-1676)
ROBERT P. SCHUSTER P.C.
P.O. Box 13160
Suite 204
250 Veronica Lane
Jackson, WY 83002
bob@bobschuster.com
brad@bobschuster.com
*Attorneys for Plaintiffs.*