Matt J. Micheli, P.C. (WSB #6-3839)
Walter F. Eggers, III, P.C. (WSB #6-3150)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone:  (307) 778-4200
mjmicheli@hollandhart.com
weggers@hollandhart.com

Benjamin Gruenstein (admitted *pro hac vice*)
Samantha Hall (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
bgruenstein@cravath.com
shall@cravath.com

ATTORNEYS FOR DEFENDANTS OCCIDENTAL PETROLEUM
CORPORATION, ANADARKO PETROLEUM CORPORATION,
ANADARKO E&P ONSHORE LLC, ANADARKO OIL & GAS 5 LLC AND
ANADARKO LAND CORP.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Anita C. Deselms, as Trustee of the Anita C. Deselms Living Trust and for all similarly situated persons; Rabou Resources, LLC through its manager, Ron Rabou, for itself and for all similarly situated persons; *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>Occidental Petroleum Corporation; Anadarko Petroleum Corporation; Anadarko E&P Onshore, LLC; Anadarko Oil & Gas 5, LLC; Anadarko Land Corp; and Doe defendants Nos. 1-10,<br><br>Defendants. | Civil Action No. 19-CV-243-F |

## ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Occidental Petroleum Corporation, Anadarko Petroleum Corporation, Anadarko E&P Onshore LLC, Anadarko Oil & Gas 5 LLC and Anadarko Land Corp. (collectively, "Defendants") hereby submit their answer and defenses to Plaintiffs' Second Amended Class Complaint filed on August 27, 2021.

1.      Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.      Defendants admit the allegations contained in the first sentence of Paragraph 2, except state that Baseball Merger Sub 1, Inc. was incorporated on or about April 5, 2019. Defendants admit the allegations contained in the second sentence of Paragraph 2, except as to the legal characterization as a "mesne conveyance" for which no response is required, and state that the third sentence of Paragraph 2 does not contain factual allegations as to which a response is required.

3.      Defendants deny the allegations contained in Paragraph 3, except (i) admit that Anadarko E&P Onshore LLC, Anadarko Oil & Gas 5 LLC ("Gas 5") and Anadarko Land Corp. are subsidiaries of Anadarko Petroleum Corporation; (ii) admit that Anadarko Oil & Gas 1 LLC ("Gas 1") was incorporated in Delaware in 2014 and merged with and into Anadarko E&P Onshore LLC in 2015; (iii) admit that Anadarko Petroleum Corporation acquired certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iv) admit that Defendants do not own any substantial mineral interests within any even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (v) admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLC, Gas 1 and Gas 5, and refer to those agreements for their contents; (vi) admit that

2

Anadarko E&P Onshore LLC filed with the Wyoming Oil and Gas Conservation Commission (the "WOGCC") certain Applications for Permits to Drill ("APDs") in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents; (vii) admit that Defendants have not drilled a production well in Laramie County, Wyoming, generally east of Cheyenne, since 2013; and (viii) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.  Defendants further state that the fifth sentence of Paragraph 3 does not contain factual allegations as to which a response is required.

4.     Defendants deny the allegations contained in Paragraph 4, except (i) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations in Laramie County, Wyoming, generally east of Cheyenne; and (ii) admit that Anadarko E&P Onshore LLC filed certain APDs with the WOGCC.

5.     Defendants deny the allegations contained in Paragraph 5, except (i) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that Defendants do not own any substantial mineral interests within any even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iv) admit that filing APDs confers certain rights

on their filers under Wyoming law, and refer to the applicable Wyoming statutes and regulations for their contents; and (v) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

6.      Defendants deny the allegations contained in Paragraph 6, except admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

7.      Defendants state that the allegations contained in Paragraph 7 purport to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 7.

8.      Defendants deny the allegations contained in Paragraph 8.

9.      Defendants deny the allegations contained in Paragraph 9, except admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLC, Gas 1 and Gas 5, and refer to those agreements for their contents.

10.      Defendants deny the allegations contained in Paragraph 10.

11.      Defendants deny the allegations contained in Paragraph 11, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding individuals or entities other than Defendants; (ii) admit that Figure 1 of the Second Amended Complaint purports to show data from the New York Mercantile Exchange ("NYMEX") as to the daily closing price for West Texas Intermediate Crude Oil ("WTI Daily Price") for the time frame indicated in Figure 1, and refer to the source of that data for its

contents; (iii) admit that Figures 2-5 of the Second Amended Complaint purport to show areas as to which certain affiliated Anadarko entities entered into lease agreements with each other, the time frame in which those lease agreements were entered and the royalty rates stated in those lease agreements, and refer to those agreements for their contents; and (iv) refer to the rules and regulations of the WOGCC for their contents.

12.     Defendants deny the allegations contained in Paragraph 12, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding individuals or entities other than Defendants; (ii) admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLC and Gas 1, and refer to those agreements for their contents; and (iii) admit that Figure 2 in the Second Amended Complaint purports to show areas as to which certain affiliated Anadarko entities entered into lease agreements with each other, the time frame in which those lease agreements were entered and the royalty rate stated in those lease agreements, and refer to those agreements for their contents.

13.     Defendants deny the allegations contained in Paragraph 13, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding individuals or entities other than Defendants; (ii) admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLC, Anadarko Land Corp., Gas 1 and Gas 5, and refer to those agreements for their contents; and (iii) admit that Figure 3 in the Second Amended Complaint purports to show areas as to which certain affiliated Anadarko entities entered into lease agreements with each other, the time frame in which those lease agreements were entered and the royalty rate stated in those lease agreements, and refer to those agreements for their contents.

14.     Defendants deny the allegations contained in Paragraph 14, except (i) admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLC, Anadarko Land Corp., Gas 1 and Gas 5, and refer to those agreements for their contents; and (ii) admit that Figure 4 in the Second Amended Complaint purports to show areas as to which certain affiliated Anadarko entities entered into lease agreements with each other, the time frame in which those lease agreements were entered and the royalty rate stated in those lease agreements, and refer to those agreements for their contents.

15.     Defendants deny the allegations contained in Paragraph 15, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

16.     Defendants deny the allegations contained in Paragraph 16, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

17.     Defendants deny the allegations contained in Paragraph 17, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

18.     Defendants deny the allegations contained in the first, second and third sentences of Paragraph 18, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding individuals and entities other than Defendants; (ii) admit that Anadarko Petroleum Corporation sold certain mineral, leasehold and other interests in Laramie County to Orion Mine Finance Group on or about October 19, 2020 ("Orion Sale") and refer to the purchase and sale agreement concerning that sale for its contents; and (iii) admit that the royalty burden on certain leases between Anadarko entities in Laramie

County was reduced to twenty percent prior to the Orion Sale and refer to those leases for their contents. Defendants state that the allegations contained in the fourth sentence of Paragraph 18 purport to state legal conclusions as to which no response is required. To the extent a further response is required, Defendants deny the allegations contained in the fourth sentence of Paragraph 18.

19.     Defendants deny the allegations contained in Paragraph 19, except admit that Plaintiffs, on behalf of themselves and putative class members, purport to seek damages and costs under Section 4 of the Clayton Act, 15 U.S.C. § 15, and under Wyoming statutory and common law.

20.     Defendants deny the allegations contained in the first sentence of Paragraph 20, except admit that Plaintiffs, on behalf of themselves and putative class members, purport to state claims under Section 2 of the Sherman Act and purport to seek damages and costs under Section 4 of the Clayton Act, 15 U.S.C. § 15. Defendants state that the allegations contained in the second and third sentences of Paragraph 20 purport to state legal conclusions as to which no response is required. To the extent a further response is required, Defendants deny the allegations in the second and third sentences of Paragraph 20, except admit that Plaintiffs, on behalf of themselves and putative class members, purport to invoke the jurisdiction of this Court pursuant to the statutes cited therein.

21.     Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 21. Defendants state that the allegations contained in the second sentence of Paragraph 21 purport to state legal conclusions as to which no response is required. To the extent a further response is required, Defendants deny the allegations contained in the second sentence of Paragraph 21.

22.     Defendants deny the allegations contained in Paragraph 22, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 22; (ii) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 1 and Gas 5, and refer to those agreements for their contents; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Gas 1 (a) was incorporated in Delaware, (b) filed for and obtained a Certificate of Authority from the Wyoming Office of the Secretary of State, and refer to that filing and certificate for their contents, and (c) merged with and into Anadarko E&P Onshore LLC in March 2015, with Anadarko E&P Onshore LLC as the surviving entity; (v) admit that Anadarko Land Corp. held mineral interests from July 1, 2016 to October 19, 2020 ("Class Period") in (a) Section 31, T14N-R62W, of Laramie County, Wyoming, which, upon information and belief, borders Section 6, T13N-R62W, of Laramie County, Wyoming; and (b) Section 1, T13N-R63W, of Laramie County, Wyoming, which, upon information and belief, borders Section 6, T13N-R62W, of Laramie County, Wyoming; (vi) state that the allegation that Gas 5 is not authorized to do business in Wyoming purports to state a legal conclusion as to which no response is required; and (vii) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

23.     Defendants deny the allegations contained in Paragraph 23, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 23; (ii) admit that Anadarko Land Corp.

holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

24.     Defendants deny the allegations contained in Paragraph 24, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 24; (ii) admit that Anadarko Land Corp. held mineral interests during the Class Period in Section 23, T14N-R62W, of Laramie County, Wyoming; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; and (iv) admit that Anadarko Land Corp. entered into a lease agreement with Gas 5 related to Section 23, T14N-R62W, of Laramie County, Wyoming, and refer to that agreement for its contents.

25.     Defendants deny the allegations contained in Paragraph 25, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 25; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming,

generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (iv) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

26.     Defendants deny the allegations contained in Paragraph 26, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and third sentences of Paragraph 26; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

27.     Defendants deny the allegations contained in Paragraph 27, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 27; (ii) admit that Anadarko Land Corp.

holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

28.     Defendants deny the allegations contained in Paragraph 28, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 28; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

29.     Defendants deny the allegations contained in Paragraph 29, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the

allegations contained in the first sentence of Paragraph 29; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; and (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLC and Gas 5, and refer to those agreements for their contents.

30.     Defendants deny the allegations contained in Paragraph 30, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 30; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; and (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLP and Gas 5, and refer to those agreements for their contents.

31.     Defendants deny the allegations contained in Paragraph 31, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 31; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to

those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

32.     Defendants deny the allegations contained in Paragraph 32, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 32; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

33.     Defendants deny the allegations contained in Paragraph 33, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 33; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming,

generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

34.     Defendants deny the allegations contained in Paragraph 34, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 34; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

35.     Defendants deny the allegations contained in Paragraph 35, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 35; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological

formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

36.     Defendants deny the allegations contained in Paragraph 36, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 36; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

37.     Defendants deny the allegations contained in Paragraph 37, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 37; (ii) admit that Anadarko Land Corp.

holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLC and Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

38.     Defendants deny the allegations contained in Paragraph 38, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 38; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

39.    Defendants deny the allegations contained in Paragraph 39, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 39; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

40.    Defendants deny the allegations contained in Paragraph 40, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 40; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections

of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

41.     Defendants deny the allegations contained in Paragraph 41, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 41; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

42.     Defendants deny the allegations contained in Paragraph 42, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 42; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC

filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

43.    Defendants deny the allegations contained in Paragraph 43, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 43; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLC, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

44.    Defendants deny the allegations contained in Paragraph 44, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 44; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their

contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLC and Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

45.     Defendants deny the allegations contained in Paragraph 45, except (i) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 45; (ii) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that affiliates of Anadarko filed certain Memoranda of Oil and Gas Lease with the Clerk of Laramie County, Wyoming, and refer to those filings for their contents; (iv) admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLC and Gas 5, and refer to those agreements for their contents; and (v) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents.

46.     Defendants admit the allegations contained in Paragraph 46.

47.     Defendants deny the allegations contained in Paragraph 47, except admit that Anadarko Petroleum Corporation is a Delaware corporation, and that, prior to its merger with Occidental Petroleum Corporation, Anadarko Petroleum Corporation had its principal place of

business at 1201 Lake Robbins Drive, The Woodlands, Texas, was among the world's largest

independent exploration and production companies, with approximately 1.5 billion barrels of oil

equivalent and proved reserves as of December 31, 2018, and owned cash-generating

conventional oil developments in the Gulf of Mexico, Algeria and Ghana, with a large inventory

of significant and proven high-growth unconventional resources in the United States onshore.

Defendants further admit that Anadarko Land Corp. owns fee mineral interests underlying

certain parts of the Niobrara and Codell geological formations within certain odd-numbered

sections of land in Laramie County, Wyoming, generally east of Cheyenne.

      48.      Defendants admit the allegations contained in Paragraph 48.

      49.      Defendants admit the allegations contained in Paragraph 49.

      50.      Defendants deny the allegations contained in Paragraph 50, except (i) state that

the allegation that Gas 5 was and is not authorized to do business in Wyoming purports to state a

legal conclusion as to which no response is required; (ii) admit that Gas 5 is a Delaware limited

liability company; and (iii) admit that Anadarko Land Corp. entered into certain lease

agreements with Gas 5, and refer to those agreements for their contents.

      51.      Defendants deny the allegations contained in Paragraph 51, except (i) state that

they are without knowledge or information sufficient to form a belief as to the truth of the

allegations regarding individuals and entities other than Defendants; (ii) admit that Anadarko

Petroleum Corporation is an oil and gas exploration and production company; and (iii) admit that

Anadarko Petroleum Corporation held, and Occidental Petroleum Corporation holds, indirectly,

a majority interest in an entity that operates certain midstream assets.

      52.      Defendants state that the allegations contained in Paragraph 52 do not contain

factual allegations as to which a response is required.

53.     Defendants state that the allegations contained in Paragraph 53 purport to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 53, except admit that Plaintiffs, on behalf of themselves and putative class members, purport to bring this action under Federal Rule of Civil Procedure 23.

54.     Defendants state that the allegation contained in Paragraph 54 regarding the practicality of joinder purports to state a legal conclusion as to which no response is required. Defendants deny the remaining allegations contained in Paragraph 54, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' knowledge or beliefs.

55.     Defendants state that the allegation contained in Paragraph 55 that Plaintiffs and putative class members were damaged by Defendants' actions purports to state a legal conclusion as to which no response is required.  To the extent a response is required, Defendants deny this allegation contained in Paragraph 55.  Defendants deny the remaining allegations contained in Paragraph 55, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' forthcoming motion seeking class certification.

56.     Defendants state that the allegations contained in Paragraph 56 purport to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57.     Defendants state that the allegations contained in Paragraph 57 purport to state legal conclusions as to which no response is required.  To the extent a response is required,

Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58.     Defendants state that the allegations contained in Paragraph 58 purport to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 58.

59.     Defendants state that the allegations contained in Paragraph 59 purport to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 59.

60.     Defendants state that the allegations contained in Paragraph 60 purport to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 60.

61.     Defendants state that the allegations contained in Paragraph 61 purport to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 61.

62.     Defendants state that the allegations contained in Paragraph 62 purport to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 62, except (i) admit that certain parts of the Niobrara and Codell geological formations are present in certain parts of Laramie County, Wyoming, generally east of Cheyenne; (ii) admit that Wyoming, Colorado and Nebraska have regulatory regimes that apply to certain oil and gas activities within their respective states; and (iii) admit that certain parts of Laramie County, Wyoming are east of the eastern border of Range 67W.

63.     Defendants state that the allegations contained in Paragraph 63 purport to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 63, except (i) admit that Anadarko Land Corp. holds certain mineral interests within certain parts of the Niobrara and Codell geological formations in Laramie County, Wyoming, generally east of Cheyenne, and entered into certain lease agreements pertaining to certain of those mineral interests; (ii) admit that Anadarko Petroleum Corporation is an oil and gas exploration and production company engaged in the development of hydrocarbon minerals, including in Laramie County, Wyoming during the Class Period; (iii) admit that affiliates of Anadarko Petroleum Corporation entered into hydrocarbon mineral leases in Laramie County, Wyoming; and (iv) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding individuals or entities other than Defendants.

64.     Defendants state that the allegations contained in Paragraph 64 purport to state legal conclusions as to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 64.

65.     Defendants deny the allegations contained in Paragraph 65, except (i) admit that Anadarko Land Corp. owns fee mineral interests underlying certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (ii) admit that Defendants do not own any substantial mineral interests underlying any even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that Anadarko Petroleum Corporation acquired the fee mineral interests held by Anadarko Land Corp. by way of Anadarko Petroleum Corporation's acquisition of Union Pacific Resources Group Inc.; (iv) admit, upon information and belief, that

Union Pacific Resources Group Inc. acquired those interests from its former parent corporation, Union Pacific Railroad Corporation, which, upon information and belief, acquired those interests by way of land grants from the United States Government pursuant to U.S. statute; (v) refer to the relevant statutory provisions for their contents; and (vi) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second and third sentences of Paragraph 65 regarding the purported intent of Congress.  Defendants further state that the allegation contained in the sixth sentence of Paragraph 65 regarding the requirements under Wyoming law purports to state a legal conclusion as to which no response is required; to the extent a response is required, Defendants refer to the law cited therein for its contents.

66.     Defendants deny the allegations contained in Paragraph 66, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' beliefs.

67.     Defendants deny the allegations contained in Paragraph 67, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property rights are owned by Plaintiffs or putative class members.

68.     Defendants state that the allegations contained in the first sentence of Paragraph 68 do not allege facts specifically pertaining to Defendants and further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding individuals or entities other than Defendants.  To the extent a further response is required, Defendants deny the allegations contained in Paragraph 68, except (i) admit, upon information and belief, that there has been oil and gas development in certain sections of Laramie County, Wyoming; (ii) admit that a method of drilling for oil and gas may involve

drilling to a certain depth vertically and then a certain distance horizontally, and that this method may be referred to as "two-mile horizontal drilling"; and (iii) admit that oil and gas drilling in Wyoming, including "two-mile horizontal drilling," is regulated by Wyoming law, and refer to the applicable Wyoming statutes and regulations for their contents, including as to permitting requirements under Wyoming law.

69.     Defendants state that the allegations contained in the first sentence of Paragraph 69 do not allege facts specifically pertaining to Defendants and further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding individuals or entities other than Defendants.  Defendants further state that the allegations contained in the second sentence of Paragraph 69 purport to state legal conclusions as to which no response is required.  To the extent a further response is required, Defendants deny the allegations contained in Paragraph 69, except admit that oil and gas drilling in Wyoming, including "two-mile horizontal drilling," is regulated by Wyoming law, and refer to the applicable Wyoming statutes and regulations for their contents, including as to permitting requirements under Wyoming law.  Defendants further state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 69 regarding Plaintiffs' beliefs.

70.     Defendants deny the allegations contained in Paragraph 70.

71.     Defendants deny the allegations contained in Paragraph 71, except admit that Anadarko Land Corp. entered into certain lease agreements with Anadarko E&P Onshore LLC, Gas 1 and Gas 5, and refer to those agreements for their contents.

72.     Defendants deny the allegations contained in Paragraph 72.

73.     Defendants deny the allegations contained in Paragraph 73, except admit that Defendants do not own any substantial mineral interests underlying any even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to the lease agreements between Anadarko Land Corp. and Anadarko E&P Onshore LLC, Gas 1 and Gas 5 for their contents.

74.     Defendants deny the allegations contained in Paragraph 74, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

75.     Defendants deny the allegations contained in Paragraph 75, except (i) admit that Anadarko Land Corp. owns fee mineral interests underlying certain parts of the Niobrara and Codell geological formations within certain odd-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (ii) admit that Defendants do not own any substantial mineral interests underlying any even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne; (iii) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations present in certain odd- and even-numbered sections of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents; and (iv) state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

76.     Defendants deny the allegations contained in Paragraph 76.

77.     Defendants deny the allegations contained in Paragraph 77, except (i) admit that Anadarko E&P Onshore LLC filed with the WOGCC certain APDs in certain parts of the Niobrara and Codell geological formations underlying certain odd- and even-numbered sections

of land in Laramie County, Wyoming, generally east of Cheyenne, and refer to those APDs for their contents; and (ii) admit that drilling permits confer certain rights on their holders under Wyoming law, and refer to the applicable Wyoming statutes and regulations for their contents.

78.     Defendants deny the allegations contained in Paragraph 78, except admit that (i) Defendants have not drilled a production well in Laramie County since 2013; (ii) admit that Defendants did not operate a drilling rig in Laramie County during the Class Period; and (iii) admit that Defendants have not drilled a two-mile horizontal well in Laramie County.

79.     Defendants deny the allegations contained in Paragraph 79.

80.     Defendants deny the allegations contained in Paragraph 80, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

81.     Defendants deny the allegations contained in Paragraph 81.

82.     Defendants incorporate their responses to Paragraphs 1-81 as though fully stated herein.  Defendants further state that the second and third sentences of Paragraph 82 purport to state legal conclusions as to which no response is required and refer to the pertinent statutes and judicial opinions for their contents.

83.     Defendants deny the allegations contained in Paragraph 83, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

84.     Defendants deny the allegations contained in Paragraph 84.

85.     Defendants deny the allegations contained in Paragraph 85, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

86.     Defendants deny the allegations contained in Paragraph 86, except admit that Plaintiffs, on behalf of themselves and putative class members, purport to seek damages and costs under Section 4 of the Clayton Act, 15 U.S.C. § 15, but deny that Plaintiffs are entitled to any such relief.

87.     Defendants incorporate their responses to Paragraphs 1-86 as though fully stated herein.

88.     Defendants deny the allegations contained in Paragraph 88.

89.     Defendants deny the allegations contained in Paragraph 89, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

90.     Defendants deny the allegations contained in Paragraph 90, except admit that Plaintiffs, on behalf of themselves and putative class members, purport to seek damages and costs under Section 4 of the Clayton Act, 15 U.S.C. § 15, but deny that Plaintiffs are entitled to any such relief.

91.     Defendants incorporate their responses to Paragraphs 1-91 as though fully stated herein.

92.     Defendants deny the allegations contained in Paragraph 92, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

93.     Defendants deny the allegations contained in Paragraph 93, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

94.     Defendants deny the allegations contained in Paragraph 94.

95.     Defendants deny the allegations contained in Paragraph 95, except admit that Plaintiffs, on behalf of themselves and putative class members, purport to seek damages and costs under Wyoming law but deny that Plaintiffs are entitled to any such relief.

96.     Defendants incorporate their responses to Paragraphs 1-95 as though fully stated herein.

97.     Defendants deny the allegations contained in Paragraph 97, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

98.     Defendants deny the allegations contained in Paragraph 98, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

99.     Defendants deny the allegations contained in Paragraph 99.

100.    Defendants deny the allegations contained in Paragraph 100, except admit that Plaintiffs, on behalf of themselves and putative class members, purport to seek damages and costs under Wyoming law, but deny that Plaintiffs are entitled to any such relief.

101.    Defendants incorporate their responses to Paragraphs 1-100 as though fully stated herein.

102.    Defendants deny the allegations contained in Paragraph 102, except admit that Plaintiffs, on behalf of themselves and putative class members, purport to seek damages and costs under Wyoming law, but deny that Plaintiffs are entitled to any such relief.

103.    Defendants deny the allegations contained in Paragraph 103, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

104.     Defendants deny the allegations contained in Paragraph 104.

105.     Defendants deny the allegations contained in Paragraph 105, except state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property interests are owned by Plaintiffs or putative class members.

106.     Defendants deny the allegations contained in Paragraph 106.

107.     Defendants deny the allegations contained in Paragraph 107, except admit that Plaintiffs, on behalf of themselves and putative class members, purport to seek damages and costs under Wyoming law, but deny that Plaintiffs are entitled to any such relief.

## GENERAL DENIALS

Except as otherwise expressly admitted in Paragraphs 1 through 107 above, Defendants deny each and every allegation contained in Paragraphs 1 through 107 of the Second Amended Complaint, including, without limitation, the headings and subheadings contained in the Second Amended Complaint, and specifically deny liability to Plaintiffs, or that Plaintiffs have suffered any legally cognizable injury or damages for which Defendants are responsible. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, allegations contained in the Complaint to which no responsive pleading is required shall be deemed denied.  Defendants expressly reserve the right to amend and/or supplement their answer.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses.  In asserting those defenses, Defendants do not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiffs.  Defendants reserve their right to assert any additional defenses, counterclaims, cross claims and third-party claims not asserted herein of which they become aware through discovery or other investigation, and will amend their answer accordingly.

**FIRST DEFENSE**

Plaintiffs failed to mitigate any damages that they may have suffered.

**SECOND DEFENSE**

Plaintiffs' claims are barred because Defendants had legitimate business justifications for the conduct at issue, Defendants' conduct was pro-competitive, and Defendants' practices were and are reasonably justified.

**THIRD DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the state action doctrine, and equivalent immunities under Wyoming law, as well as the Court's order denying Defendants' motion to dismiss the original Complaint, which stated that Defendants are immunized under the state action doctrine to the extent Plaintiffs' monopoly claims rely on Defendants' acquisition of permits to drill under applicable Wyoming law.  (*See* Doc. 31 at 10.)

**FOURTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the *Noerr-Pennington* doctrine, and equivalent immunities under Wyoming law.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

Dismissing with prejudice Plaintiffs' Second Amended Complaint in its entirety; and

For such other and further relief as this Court deems just and proper, including, but not limited to, costs and reasonable attorneys' fees incurred by Defendants in defending this action.

DATED this 10th day of September 2021.

Respectfully submitted,

*/s/ Walter F. Eggers, III*

Matt J. Micheli, P.C. (WSB #6-3839)
Walter F. Eggers, III, P.C. (WSB #6-3150)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone:  (307) 778-4200
mjmicheli@hollandhart.com
weggers@hollandhart.com

Benjamin Gruenstein (admitted *pro hac vice*)
Samantha Hall (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
bgruenstein@cravath.com
shall@cravath.com

ATTORNEYS FOR DEFENDANTS
OCCIDENTAL PETROLEUM CORPORATION,
ANADARKO PETROLEUM CORPORATION,
ANADARKO E&P ONSHORE LLC, ANADARKO
OIL & GAS 5 LLC AND ANADARKO LAND
CORP.