Benjamin Gruenstein (admitted *pro hac vice*)
Samantha Hall (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone: (212) 474-1000
bgruenstein@cravath.com
shall@cravath.com

ATTORNEYS FOR DEFENDANTS OCCIDENTAL
PETROLEUM CORPORATION, ANADARKO PETROLEUM
CORPORATION, ANADARKO E&P ONSHORE LLC,
ANADARKO OIL & GAS 5 LLC AND ANADARKO LAND CORP.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Anita C. Deselms, as Trustee of the Anita C. Deselms Living Trust and for all similarly situated persons; Rabou Resources, LLC through its manager, Ron Rabou, for itself and for all similarly situated persons; *et al.*,<br><br>          Plaintiffs,<br><br>vs.<br><br>Occidental Petroleum Corporation; Anadarko Petroleum Corporation; Anadarko E&P Onshore, LLC; Anadarko Oil & Gas 5, LLC; Anadarko Land Corp; and Doe defendants Nos. 1-10,<br><br>          Defendants. | Case No. 19-CV-243-NDF<br>Transferred 21-MC-175-NDF |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER GRANTING HELIS OIL & GAS COMPANY'S MOTION TO QUASH**

Magistrate Judge Rankin granted Helis Oil & Gas Company, LLC's ("Helis") Motion to Quash based on his finding that Defendants' subpoena "impose[d] an undue burden on Helis and, intertwined with that burden, require[d] the disclosure of confidential commercial information". (Order at 6.) As Defendants have demonstrated in their Motion for Reconsideration ("Defs.' Mot. for Reconsideration"), the Magistrate Judge's Order ("Order") was clearly erroneous for three reasons: (1) it accepted Helis' contention that complying with Defendants' subpoena would disrupt Helis' office operations for three weeks, despite the fact that Helis' three-week estimate was based on its own overbroad interpretation of the subpoena—which the Magistrate Judge recognized that Defendants rejected; (2) it found that Defendants do not need to subpoena Helis for the information because Defendants can get the information from other sources, which they cannot; and (3) it ruled that the protective order in the underlying case—which explicitly protects confidential information produced by non-parties—does not apply to Helis, and regardless is insufficient to protect Helis' confidential information given the small oil and gas bar in Wyoming.

In its Response in Opposition to Defendants' Motion for Reconsideration ("Helis Opp'n"), Helis fails to rebut any of these claims of error, instead mischaracterizing the basis for the Magistrate Judge's decision, ignoring Defendants' clear need for competitor information in an antitrust case and putting forward additional, but still inapposite, case law to support its erroneous view that the protective order entered in this case is inadequate to protect non-party confidential information.

*First*, Helis defends the Order's finding that the subpoena "would disrupt [Helis'] Montana office operations for three weeks" (Order at 9), by arguing that "the Subpoena is not limited to specific documents . . . that might reflect the commercial terms Defendants seek"

(Helis' Opp'n at 5, ECF. No. 96), despite Defendants' repeated insistence that those are the only documents they have requested and expect to obtain. Helis claims that the Order agreed with *its* reading of the subpoena and thus the Order's finding of burden was justified. (Helis Opp'n at 5 ("As the Magistrate Judge understood, Helis' evaluation of the effort it would take to comply with the Subpoena was not based on an 'interpretation,' but on an application of the Subpoena's plain language.").) But Helis gets it precisely backwards. The Order made clear that despite Helis' insistence that the subpoena seeks "virtually every record that Helis generates" (Helis Mot. to Quash at 4, ECF. No. 62), "Defendants have clarified they do not seek documents outside of what Helis maintains in its individual lease files" (Order at 8). And that is why the Order's finding of burden is clearly erroneous: despite construing the subpoena to be far more limited than Helis has, the Magistrate Judge continued to accept Helis' clearly inflated estimate that it would take three weeks to gather the responsive documents—an estimate that Helis calculated based on its incorrect reading of the subpoena. (*See* Defs.' Mot. for Reconsideration at 5 & n.7, ECF No. 83.)

Defendants have made clear—in meet-and-confers with Helis, through letters provided to the Magistrate Judge as exhibits to the original briefing, and now in the Motion for Reconsideration briefing—that they seek only the key commercial terms of Helis' leases in the relevant market, in whatever format is least burdensome for Helis. Other developers have complied with the same request in a matter of days, and with no apparent burden. To the extent Helis does not have personnel to scan the relevant lease files, Defendants will pay for a copy service, as it has done for another non-party. The subpoena is not unduly burdensome, and the Court should reverse the Order's finding on burden.

*Second*, Helis reiterates the arguments from its Motion to Quash that Defendants could obtain the requested information from other sources, without engaging with Defendants' arguments that this is an antitrust case and Defendants need information about competitor lease rates that only their competitors can provide. In their opening brief, Defendants explained in detail why they cannot obtain the information from other sources and why, in an antitrust case, competitor information (here, the commercial terms of leases) goes to the heart of the parties' claims and defenses. (*See* Defs.' Mot. for Reconsideration at 6–7.) In its opposition, Helis continues to list the other sources from which it believes Defendants could obtain some (but not nearly all) of the requested information. For example, Helis reiterates its position that Defendants could get the information from "publicly recorded leases". (Helis Opp'n at 7.) But Defendants simply cannot obtain the commercial terms of the leases—the very information Helis claims is so sensitive that the subpoena must be quashed—from public data.

Helis also fails to acknowledge the particular relevance of competitor information in an antitrust case, citing case law from two breach of contract cases for the proposition that Defendants could use expert testimony to present information on the value of leases at a particular time. (*See* Helis Opp'n at 7–9.) Again, given how proprietary Helis claims this information is, there is no expert who could opine on the commercial terms of leases in the relevant market without actually obtaining the data from Helis and other competitors. Because Defendants cannot obtain the requested information elsewhere, the Order's finding that "Defendants do not need the documents from Helis" (Order at 7) is clearly erroneous.

*Third*, Helis cannot defend the Order's determination that the protective order entered by this Court is insufficient to protect non-party information. As Defendants demonstrated in their opening brief, this aspect of the Order is contrary to the law of this Circuit,

3

]

where "courts routinely deny motions to quash subpoenas seeking confidential material when there is a protective order already in place that will pre[v]ent the issuing party from misusing the information". *Lawson v. Spirit AeroSystems, Inc.*, No. 18-1100-EFM-ADM, 2020 WL 243598, at *6 (D. Kan. Jan. 16, 2020). In opposition, Helis now relies on the general proposition in cases having nothing to do with protective orders that "'judgments and decrees are binding only upon parties and privies'" (Helis Opp'n at 9 (quoting *Hollingsworth v. Barbour*, 29 U.S. 466, 475 (1830))). That caselaw has no bearing on this situation, where the protective order does not seek to "bind" non-parties but rather to protect their confidential information produced in connection with the litigation. And surely it should not be used to undermine clear law in this Circuit upholding the applicability of protective orders to non-parties. *See, e.g.*, *Mylan Inc. v. Analysis Grp., Inc.*, No. 18-mc-209-DDC-TJJ, 2018 WL 4063496, at *5 (D. Kan. Aug. 27, 2018) ("Under the protective order, [the non-party's] competitors will not have access to [the non-party's] documents, and [the non-party] may designate a level of confidentiality that provides additional protection. Accordingly, the Court rejects [the non-party's] argument that the requested documents are shielded from discovery by virtue of Rule 45(d)(3)(B)(i).").)

Helis also argued in its reply brief in support of its Motion to Quash that the protective order was insufficient because "[s]ome of Plaintiffs' counsel in this case . . . represent landowners in Laramie County with whom Helis has recently negotiated" and "[i]t is not reasonable to expect that if a landowner's attorney knows what Helis has paid for development rights in the field, that attorney could 'forget' that information when negotiating with both Helis and Helis' competitors". (Helis Reply in Supp. of Mot. to Quash at 5, ECF No. 66.) The declaration in support of Helis' reply brief listed Plaintiffs' counsel as an "illustrative example" of the problem. (Decl. of Roxanne Simpson ¶ 7, ECF No. 67-1.) The Order agreed with Helis,

4

concluding that at least in part because of the "small nature of the Wyoming bar and oil industry", "disclosure would compromise Helis' competitive interests". (Order at 10–11.) Helis argues now that it and the Magistrate Judge did not "raise[] any concern about counsel for any party in this lawsuit . . . *violating* the protective order in this case." (Helis Opp'n at 10.) But even if Helis' concern was simply that Plaintiffs' counsel would exploit this competitive information for the benefit of other clients (which is frankly hard to imagine without an actual violation of the protective order), Defendants cannot be deprived of information to which they are entitled because of Plaintiffs' choice of counsel. Unsurprisingly, Plaintiffs have strongly objected to this portion of the Order in a pending motion to quash one of their own subpoenas brought by another non-party, which relies heavily on the Order at issue here. (*See* Pls.' Opp'n to EOG's Mot. to Quash at 5, ECF No. 84 (noting the suggestion that "Wyoming lawyers cannot be trusted to follow Court orders" is "a claim that is inaccurate and one that should be explicitly reproached").)

\* \* \*

Because Helis does not meaningfully address Defendants' arguments as to why the Order is clearly erroneous and contrary to law, Defendants respectfully request that the Court reconsider and reverse the Order.

Dated:  September 27, 2021

/s/ Benjamin Gruenstein
Benjamin Gruenstein (admitted *pro hac vice*)
Samantha Hall (admitted *pro hac vice*)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Telephone:  (212) 474-1000
bgruenstein@cravath.com
shall@cravath.com

*Attorneys for Defendants Occidental Petroleum Corporation, Anadarko Petroleum Corporation, Anadarko E&P Onshore LLC, Anadarko Oil & Gas 5 LLC and Anadarko Land Corp.*