

Kathy D. Patrick
Partner
kpatrick@gibbsbruns.com
713.751.5253

May 7, 2024

***Via CM/ECF***
Hon. Kelly H. Rankin
United States District Court
  for the District of Wyoming
2120 Capitol Avenue
Cheyenne, WY 82001

> Re:  May 9, 2024 Scheduling Conference in Case No. 19-CV-0243-F; *Black v. Occidental Petroleum Corporation, et al.,* In the United States District Court for the District of Wyoming

Dear Judge Rankin:

In anticipation of Thursday's conference, below are the items on which the Defendants request the Court's guidance at the conference.

### *Pre-Trial Deadlines & Scheduling Conference*

On April 26, 2024, the Parties submitted and are operating in reliance on a Joint Motion for Amended Scheduling Order (ECF 366).  The Amended Scheduling Order pushes back certain intermediate, pre-trial deadlines and adds a couple of additional deadlines not previously agreed to in the prior Scheduling Order (ECF 305). One open matter concerns the date for the final Pre-Trial Conference, which must be set to be after the Pre-Trial Order is due (June 21, 2024).

We will be available to discuss any questions the Court has regarding the Amended Scheduling Order, as well as our availability for a Pre-Trial Conference at the Court's convenience.  The original Scheduling Order included several pages with detailed guidance on Judge Freudenthal's preferred methods for submitting and formatting the pre-trial submissions. *See* ECF 305 at pp. 4-10.  We would appreciate guidance on whether the Court would prefer the Parties to follow these previously included instructions or whether the Court has its own instructions for these issues to which it would prefer the Parties to adhere.

### *August 12, 2024 Trial Date*

Prior to transferring the case, Judge Freudenthal scheduled this trial to begin on August 12, 2024.  *See* ECF 305.  The Parties are operating on the assumption that the Court has availability for this previously scheduled trial date.  We would like to confirm this with the Court. If that date is not available, we will be prepared to discuss alternate dates that fit the Court's schedule at the conference.

Hon. Kelly H. Rankin
May 7, 2024
Page 2

### *The Allegedly Relevant Market Under the Summary Judgment Ruling*

Before this case was transferred to Your Honor, Judge Freudenthal denied Defendants' and Plaintiffs' respective Motions for Summary Judgment. *See* ECF 362.

An important issue resolved by that Order was the relevant antitrust market the Plaintiffs will be permitted to submit to the jury for decision. Judge Freudenthal ruled that the only relevant market that would proceed to trial is the one pleaded in Plaintiffs' operative Second Amended Complaint: all acreage in "eastern Laramie County where oil and/or gas is reasonably producible from the Niobrara and Codell geologic formations." ECF 362 at 11. In reaching this decision, Judge Freudenthal recognized but rejected alternative market definitions Plaintiffs had proposed, which sought to suggest there were either hundreds of individualized markets consisting of one-mile sections of acreage adjacent to sections with Anadarko minerals, or that these individualized markets could be grouped together into markets consisting only of unleased acreage that abutted Anadarko acreage. *See* ECF 335 at pp. 18-32.

The relevant excerpt from the Order is below:

> In this case, Plaintiffs argue Anadarko monopsonized competition in the mineral leasing market in the area of eastern Laramie County where oil and/or gas is reasonably producible from the Niobrara and Codell geologic formations, by imposing a restraint on input markets (*i.e.*, Anadarko's 30% intracompany leases in the north/south-oriented two-section Drilling and Spacing Units). For class certification purposes and focusing on the legal issue before the court, this Court previously identified these two formations in eastern Laramie County as the terrain in which competition for mineral leases takes place (*i.e.*, the geographic market). ECF 31, at 19; *see Buccaneer Energy (USA) Inc. v. Gunnison Energy Corp.*, 846 F.3d 1297, 1312 (10th Cir. 2017).

ECF 362 at 11. The Court reiterated it is *this* alleged market (*i.e.*, reasonably producible acreage in "eastern Laramie County") and not any narrower grouping of "1-mile section 'markets'" on which Plaintiffs survived summary judgment.

Hon. Kelly H. Rankin
May 7, 2024
Page 3

> Next, Anadarko argues the grouping of 1-mile section "markets" is circular and impermissible, in that it arrives at a definition of the relevant market by proximity to Anadarko minerals so that it covers only the practice complained of. This argument is unpersuasive as it ignores the relevant market alleged by Plaintiffs and as noted above, which is the mineral leasing market in the area of eastern Laramie County where oil and/or gas is reasonably producible from the Niobrara and Codell geologic formations. The aggregation of land into the two identified product groups for analysis purposes does not change the definition of relevant market, nor does it render the approach taken by Dr. Wickelgren circular or impermissible as a matter of law.

ECF 362 at 13-14.

While Defendants continue to maintain that even eastern Laramie County is too narrow to be economically significant and, in any event, artificially ignores reasonably interchangeable areas, enforcement of this Order is a crucial, pretrial point: "Eastern Laramie County" *is* the *only* market theory that survived Defendants' motion for summary judgment. Accordingly, it is the only market Plaintiffs are entitled to argue at trial; it is the only relevant market in which Plaintiffs are entitled to attempt to prove monopsony power; and it is the relevant market in which Plaintiffs must show they suffered antitrust injury.

The Order's decision on the relevant product and geographic markets is germane to the upcoming pre-trial submissions—including the exhibit lists, jury instructions, and motions in limine. We therefore ask the Court to confirm at the conference that this is the only market that will be tried.

If Plaintiffs attempt or intend at trial to assert a different antitrust market than the one decided in the Order, it would be a market theory they did not plead and one they did *not* demonstrate raised a genuine issue of fact for trial. Allowing a revision of the relevant market during trial would therefore be a surprise and unfairly prejudicial to Defendants. Indeed, an attempt to alter the legal theories that survived our Motion for Summary Judgment would, in our view, require the Court to reconsider Judge Freudenthal's previous denial of that Motion.

### *Outstanding Plaintiffs' Discovery Responses*

Finally, while this issue may resolve itself before Thursday, we flag another issue of potentially unfair surprise that is outstanding.

In responding to Defendants' First Set of Requests for Admission and Supplemental Interrogatories (served October 20, 2023), Plaintiffs claimed that responding on behalf of all Named Plaintiffs was too burdensome. The Parties then struck an agreement that Plaintiffs would

Hon. Kelly H. Rankin
May 7, 2024
Page 4

initially respond solely on behalf of the Class Representatives, but would, on the date the initial witness lists were exchanged, provide supplemental responses on behalf of any other Plaintiffs who appeared on Plaintiffs' initial trial witness list.

Plaintiffs' initial witness list included six additional Plaintiffs who are not class representatives, but Plaintiffs' counsel did not provide supplemental discovery responses for those individuals at that time.  When prompted, Plaintiffs' counsel at first disputed the prior agreement before relenting, and on April 1, 2024, agreed to provide the supplemental responses "by the end of week—or the beginning of the following."  It is now May 7, 2024. We still have not received the supplemental discovery responses from the Plaintiffs on Plaintiffs' initial witness list.  We have followed up with Plaintiffs' counsel repeatedly on this issue, and to the extent these materials are not provided to Defendants by the time of our Scheduling Conference, will request that the Court either instruct Plaintiffs' counsel to provide them immediately or, in the alternative, bar those witnesses from testifying at trial.

We look forward to discussing these issues and any other issues raised by the Court at the May 9, 2024 conference.

Respectfully submitted,

Kathy D. Patrick

cc:     All counsel of record