

**FILED**

*1:52 pm, 7/29/24*

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

ANITA C. DESELMS, et al.,

      Plaintiffs,

v.

OCCIDENTAL PETROLEUM
CORPORATION, et al.,

      Defendants.

Case No.  19-CV-243-KHR

---

## ORDER ON MOTIONS *IN LIMINE*

---

This matter comes before the Court on Plaintiffs' Motions *in Limine* [ECF No. 385] and Defendants' Motions *in Limine* [ECF No. 386]. Both parties have filed their respective responses to each. [ECF Nos. 388, 390]. Having reviewed the filings, the Court FINDS:

### STANDARD OF REVIEW

A motion *in limine* is "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial." *Edens v. The Netherlands Ins. Co.*, 834 F.3d 1116, 1130 (10th Cir. 2016) (internal citation omitted). Although the Federal Rules of Evidence do not explicitly authorize an *in limine* ruling, the Supreme Court has held that trial judges are authorized to rule on motions *in limine* pursuant to their inherent authority to manage the course of trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Trial courts possess considerable discretion in determining conduct of trial, including orderly presentation of

evidence—even evidence which is relevant may be excluded in order to promote administration of judicial process. *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir. 1987) (internal citations omitted).

**DISCUSSION**

**A.    *Defendants' Motions* in Limine *(ECF No. 386)***

      1.    Unpleaded Geographic Markets

In advancing this request, Defendants point to their Motion *in Limine* to Clarify the Geographic Market to Be Sumitted [*sic*] to the Jury and, in the Alternative, Motion for Partial Judgment on the Pleadings. [ECF No. 386, at 2] (citing [ECF No. 375]). Plaintiffs' Response has been filed. [ECF No. 383]. The Court addresses this motion *in limine* through a separate Order. *See* [ECF No. 408].

      2.    Anticompetitive Intent or Effect of Immunized Permitting Activity

Evidence or argument regarding the anticompetitive intent or effect of Defendants' immunized permitting activity is precluded. A motion *in limine* precluding presentation of evidence related to claims dismissed on summary judgment may be appropriate. *See Allan v. Springville City*, 388 F.3d 1331, 1335 (10th Cir. 2004); *see also Dixon v. Oklahoma ex rel. Reg'l Univ. Sys. of Okla. Bd. of Regents*, 2023 WL 3898736, *2 (E.D. Okla. June 8, 2023). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. However, relevant evidence is admissible unless the U.S. Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court, provide otherwise. Fed. R. Evid. 402. Yet, a court may exclude

otherwise relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.

Defendants seek a motion *in limine* precluding parties from introducing evidence and arguments regarding the anticompetitive intent or effect of the former's permitting activities as irrelevant and creating unfair prejudicial effect. [ECF No. 386, at 2]. In support, they point to the Court's previous Order on summary judgment that Defendants' applications for spacing units and drilling permits, as well as the resulting possession, use, and effect of those rights granted by Wyoming, were covered by state-action immunity. *Id.* (quoting [ECF No. 362]).

In response, Plaintiffs argue that the issue of whether Defendants enjoy state-action immunity for conduct arising under state antitrust law remains an open question of law. [ECF No. 388, at 2]. In their view, the Court's Order on summary judgment "expressly declined to rule upon this issue." *Id.* (quoting [ECF No. 362, at 7]). Accordingly, they argue, "evidence and argument regarding the anticompetitive intent and effect of Defendants' permitting activities is relevant and admissible to prove Plaintiffs' claims under Wyoming law." [ECF No. 388, at 2] (citing Fed. R. Evid. 402, 403).

The Court agrees with Defendants. Although Plaintiffs suggest that the Court did not explicitly address whether Defendants enjoy state-action immunity for the entirety of the former's state law claims, this misses the point. Insofar as relates to Defendants' permitting activities, the Court previously ruled that they enjoy state-action immunity. *See* [ECF No. 362, at 5–6]. The upshot of this ruling being that such permitting activities are

outside the ambit of Plaintiffs' state antitrust claims. *Id.* ("Therefore, as this Court previously held, [Defendants] cannot be held liable for applying for or possessing the rights granted by the State . . . . [Defendants are] not liable for possessing and using all authorized rights granted by the State pursuant to a comprehensive regulatory scheme adopted by the [Wyoming Oil and Gas Conservation Commission], and for which that particular State actor would be immunized."). As a result, anticompetitive intent or effect regarding these immunized activities is plainly irrelevant to Plaintiffs' remaining state antitrust claims. Fed. R. Evid. 401. Injecting questions of intent or effect derived from immunized conduct creates an unfair danger of prejudicial effect in confusing the issues presented to the jury that far outweigh any probative value. Fed. R. Evid. 403. Accordingly, the Court GRANTS Defendants' motion *in limine* to preclude evidence or argument regarding anticompetitive intent or effect of their immunized permitting activity.

3.  Permitting Activities as a Violation of Wyoming Antitrust Law

For the same reasons and rules as above, parties are precluded from arguing or offering evidence to suggest that these permitting actions violated Wyoming antitrust law. However, although Defendants continue in arguing that W.S. § 40-4-101, as it existed during the Class Period, did not make unlawful the conduct of a single firm, the Court addresses that matter in a separate Order. *See* [ECF No. 407].

Minus this caveat, and based upon this Court's previous rulings, any arguments or evidence suggesting that Defendants' permitting actions violated Wyoming antitrust law falls under state-action immunity. *See* [ECF No. 362, at 5–6]. As a result, any such arguments or evidence would not establish a fact that would be "of consequence in

4

determining the action" and therefore irrelevant to the remaining questions for trial on Plaintiffs' state law claims. Fed. R. Evid. 401. Again, injecting evidence or argument regarding Defendants' permitting activities would create a danger of unfair prejudicial effect, far outweighing any probative value, by confusing the issues or misleading the jury. Fed. R. Evid. 403. Accordingly, insofar as it relates to Defendants' permitting activities and not otherwise addressed by the Court's separate Order on Wyoming state law claims, Defendants' motion *in limine* to preclude arguments or evidence suggesting permitting actions violated Wyoming antitrust law is GRANTED.

      4.    <u>"Secure Operatorship" as Inclusive of 30% Royalty Rates</u>

Parties are not prohibited from attempting to offer argument or evidence to suggest that Defendants' "Secure Operatorship" strategy associated with permitting activity also included the 30% royalty rate.

Defendants advance this motion *in limine* on the basis that "[i]t would mislead the jury and be unduly prejudicial to allow Plaintiffs to conflate the 'secure operatorship' strategy with [Defendants'] royalty rates, both because it would be inaccurate and because it would allow Plaintiffs an end-run around the Court's rulings prohibiting antitrust liability based on permitting activities." [ECF No. 386, at 5].

By contrast, Plaintiffs argue that this request is "foreclosed" by this Court's prior class certification ruling. [ECF No. 388, at 4]. As they recount, in granting immunity under *Parker v. Brown*, 317 U.S. 341 (1943), to Defendants' permitting activities, the Court explicitly stated that "[t]he effect of this holding does not limit Plaintiffs in 'telling the full

operatorship capture story' in order to place Anadarko's 30% intracompany lease actions in context." *Id.*; [ECF No. 220, at 18] (quotation).

The Court agrees with Plaintiffs. Notwithstanding Defendants' concerns under the Federal Rules of Evidence, this Court previously discussed the connections between Defendants' permitting activities and the 30% royalty leases. On one hand, Plaintiffs are apt to note that this Court restrained itself from precluding the former in discussing the operatorship capture program to contextualize the 30% royalty leases. [ECF No. 220, at 18]. While not a positive endorse of that narrative, the other hand being that the 30% royalty rates appear to be an important piece of Plaintiffs' narrative puzzle. The probative value of that piece is substantial. That value may be greatly increased upon proper contextualization through discussion of a "secure operatorship" or "capture program." Insofar as Plaintiffs are concerned that it would mislead the jury, that prejudicial effect does not substantially outweigh the probative value. Fed. R. Evid. 403. However, if such an issue persists, this may nonetheless be rectified by instruction. Accordingly, Defendants' motion *in limine* seeking to prohibit arguments or evidence connecting "Secure Operatorship" to 30% royalty rates is DENIED.

5.     Defendants' Leasing Practices Outside of Wyoming

Parties are precluded from introducing evidence or testimony regarding Defendants' leasing activities—but not decisions—outside of Wyoming. The Tenth Circuit has held that evidence of out-of-market conduct is generally inadmissible in antitrust cases. *See Shoppin' Bag of Pueblo, Inc. v. Dillon Companies, Inc.*, 783 F.2d 159, 165 (10th Cir. 1986); *Motive Parts Warehouse v. Facet Enters.*, 774 F.2d 380, 396–97 (10th Cir. 1985).

Defendants argue that, because the Tenth Circuit has held that evidence of out-of-market conduct is inadmissible in antitrust cases, as well as the fact that it is undisputed that Wyoming is the alleged relevant market, Plaintiffs should be precluded from introducing evidence or testimony regarding leasing activities and decisions beyond Wyoming. [ECF No. 386, at 5–6]. In their view, evidence regarding Defendants' leases taken outside of Wyoming is irrelevant to the issues raised by Plaintiffs. *Id.* at 6.

In Plaintiffs' view, such a request is overbroad and would wrongly exclude specific admissible exhibits that refer to leasing and other activities in Wyoming, as well as neighboring states such as Colorado and Utah. [ECF No. 388, at 4–5].

The Court strikes a balance between the parties. On one hand, Plaintiffs are apt to note that the requested order would be too broad. Given Defendants' interstate nature, precluding "decisions" taken by Defendants would effectively preclude evidence or testimony regarding decisions taken at Defendants' corporate headquarters, regional offices, and out-of-state agents or employees. On the other hand, Defendants are correct that the leasing activities outside of Wyoming are irrelevant to issues at hand, as such facts would not be "of consequence." Fed. R. Evid. 401. In line with the Tenth Circuit, the Court agrees that Plaintiffs should be precluded from introducing evidence or testimony regarding Defendants' out-of-state leasing activities. *See Shoppin' Bag of Pueblo*, 783 F.2d at 165; *Motive Parts Enters.*, 774 F.2d at 396–97. Accordingly, Defendants' motion *in limine* to preclude introduction of evidence or testimony regarding leasing activities and decisions outside of Wyoming is GRANTED IN PART and DENIED IN PART.

7

6.    <u>Third-Party, Out-of-Court Statements in Filings with the WOGCC</u>

The admissibility of third-party out-of-court statements in filings with the Wyoming Oil and Gas Conservation Commission (WOGCC) are not precluded but may be subject to objection at trial. Hearsay, as out-of-court statements offered for the truth of the matter asserted, is generally inadmissible unless an exception applies. Fed. R. Evid. 801, 802. However, a statement that would otherwise qualify as hearsay may also be admissible if offered for a proper purpose, such as to impeach a witness. *See, e.g.*, *United States v. Caraway*, 534 F.3d 1290, 1299 (10th Cir. 2008).

Defendants argue that Plaintiffs' exhibit list includes hearsay statements made by third parties in filings with the WOGCC, to which no exception applies. [ECF No. 386, at 6–7]. They continue that a pretrial ruling is crucial before a jury is impaneled, to prevent that jury from being "'poisoned' by opening-statement references to the expected offer of such inadmissible hearsay." *Id.* at 6 (citing *Proctor & Gamble Co. v. Haugen*, 2007).

Plaintiffs argue that such a request is either premature or waived and that, if need be, they can call Will Reese to lay the foundation for the challenged exhibit, regardless. [ECF No. 388, at 5–6].

The Court ultimately agrees with Plaintiffs that such a request is premature. Notwithstanding Defendants' hearsay objections, if Plaintiffs can lay a foundation at trial, that would obviate the need for an *in limine* ruling. As a result, and in the discretion of the Court, Defendants' request to preclude third-party filings with the WOGCC is DENIED WITHOUT PREJUDICE. Defendants may raise the issue during trial, at which point the Court will examine the merits and possible foundations.

7.    <u>Hearsay Statements Regarding Reasons for Not Leasing</u>

The parties are not prohibited, at this stage of litigation, from introducing alleged hearsay statements regarding reasons for not leasing. Defendants seek to bar introduction of nonparties' unsworn, out-of-court statements that they did not lease a plaintiff's minerals due to Defendants' practices or proximity on the basis of being inadmissible hearsay to which no exception applies. [ECF No. 386, at 7].

Plaintiffs respond in arguing that Defendants' vague references to prior statements provides "insufficient specificity" for the Court to rule on admissibility. [ECF No. 388, at 6]. As a result, they ask that the Court postpone ruling on such alleged statements until trial. *Id.*

The Court agrees with Plaintiffs. A ruling on the admissibility of certain statements without specifying or examining those statements would be premature, as there may be an alternative purpose for being offered into evidence. *See, e.g.*, *Caraway*, 534 F.3d at 1299. Lacking such specificity, the Court cannot rule on the admissibility of such statements. Accordingly, Defendants' request to prohibit introduction of alleged hearsay statements regarding reasons for not leasing is DENIED WITHOUT PREJUDICE.

8.    <u>Dollar Amounts Associated with Plaintiffs' Alleged Injuries</u>

Defendants seek to preclude any evidence or testimony regarding any dollar amounts that Plaintiffs claim to have lost as a result of Defendants' conduct as irrelevant. [ECF No. 386, at 7]. Plaintiffs do not oppose this request. [ECF No. 388, at 7]. Accordingly, Defendants' motion *in limine* is GRANTED. *See* Fed. R. Evid. 402.

9.     Impacts on Consumer Prices, Including Retail Gas Prices

Defendants next argue that, because Plaintiffs have allegedly offered "no evidence" that Defendants' leasing practices had an impact on consumer prices, they should be prohibited from suggesting to the jury that Defendants' allegedly anticompetitive conduct had the effect of raising consumer prices. [ECF No. 386, at 7–8]. In their view, retail prices are irrelevant to Plaintiffs' claims, and it would thus be prejudicial and improper to introduce such contentions at trial. *Id.*

Plaintiffs respond by first clarifying that they do not carry a burden of proving end-user impact. [ECF No. 388, at 7–8] (citing *Telecor Commc'ns, Inc. v. Southwestern Bell Tele. Co.*, 305 F.3d 1124, 1133–34 (10th Cir. 2002)). Nonetheless, they argue that Defendants' proposed order is "too narrow" and that taking into account societal harm is relevant to the aims of the Sherman Act. *Id.* (citing *Northern Pac. Ry. Co. v. United States*, 356 U.S. 1, 5 (1958)). In the alternative, they request that if Defendants' motion is granted, the Court adopts their proposal. *Id.*

The Court agrees with Defendants, albeit with Plaintiffs' proposed limitations. While Defendants may be correct that there is a lack of evidence regarding end-user impact, Plaintiffs are apt to note that this is not incumbent upon them to demonstrate. *See Telecor Commc'ns*, 305 F.3d at 1133–34. Nonetheless, the Court agrees that parties should be prohibited from offering evidence, eliciting testimony, or making any comment or argument that end-user or consumer impact is a relevant issue, so as not to prejudice Plaintiffs. Separately, given the relevance that societal harm has in relation to the Sherman Act, the Court will not preclude Plaintiffs from introducing evidence, testimony, or

10

argument that Defendants' alleged anticompetitive conduct harmed society or the community, albeit with the limitation that it must not be unduly prejudicial under Federal Rule of Evidence 403. Therefore, Defendants' motion *in limine* to preclude evidence, testimony, or argument regarding impacts on consumer prices, including retail gas prices is GRANTED IN PART.

10.    History or Intent of Wyoming Constitution and Statutes

Courts regularly prohibit expert testimony that is offered for the purpose of directing the jury's understanding of the legal standards upon which their verdict must be based. *See Specht v. Jensen*, 853 F.2d 805, 810 (10th Cir. 1988). This does not extend to a scenario in which an expert's testimony is on factual issues but does not define legal parameters themselves. *See, e.g.*, *Zuchel v. City & Cnty. of Denver, Colo.*, 997 F.2d 730, 742–43 (10th Cir. 1993). It is separately improper to call an expert for the purpose of transmitting otherwise inadmissible hearsay to the jury. *See United States v. Pablo*, 696 F.3d 1280, 1288 (10th Cir. 2012).

Defendants argue that any attempt by Plaintiffs to offer argument or evidence regarding the history and intent of Wyoming law—statutory and constitutional—is improper for two reasons. [ECF No. 386, at 8–9]. First, that it hijacks the role of the Court to do so. *Id.* Second, it is inadmissible hearsay being conveyed through an expert witness. *Id.* at 9.

In response, Plaintiffs first argue this is an improperly timed *Daubert* motion and that the purpose of their expert's testimony is not to instruct the jury on the meaning and intent of applicable law. [ECF No. 388, at 8]. Insofar as Defendants argue that it is

11

inadmissible hearsay, Plaintiffs retort that their expert's testimony is not offered to prove the truth of the matter asserted and that the basis for his testimony falls within the hearsay exception for authenticated ancient documents. *Id.* at 8–9 (citing Fed. R. Evid. 803(16)).

The Court largely agrees with Plaintiffs. Defendants' *Daubert*-based challenges are untimely and the deadline for such motions has passed. *See* [ECF No. 373, at 5]. As far as Defendants allege this is inadmissible hearsay, the Court agrees with Plaintiffs that Dr. Roberts's citation to the *Journal and Debates of the Wyoming Constitutional Convention*, dated 1993, plainly falls within the ancient documents hearsay exception and provides sufficient basis. Fed. R. Evid. 803(16). Nonetheless, while Plaintiffs argue that their expert's testimony is not offered "to advise the jury on the legal effect and intention of those who adopted Wyoming's Constitution," the Court agrees with Defendants that Dr. Roberts's testimony should be limited to the *intent* of Wyoming law, rather than the effect. Accordingly, Defendants' motion *in limine* is GRANTED IN PART and DENIED IN PART.

11.   <u>Regional Bias</u>

Defendants next ask the Court to prohibit introducing, in argument or through testimony, information highlighting local residencies of Plaintiffs and their counsel, as well as the out-of-state residencies of Defendants and their counsel. [ECF No. 386, at 9–10].

Plaintiffs clarify that they "have no intention of making pleas to the jury based on the residency of Defendants or their counsel," but request permission "to reference geographical information relevant to Plaintiffs' antitrust claims, including the location of

witnesses' residences to determine the antitrust impact of Defendants' conduct" as well as the location of Defendants' and their counsel's offices. [ECF No. 388, at 9].

The Court agrees with Plaintiffs that references to geographical information relevant to their claims is permissible. These references, such as the location of witness residences are reasonably relevant to determining the impact of Defendants' alleged conduct. However, the Court disagrees that it is necessary to refer to where Defendants or their counsel have offices—especially as it relates to the latter. Insofar as it relates to the location of Defendants' offices, it is sufficient to state that they are out-of-state. Insofar as it relates to their counsel's office, this is plainly irrelevant to the overall disposition of Plaintiffs' claims; it should have no bearing upon the trier of fact's findings or reasoning and is barred. In accordance with the above limitations, Defendants' motion *in limine* is GRANTED IN PART and DENIED IN PART.

### 12.   Defendants' Size, Net Worth, Market Capitalization, or Financial Condition

"As a general rule, it is error to admit evidence a party's financial condition unless necessary to determine the damages sustained," as is the case when the "damages to be determined [are] punitive in nature." *Whiteley v. OKC Corp.*, 719 F.2d 1051, 1055 (10th Cir. 1983).

Defendants ask that Plaintiffs be precluded from introducing information regarding the former's size, net worth, market capitalization, or financial condition. [ECF No. 386, at 10]. This request is based upon the fact that the trier of fact will not decide any damages issues, punitive or otherwise. *Id.* (internal citations omitted).

Plaintiffs first state they have no qualms with a narrowly tailored *in limine* order prohibiting both parties from offering evidence, eliciting testimony, or submitting argument regarding the net worth or market capitalization of any of the Defendants, albeit unless such information is incidental or contained within an otherwise relevant document and therefore redacted. [ECF No. 388, at 9–10]. However, they contest that Defendants' request for an *in limine* order prohibiting evidence, testimony, or argument regarding size or financial condition is too broad. *Id.* at 10.

The Court largely agrees with Plaintiffs. Defendants' request to prohibit any evidence, testimony, or argument regarding the net worth or market capitalization of Defendants is permissible. Insofar as such information is incidental or contained within an otherwise relevant and admissible document, that information must be redacted before being offered into evidence.

As for evidence, testimony, or argument regarding Defendants' size or financial condition the Court agrees that it is largely inadmissible. However, Plaintiffs are correct that such information that "Defendants were the largest non-governmental mineral owner in Laramie County" and "are a vertically integrated, multimarket firm adds leverage to their [alleged] monopsony power" is relevant to the underlying claims and Plaintiffs' burdens. *Id.* (quotations); *see* Fed. R. Evid. 401. Determination of such issues should be done on a case-by-case basis, as they are not apparent on their face to carry substantial prejudicial effect. Fed. R. Evid. 403. Accordingly, Defendants' motion *in limine* is GRANTED IN PART and DENIED IN PART. Evidence, testimony, or argument regarding net worth or market capitalization is prohibited and must be redacted, whereas

any such information regarding size or financial condition will be determined as it arises at trial.

     13.    <u>Extraneous Charges or Claims Against Defendants or Their Affiliates</u>

     "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Courts have extended this to evidence of other alleged wrongdoing, including litigation, and as separately being unduly prejudicial under Rule 403. *See, e.g.*, *Farris v. Roberts*, 2014 WL 11663155, at *2 (D.N.M. July 23, 2014). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

     Defendants broadly seek to preclude evidence of extraneous charges or claims against them or their affiliates, as set forth in Federal Rule of Evidence 404(b)(1). [ECF No. 386, at 10–11].

     As with the alleged statements made in WOGCC filings, Plaintiffs state they are unclear as to what evidence or lawsuits Defendants seek to exclude. [ECF No. 388, at 10–11]. Nonetheless, they note that if such evidence exists, it may be admissible for another purpose, as provided in Rule 404(b)(2). *Id.*

     Again, as with the WOGCC filings, the Court agrees with Plaintiffs. Without specific information sought to be excluded, it is impossible to ascertain the admissibility of such evidence. *See, e.g.*, Fed. R. Evid. 404(b)(2). Thus, as with the alleged statements made in WOGCC filings, the Court will rule upon the admissibility of certain acts or

15

lawsuits when offered into evidence during trial. Accordingly, Defendants' motion *in limine* to preclude evidence of extraneous charges or claims against Defendants or their affiliates is DENIED WITHOUT PREJUDICE.

14.   The Court's Prior Rulings

Defendants further seek to prohibit the parties from referencing or introducing evidence of the Court's prior order under Rules 401 and 403. [ECF No. 386, at 11]. As they emphasize, it is for the Court itself to instruct the jury on decisions of law, rather than counsel or witnesses "to encourage the jury to 'draw inferences from the Court's pretrial rulings on legal issues.'" *Id.* (quoting *United States v. Michael*, 2007 WL 9657799, at *3 (D.N.M. Nov. 15, 2007)).

Plaintiffs argue that this request would lead to an absurd result. [ECF No. 388, at 11]. That is, if granted, such an order "would preclude any references to or evidence of class liability certification, or any references to and evidence of Tenth Circuit rulings which are either controlling (law of the case) or factual in nature, or whatever else may come up during the course of trial which the jury instructions do not specifically address." *Id.*

The Court agrees with Plaintiffs. Any such order would necessarily be overbroad and place Plaintiffs in a legal bind. Without specificity of regarding which orders, the Court can neither issue a detailed explanation of each's admissibility. Thus, the admissibility of prior rulings would need to be on a case-by-case basis during trial. Accordingly, Defendants' motion *in limine* to preclude reference to or introduction of evidence of this Court's prior rulings is DENIED WITHOUT PREJUDICE.

15.    <u>Statements Made or Positions Taken by Counsel and Parties in Discovery</u>

Lastly, Defendants request the Court preclude introduction of any statements made or positions taken by counsel and parties during discovery exchanges and disputes, as they are irrelevant to the merits of any issue the jury will decide. [ECF No. 386, at 11]. Otherwise, they posit, these statements would create an unfair danger of prejudicial effect by confusing the issues. *Id.*

Plaintiffs do not generally object to a limitation on references to discovery motions and disputes between the parties but argue that it is proper for them to reference statements and positions taken insofar as they are relevant to the causes of action. [ECF No. 388, at 11]. These include references in opening statement and closing argument to substantive positions as well as relevant interrogatory responses and admissions. *Id.*

As with the previous requests, the Court is bogged down in deciding this matter without the pertinent statements specified. Nonetheless, there is nothing to suggest it is completely improper for Plaintiffs to refer to those statements and positions relevant to their causes of action. As a result, the Court similarly believes it to be in the best interests of trial to determine these issues on a case-by-case basis. Accordingly, Defendants' motion *in limine* to preclude statements made or positions taken by counsel or parties during discovery is DENIED WITHOUT PREJUDICE.

**B.**     ***Plaintiffs' Motions* in Limine *(ECF No. 385)***

1.     <u>Admissibility of Applications for Permits to Drill in Support of State
Antitrust Claims</u>

Plaintiffs move *in limine* for a ruling that all Applications for Permits to Drill
("APDs") filed by Defendants respecting Class Minerals are admissible for the purpose of
proving Defendants' alleged antitrust violations under Wyoming statute, the Wyoming
Constitution, and Wyoming common law. [ECF No. 385, at 3–8]. While they argue that
Defendants' conduct in filing such APDs is "not exempt from the scope of Wyoming's
antitrust laws, and is therefore relevant and admissible evidence," as the Court explained
above in granting Defendants' motions *in <u>limine</u>* regarding their permitting activities, such
activities fall under state-action immunity. *Id.* at 3 (quotation). As a result, Plaintiffs may
not wield APDs in support of state antitrust claims, as such permitting activity has already
been immunized as a matter of law. *See* [ECF No. 362, at 5–6]. Accordingly, Plaintiffs'
motion *in limine* for a ruling on the admissibility of APDs in support of state antitrust
claims is DENIED.

2.     <u>Damages Sustained by Any Individual Plaintiff or Class Member</u>

Plaintiffs request an *in limine* ruling to preclude Defendants from introducing any
evidence of any kind, or making any arguments related to, the individual and group
damages sustained by Class Members or Plaintiffs' burden of proof with respect to the
same. [ECF No. 385, at 8]. Defendants do not oppose this request. [ECF No. 390, at 2].
Accordingly, the Court agrees and Plaintiffs' motion *in limine* is GRANTED. *See Wessel
v. City of Albuquerque*, 463 F.3d 1138, 1143 (10th Cir. 2006) (internal quotations and

citation omitted) ("[O]nce a court decides an issue, the same issue may not be relitigated in subsequent proceedings in the same case."); *see also Black v. Occidental Petroleum Corp.*, 69 F.4th 1161, 1185 ("[D]amages were not part of the issue class certified but were left for individual determination after liability is resolved."); Fed. R. Evid. 401–03.

### 3.    Treble Damages

Plaintiffs also request an *in limine* ruling prohibiting comments or attempts to solicit testimony about treble damages, as being irrelevant and creating substantially outweighing prejudicial effect. [ECF No. 385, at 9–10] (citing Fed. R. Evid. 401–03). Defendants do not oppose this request. [ECF No. 390, at 2]. The Court agrees with Plaintiffs and, thus, Plaintiffs' motion *in limine* regarding treble damages is GRANTED. Fed. R. Evid. 401–03.

### 4.    Single-Section Relevant Markets or Submarkets

Lastly, Plaintiffs ask the Court to preclude Defendants from raising any argument at trial that Plaintiffs assert or claim "single-section" relevant markets or submarkets in this case, and thus that the subject matter of these markets or submarkets be excluded in their entirety. [ECF No. 385, at 10]. According to Plaintiffs, the Tenth Circuit has already dispensed with the notion that this is Plaintiffs' theory and that holding has therefore became the law of the case. *Id.* (citing *Black*, 69 F.4th at 1177).

Defendants respond by directing attention to their separate Motion *in Limine* to Clarify the Geographic Market. [ECF No. 390, at 8–10] (citing [ECF No. 375]). As they state, "[i]f the Court grants that motion, there will be no need to discuss Wickelgren's single-section-market theory at trial." *Id.* at 8.

The Court agrees with Defendants. Having already dispensed with Defendants' Motion *in Limine* to Clarify the Geographic Market, there is no need to discuss the alleged theories of Dr. Wickelgren. [ECF No. 408]. Thus, the issue of single-section relevant markets or submarkets is irrelevant to the disposition of the case. Accordingly, Plaintiffs' motion *in limine* to preclude arguments regarding single-section relevant markets or submarkets is DENIED.

SO ORDERED this 29th day of July, 2024.

Kelly H. Rankin
United States District Judge