# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Anita C. Deselms, et al., | **)** | |
| | **)** | |
| Class Representatives, | **)** | |
| | **)** | |
| v. | **)** | Civil Action No. 19-CV-243-KHR |
| | **)** | |
| Occidental Petroleum Corporation, et al., | **)** | |
| | **)** | |
| Defendants. | **)** | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made this 26th day of September 2024, between the parties listed below. Capitalized terms in this document and in the exhibits hereto have the meanings stated in this Settlement Agreement inclusive of the definitions below.

(i)    The Class Representatives of the Liability Class in the above captioned case ("Litigation") pursuant to the *Order Certifying Class Pursuant to Fed. R. Civ. P. 23(c)(4)* (ECF 227), who also seek to represent the settlement class envisioned in this Settlement Agreement are:

a.    Anita C. Deselms ("Deselms"), who serves as Trustee of the Anita C. Deselms Living Trust;

b.    Ron Rabou ("Rabou"), who serves as manager of Rabou Resources, LLC;

c.    Russell I. Williams, Jr. ("Williams"), who serves as Trustee of the Russell I. Williams, Jr. Revocable Trust U/A dated 7/27/83;

d.    John C. Eklund, Jr. ("John Eklund"), who serves as Trustee of the John C. Eklund Revocable Trust UA April 25, 2011;

e.    Justin W. Miller ("Justin Miller"); and

1

     f.   Brandi J. Miller ("Brandi Miller") (Justin Miller and Brandi Miller holding their class minerals through a tenancy by the entireties).

     g.   In this Settlement Agreement, Deselms, Rabou, Williams, John Eklund, Justin Miller, and Brandi Miller are collectively referred to as the "Settlement Class Representatives."

(ii)    The Defendants are:

     a.   Occidental Petroleum Corporation ("Occidental");

     b.   Anadarko Petroleum Corporation ("Anadarko Petroleum");

     c.   Anadarko E&P Onshore, LLC ("Anadarko Onshore");

     d.   Anadarko Oil & Gas 5 LLC ("Anadarko Oil 5"); and

     e.   Anadarko Land Corp ("Anadarko Land").

     f.   In this Settlement Agreement, Occidental, Anadarko Petroleum, Anadarko Onshore, Anadarko Oil 5, and Anadarko Land are collectively referred to as "Anadarko" or "Defendants."

The settlement expressed in this Settlement Agreement is subject to the terms and conditions set forth in this Settlement Agreement, including but not limited to the Court (1) approving this Settlement Agreement; and (2) entering the orders and judgments in material conformance to those specified in the Settlement Agreement, as more fully described below:

WHEREAS, the settlement contemplated in this Settlement Agreement arose from the Litigation, which was filed on November 25, 2019 (ECF 1), in the United State District Court, District of Wyoming ("Court"), Case No. 19-CV-243 against Anadarko and others, alleging anticompetitive action by Anadarko, including federal antitrust and state antitrust claims;

WHEREAS, Anadarko filed a Motion to Dismiss on December 30, 2019, that was granted in part and denied in part on May 28, 2020 (ECF 31);

WHEREAS, Anadarko filed an Answer on June 11, 2020, denying liability and asserting affirmative defenses (ECF 32);

WHEREAS, Plaintiffs filed their First Amended Complaint on October 1, 2020 (ECF 43), again alleging antitrust claims under federal and state law and seeking the certification of a class as to liability and damages;

WHEREAS, Anadarko filed their Answer to the First Amended Complaint on October 15, 2020, (ECF 44), again denying liability and asserting affirmative defenses, and contesting certification of a class:

WHEREAS, Plaintiffs filed their Second Amended Complaint on August 27, 2021 (ECF 81), again alleging antitrust claims under federal and state law and seeking the certification of a class as to liability and damages;

WHEREAS, Anadarko filed their Answer to the Second Amended Complaint on September 10, 2021 (ECF 87), again denying liability, asserting affirmative defenses and contesting any certification of a class;

WHEREAS, the Parties conducted extensive written discovery and depositions;

WHEREAS, Plaintiffs filed their Motion to Certify Class on September 13, 2021 (ECF 89), together with supporting documents;

WHEREAS, Anadarko filed their Opposition to Plaintiffs' Motion to Certify Class on October 25, 2021 (ECF 108);

WHEREAS, the Court entered its order denying, without prejudice, the Motion to Certify Class on December 3, 2021 (ECF 141);

WHEREAS, Plaintiffs filed their Renewed Motion for Class Certification on January 29, 2022 (ECF 171), and Defendants filed their opposition to that motion on March 3, 2022 (ECF 190);

WHEREAS, on March 30, 2022, the Court held a hearing on the Renewed Motion for Class Certification (ECF 196);

WHEREAS, on April 26, 2022, the Court entered its Opinion Granting in Part and Denying in Part Plaintiffs' Motion to Certify Class (ECF 220);

WHEREAS, on May 20, 2022, the Court entered its Order Certifying Class Pursuant to Fed. R. Civ. P. Rule 23(c)(4) (ECF 227) ("Liability Class Certification Order"), providing that the Plaintiffs' case would be "maintained as a class action for liability purposes only," naming the Settlement Class Representatives as Class Representatives for the liability class and appointing Robert P. Schuster as lead counsel for the liability class ("Class Counsel");

WHEREAS, Anadarko requested permission to appeal the Liability Class Certification Order to the United States Court of Appeals for the Tenth Circuit pursuant to Fed. R. Civ. P. 23(f) and permission was granted on June 28, 2022 (ECF 236);

WHEREAS, on August 1, 2022, the Court entered its Order on Defendants' Motion for a Limited Stay Pending Rule 23(f) Appeal (ECF 253);

WHEREAS, on June 7, 2023, the United States Court of Appeals for the Tenth Circuit issued its opinion affirming the Liability Class Certification Order in its Order Certifying Class Pursuant to Fed. R. Civ. P. Rule 23(c)(4) (ECF 275-1 and 275-2) and mandating the case back to the District Court (ECF 275);

WHEREAS, notice was provided to the potential members of the liability only class (ECF 321) in accordance with the method the Court approved in its Order Certifying Class as amended by order dated July 20, 2023 (ECF 287);

WHEREAS, the Parties continued to conduct extensive fact and expert discovery in the case;

WHEREAS, the parties have filed and the Court heard and ruled on Plaintiffs' and Anadarko's respective motions for summary judgment (ECF 362), motions to exclude expert witness

4

testimony (ECF 358), motions in limine (ECF 409 and 410); and Anadarko's motion for partial judgment on the pleadings (ECF 407);

WHEREAS, the Final Pretrial Conference was held on July 18, 2024 (ECF 400 and 401), with a three-week jury trial set to commence on August 12, 2024;

WHEREAS, the Parties participated in a mediation with the Honorable William F. Downes (Retired) on August 7, 2024, and reached a tentative settlement of the Litigation;

WHEREAS, the Parties desire to resolve the Litigation and certify the Settlement Class (defined below), for purposes of settlement proceedings only, as more fully described herein;

WHEREAS, the Settlement Class Representatives, Other Named Plaintiffs, and Settlement Class Counsel have prosecuted the Litigation for almost five years, which has included production of documents and data, research, land title review and analysis, discovery, witness testimony, consultation by and with experts, preparation and filing of expert reports, preparation for class certification, settlement negotiations among counsel, mediation, damage modeling, and other investigations and preparation;

WHEREAS, Settlement Class Representatives, Other Named Plaintiffs, and Settlement Class Counsel acknowledge that, during the course of their prosecution of the Litigation, they have received, examined, and analyzed information, documents, and materials they deem necessary and appropriate to enable them to enter into this Settlement Agreement on a fully-informed basis, and after such examination and analysis, and based on the experience of Settlement Class Counsel and their experts and consultants, Settlement Class Representatives and Settlement Class Counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate and in the best interests of the Settlement Class;

WHEREAS, Settlement Class Representatives agreed to settle the claims asserted against Anadarko in the Litigation pursuant to this Settlement Agreement after considering: (1) the

substantial benefits Class Members will receive from resolution of such claims, (2) the risks of litigating the liability claims, (3) the risks of procuring damage judgments against Defendants and the potential multiple years to do so, and (4) the desirability of permitting the Settlement to be consummated as provided by the terms of this Settlement Agreement;

WHEREAS, Anadarko agrees that further prosecution and defense of the claims against them in this Litigation would be protracted and expensive. Anadarko has evaluated the uncertainty and risks inherent in any such litigation and determined that it is desirable to compromise and settle the claims against them in the Litigation;

WHEREAS, Anadarko has adamantly denied, and continues to deny, the claims against them and deny any and all liability to the liability class and the Settlement Class, and have vigorously defended against those claims;

WHEREAS, neither the settlement of the Litigation, this Settlement Agreement, nor any statements or acts in connection therewith is or will be deemed to be an admission by Anadarko of, or any evidence of, wrongdoing, violation of any statute or law, or any liability whatsoever; and

WHEREAS, Anadarko enters into this Settlement Agreement without admitting any liability whatsoever, and solely to avoid further expense, inconvenience, and the disruption of defending against the claims asserted against them in the Litigation and to be completely free of any further controversy with respect to the claims that were asserted or could have been asserted against them in the Litigation, as more fully described herein.

NOW THEREFORE, in consideration of the payments, mutual promises, agreements, undertakings, releases, and other terms and provisions of this Settlement Agreement, the sufficiency of which is hereby acknowledged by all Parties hereto, Anadarko and the Class Representatives, on behalf of themselves and the Settlement Class, stipulate and agree, subject to the approval of the Court, without admission of any liability or wrongdoing, and in consideration of the benefits set

6

forth herein, that all Released Claims (defined below) shall be fully, finally, and forever compromised, settled, released, and discharged, and the Litigation shall be dismissed with prejudice, upon and subject to the following terms and conditions.

## 1. Definitions

As used throughout this Settlement Agreement, any Plan of Allocation and Distribution Order, and all other documents attached hereto, the following phrases and words will be given the meanings set forth below:

1.1. "**Administration, Notice, and Distribution Costs**" means the reasonable and necessary fees, costs, and expenses incurred in the administration, distribution, and notification of the Settlement, including: (a) fees, costs and expenses of identifying the names, addresses and tax identification numbers of Settlement Class Members; (b) fees, costs and expenses incurred to publish and mail the Notices of Settlement to the Settlement Class (such as the cost to print the Notices of Settlement and publish the Notices of Settlement pursuant to the Plan of Notice); (c) fees, costs and expenses incurred to redesign the present website at www.occidentalclassaction.com or design and create a new website at the discretion of the Settlement Class Representatives and Settlement Class Counsel; (d) fees, costs and expenses incurred to maintain the website; (e) fees, costs and expenses incurred to provide radio spots informing the general public of the Settlement Agreement and its availability on the website; (f) fees, costs and expenses to prepare, issue and mail (and reissue and re-mail, if necessary) the Distribution Checks to the Settlement Class as well as additional information as necessary; (g) fees, costs and expenses to provide a reconciliation of the final amount of Residual Unclaimed Funds; (h) fees, costs and expenses to calculate the amount each Class Member will receive under any Final Plan of Allocation; (i) fees, costs and expenses to calculate the amount each Class Member who does not timely and properly submit a Request for Exclusion will receive under the Final Plan of Allocation and (j) any fees or costs charged by the

7

Deposit Escrow Agent and the Distribution Escrow Agent. Administration, Notice, and Distribution Costs also include the costs and fees described in (a) through (j) above incurred by Settlement Class Counsel and associated with experts, consultants or other personnel or professionals retained for purposes of administration, distribution, and notification. Administration, Notice, and Distribution Costs includes any fees or costs incurred in providing the notice to persons and entities pursuant to the Liability Only Notice.  Administration, Notice, and Distribution Costs shall be paid from the Gross Settlement Fund.

1.2.    "**Allocation Methodology**" means the *pro rata* distribution of the Settlement Distribution Fund on a per net mineral acre basis for the Settlement Class Minerals, based on an individual Settlement Class Member's percentage ownership of the net mineral acreage owned by the entire Settlement Class yielding a "Per Net Mineral Acre Payment Amount."  For example, if the total net mineral acres found in the Settlement Class Minerals were 1,000 net mineral acres and an individual Settlement Class Member owned 10 net mineral acres, that individual Settlement class member would be entitled to one percent (1%) (10/1,000) of the Settlement Distribution Fund. Likewise, if the Settlement Distribution Fund were $1,000, that Settlement Class Member would be entitled to one percent (1%) of the Settlement Distribution Fund or Ten Dollars ($10.00).  The Per Net Mineral Acre Payment Amount would be equal to the amount of the Settlement Distribution Fund divided by the total net mineral acres found in the Settlement Class Minerals or $1,000/1,000 net mineral acres which equals one dollar per net mineral acre ($1/net mineral acre).

1.3.    "**Case Contribution Award**" means the award ordered by the Court, if any, to Settlement Class Representatives for their time, expense, and participation in this Litigation as Class Representatives for the liability class and in representing the Settlement Class as Settlement Class Representatives.  The Case Contribution Award is to be paid from the Gross Settlement Fund, not the Settlement Distribution Fund.

8

1.4.    "**Class Period**" means the period beginning and including November 1, 2017, and ending and including October 19, 2020.

1.5.    "**Court**" means the United States District Court for the District of Wyoming, with the Honorable Kelly H. Rankin presiding, or any successor judge presiding over the Litigation.

1.6.    "**Defendants**" are separately defined on page 2 of this Settlement Agreement.

1.7.    "**Defendants' Additional Released Parties**" shall mean, collectively and individually, Defendants' current and former affiliated companies (including without limitation their direct and indirect parent companies, successor companies, sister companies, and subsidiary companies) ("Defendants' Affiliates"); successors in interest, assigns, and operating divisions of Defendants or Defendants' Affiliates ("Defendants' Successors"); and the officers, directors, employees, managers, attorneys, agents, owners, and shareholders of Defendants, Defendants' Affiliates, Defendants' Successors, and Cowboy Land LLC, Sweetwater Trona HoldCo LLC, and any other affiliate of Orion Mine Finance Group.

1.8.    "**Defendants' Counsel**" means the firm of Gibbs & Bruns LLP, including Kathy D. Patrick, Barrett H. Reasoner, Ross MacDonald, Michael R. Davis, and Mark Dore and the firm of Crowley Fleck PLLP including Darin Boyd Scheer and Timothy Michael Stubson.

1.9.    "**Deposit Escrow Account**" means an account maintained by the Deposit Escrow Agent.

1.10.    "**Deposit Escrow Agent**" means, subject to approval of the Court, the Converse County Bank located at 322 Walnut Street, Douglas, Wyoming 82633.  The Converse County Bank will carry out the duties assigned to the Deposit Escrow Agent under this Settlement Agreement and as provided in the Deposit Escrow Instructions.

1.11.    "**Deposit Escrow Instructions**" means the escrow agreement signed between Anadarko, Settlement Class Counsel, Escrow Owner, and Converse County Bank consistent with

the Order on Preliminary Approval setting forth the terms under which the Deposit Escrow Agent shall maintain the Deposit Escrow Account in accordance with this Settlement Agreement. The Escrow Agent is not required to exercise any discretion in making any distributions from the Deposit Escrow Account, but instead shall rely upon the Order on Final Approval in making such distributions.

1.12.    "**Distribution Escrow Account**" means an account maintained by the Distribution Escrow Agent.

1.13.    "**Distribution Escrow Agent**" means subject to approval of the Court, the Converse County Bank located at 322 Walnut Street, Douglas, Wyoming 82633.  The Converse County Bank will carry out the duties assigned to the Distribution Escrow Agent under this Settlement Agreement and as provided in the Distribution Escrow Instructions. The Distribution Escrow Agent may rely upon the Court's orders in making distribution of the Settlement Distribution Fund. Anadarko shall have no responsibility for the determination or distribution of the Settlement Distribution Fund by the Distribution Escrow Agent.

1.14.    "**Distribution Escrow Instructions**" means the escrow agreement signed between Converse County Bank, Escrow Owner, and Settlement Class Counsel consistent with the Order on Final Approval setting forth the terms under which the Distribution Escrow Agent shall maintain the Distribution Escrow Account in accordance with this Settlement Agreement. The Distribution Escrow Agent is not required to exercise any discretion in determining the amount allocated to a particular Settlement Class Member, but instead shall rely upon the Order on Final Approval and its approval of the Final Allocation Plan.

1.15.    "**Distribution Check**" means a check payable to a Settlement Class Member who does not timely and properly submit a Request for Exclusion, or who is not otherwise excluded from the Settlement Class by order of the Court, for the purpose of paying that Class Member's

share of the Settlement Distribution Fund pursuant to the Allocation Methodology.

1.16.    "**Effective Date**" means the date upon which the Court's Order on Final Approval is Final and Non-Appealable.

1.17.    "**Escrow Owner**" means Class Action LLC, a close Wyoming limited liability company, or the limited liability company designated by Settlement Class Counsel that shall not be entitled to any distribution from the Settlement Distribution Fund but shall be the owner of the Distribution Escrow Account for tax purposes.

1.18.     "**Final and Non-Appealable**" means:

a)    Thirty (30) days have elapsed following entry of the Judgment without the filing of:

(i)    any appeal or original action in any court seeking reconsideration, modification, or vacation of the Judgment, or otherwise seeking to interfere with or evade the provisions of the Settlement Agreement and the Settlement contemplated herein; or

(ii)    any motion before the Court that would extend the time to appeal from the Judgment, or which challenges or seeks reconsideration, modification, or vacation of the Judgment; or

(iii)    any motion that would extend or reopen the time for commencing an appeal under Federal Rules of Appellate Procedure 4(a)(5) or 4(a)(6); or

b)    One of the kinds of proceedings or motions listed in subparagraph (a) above has been filed and has resulted in a final order or judgment by the court in which it was commenced; then thirty (30) days have elapsed and that final order or judgment has itself become final and is no longer subject to further review, challenge or appeal  in any court;

and that final order or judgment does not modify or vacate the Judgment or allow for any further motions, appeals, or proceedings seeking to modify or vacate the Judgment.

1.19.    "**Final Fairness Hearing**" means the hearing set by the Court under Federal Rule of Civil Procedure 23(e)(2) to consider final approval of the Settlement and the Settlement Agreement.

1.20.    "**Final Plan of Allocation**" means the plan to distribute the Settlement Distribution Fund among the Settlement Class Members as set forth in Order(s) entered by the Court authorizing and directing that the Settlement Distribution Fund be distributed, in whole or in part, to Settlement Class Members according to the Allocation Methodology.  The Final Plan of Allocation shall not allocate any part of the Settlement Distribution Fund to Putative Settlement Class Members who have become Opt-Out Claimants.

1.21.    "**Gross Settlement Fund**" means the total cash amount of Twelve Million Dollars (US$12,000,000.00) to be paid by or on behalf of the Defendants.  In no event shall Defendants be required to pay more than the Gross Settlement Fund.

1.22.    "**Initial Plan of Allocation**" means the plan to distribute the Settlement Distribution Fund among the Putative Settlement Class Members as set forth in Order(s) entered by the Court authorizing and directing that the Settlement Distribution Fund be distributed, in whole or in part, to Putative Settlement Class Members according to the Allocation Methodology.

1.23.    "**Intracompany Lease**" means a lease of oil and gas minerals located in the Niobrara and/or Codell geologic formations within Laramie County, Wyoming, that is filed with the Laramie County Clerk between any two affiliates of Anadarko Petroleum Corporation, including but not limited to such leases in which Anadarko Land is the lessor and either Anadarko Onshore or Anadarko Oil 5 is the lessee.

1.24.    "**Judgment**" means the Judgment finally approving the Settlement, pursuant to the

terms of this Settlement Agreement, between the Settlement Class and Defendants, which shall be substantially in the form of Exhibit 2, attached hereto.

1.25. "**Liability Only Notice**" means the notice given pursuant to the Court's Liability Class Certification Order.

1.26. "**Liability Only Notice Recipients**" mean the parties to whom notice was sent by mail as part of the Liability Only Notice.

1.27. "**Litigation**" is separately defined on page 2 of this Settlement Agreement.

1.28. "**Litigation Expenses**" means the reasonable costs and expenses incurred by Settlement Class Counsel in commencing and prosecuting the Litigation as well as the Administration, Notice, and Distribution Costs.

1.29. "**Net Settlement Fund**" means the Gross Settlement Fund less (i) the amount ordered by the Court to be paid to Settlement Class Counsel for Settlement Class Counsel's Attorneys' Fees, (ii) the amounts ordered by the Court to be paid to each Settlement Class Representative for Case Contribution Awards, (iii), the amount ordered by the Court to be paid to Settlement Class Counsel for Litigation Expenses, and (iv) the amount of Opt-Out Returned Funds ordered paid to Anadarko.

1.30. "**Non-Profit Recipient**" means CLIMB Wyoming, 1709 Carey Avenue, Cheyenne, Wyoming 82001.

1.31. "**Notice of Class Settlement**" means the notice in substantially the same form as Exhibit 3 which will be mailed and/or posted on the website in accordance with the Plan of Notice as described in Section 3 below, the information contained in Exhibit 4 that will be mailed to each individual Putative Settlement Class Member, and the notice in substantially the same form as Exhibit 5 attached hereto, which will be published in newspapers and online legal notices as provided in the Plan of Notice as described in Section 3 below.

1.32. "**Number of Settlement Class Minerals**" means the total Settlement Class Minerals calculated in net mineral acres owned by Putative Settlement Class Members that were unleased during the Class Period.

1.33. "**Opt-Out Claimant**" means a Putative Settlement Class Member who submits a timely and valid Request for Exclusion.

1.34. "**Opt-Out Returned Funds**" mean the funds to be returned to Defendants for Opt-Out Claimants that shall be equal to (a) the net Settlement Class Mineral acres held by such Opt-Out Claimants in the Settlement Class Minerals multiplied by (b) Per Net Mineral Acre Payment Amount.

1.35. "**Other Named Plaintiffs**" means those Plaintiffs named as Plaintiffs in the Second Amended Complaint (ECF No. 78-1 in the Litigation) who are not Settlement Class Representatives.

1.36. "**Parties**" mean the Defendants and Settlement Class Representatives.

1.37. "**Per Net Mineral Acre Payment Amount**" means the amount to be paid to each Putative Settlement Class Member for each net Settlement Class Mineral acre of Settlement Class Minerals owned by that Putative Settlement Class Member and shall be calculated by dividing the Settlement Distribution Fund by the Number of Settlement Class Minerals.

1.38. "**Plan of Notice**" means the process described in Section 3 below for sending and publishing the Notice of Class Settlement.

1.39. "**Preliminary Approval Order**" means the Order in substantially the form attached hereto as Exhibit 1 to be entered by the Court preliminarily approving the Settlement, certifying the class for settlement purposes only, and directing that the Notices of Settlement be provided to the Putative Settlement Class Members as set forth therein.

1.40.    "**Putative Settlement Class Members**" mean members of the Settlement Class before the time required to elect to be excluded from the Settlement Class occurs.

1.41.    "**Released Claims**" means all Claims related to Defendants' alleged anticompetitive conduct that were or that could have been asserted in the Litigation. As used in this definition, "Claims" means claims, counterclaims, demands, actions, causes of action, debts, liabilities, damages, costs, fees, expenses, rights, obligations, liens, losses, controversies, offsets, and sums, of any kind or nature, whether direct or indirect, liquidated or unliquidated, contingent or actual, in law or equity, known or unknown, suspected or unsuspected, of whatever type or nature.  Released Claims does not include claims that arise from issues unrelated to alleged anticompetitive conduct. As used in this definition of "Released Claims," the term "anticompetitive conduct" includes without limitation the conduct alleged in the Second Amended Class Complaint (ECF No. 78-1), including the effect on other mineral owners of Defendants' obtaining and maintaining substantial mineral interests in Laramie County, Wyoming; Defendants' leasing of certain of those minerals to affiliates and third parties; Defendants' decisions not to lease certain of those minerals to third parties; the royalty rates at which Defendants leased certain of those minerals to affiliates and third parties; Defendants' applications for and practices in connection with permits to drill on certain of those minerals; and Defendants' applications for and practices in connection with drilling and spacing units on certain of those minerals.

1.42.    "**Released Parties**" means Defendants and Defendants' Additional Released Parties.

1.43.    "**Releasing Parties**" includes all Settlement Class Representatives as well as all Settlement Class Members without regard to whether a member of the Settlement Class actually received or deposited a payment from the Settlement Distribution Fund and without regard to whether any payment received was correctly determined. All Settlement Class Members and their

heirs, successors, and assigns will be enjoined by the Court in the Judgment from filing or prosecuting Released Claims.

1.44.    "**Request for Exclusion**" means any request for exclusion from the Settlement Class pursuant to Federal Rule of Civil Procedure 23 that meets the requirements set by the Court for exclusion.

1.45.    "**Residual Unclaimed Funds**" means any portion of the Settlement Distribution Fund that has not been deposited, cashed, or otherwise claimed by a Settlement Class Member, including but not limited to: (a) the total amount of Distribution Checks sent to Settlement Class Members who later cannot be located by Settlement Class Counsel through reasonable efforts and which remain in the Distribution Escrow Account after final distributions and administrations have been made; and (b) the amount of Distribution Checks sent to Settlement Class Members that are voided because they are not cashed or deposited within the time specified on the Distribution Check and which remain in the Distribution Escrow Account after final distributions and administrations have been made.

1.46.    "**Settlement**" means the Parties' agreement to resolve the Litigation as described herein.

1.47.    "**Settlement Class**" shall mean all persons, including individuals, estates, trusts, corporations, partnerships and other business entities having ownership of Settlement Class Minerals as shown by the public records of the Clerk and Recorder of Laramie County, Wyoming. Excluded from the Settlement Class is any owner who is: (1) a Defendant; (2) an officer, director, or employee of a Defendant, (2) an entity in which a Defendant has a controlling interest or is an affiliate, (3) any entity controlled by the buyer of Anadarko's leases or minerals, including Cowboy Land LLC, Sweetwater Trona HoldCo LLC, and any other affiliate of Orion Mine Finance Group, (4) anyone who has given a valid release concerning the Released Claims, (5) was a lessee of Class

16

Minerals during the Class Period, or (6) an affiliate of the Court.

1.48.    "**Settlement Class Counsel**" means Robert P. Schuster; Thomas N. Long, Aaron John Lyttle, and Kaylee Ann Harmon of Long Reimer Winegar Beppler LLP; Laurence O. Masson; Samuel Issacharoff; Robert Klonoff; Cody L. Balzer; J.N. Murdock; and Bradley L. Booke.

1.49.    "**Settlement Class Counsel's Attorneys' Fees**" means the fees that may be awarded by the Court to Settlement Class Counsel with respect to their work on the Litigation.

1.50.    "**Settlement Class Members**" means the Putative Settlement Class Members who have not requested to be excluded from Settlement Class pursuant to the provisions of Section 8 (below) within the time required for such election to be made or otherwise been ordered excluded by order of the Court.

1.51.    "**Settlement Class Minerals**" mean net oil and gas minerals located in the Niobrara and/or Codell geologic formations east of Range 67 West in Laramie County having oil and gas pools that could be reasonably produced as demonstrated by industry's filing of drilling and spacing applications or applications for drilling permits in at least 50% of the sections in the relevant township that were not under an oil and gas lease to drill and operate wells during the Class Period; <u>and</u> were located either:

    a.    Within a section that had a 30% royalty Intracompany Lease covering at least 50% of the oil and gas minerals provided the lease or memorandum of the lease was filed in the Laramie County public records disclosing the royalty rate, or

    b.    In a section (or a part thereof) immediately bounded to the north, south, or both by a section in which Defendants had a 30% royalty Intracompany Lease as set forth in subparagraph a above.

Subject to possible revision with the consent of all Parties as contemplated by paragraph 3.1 below,

the Parties hereto agree that a list of all sections of land that include Settlement Class Minerals for the purposes of this Settlement Agreement, whether in the entire section or only in parts of that section, are set forth and described in Exhibit 6 to this Settlement Agreement. That list set forth in Exhibit 6 may be subject to further revision with the consent of all Parties within one hundred twenty (120) days of the Court's granting of the Preliminary Approval Order. For the avoidance of doubt, any identification of lands including Settlement Class Minerals (whether in Exhibit 6 to this Settlement Agreement, in any subsequent revision, or otherwise), is provided by the Settlement Class Representatives, and Defendants do not agree with or admit to the accuracy of such identification(s) for any purpose other than the Settlement of the Litigation.

1.52. "**Settlement Class Notice Manager**" means the same Notice Manager for the liability only class notice, Signal Interactive Media, LLC, or such other entity as Settlement Class Representatives and Settlement Class Counsel shall select. The Settlement Class Notice Manager shall be responsible for providing the notice to Putative Settlement Class Members as set forth in Section 3.

1.53. "**Settlement Class Representatives**" are separately defined on page 2 of this Settlement Agreement.

1.54. "**Settlement Distribution Fund**" means the Net Settlement Fund plus any interest earned on the Gross Settlement Fund or Net Settlement Fund while escrowed. Settlement Class Counsel waive any right to interest or income arising from amounts the Court may find due to them for Settlement Class Counsel's Attorneys' Fees or Litigation Expenses. Settlement Class Representatives waive any right to interest or income arising from amounts the Court may find due to them for the Case Contribution Awards.

## 2. Consideration

2.1. The Parties agree to settle the Litigation as set forth in this Settlement Agreement.

In exchange for Class Representatives' releases, covenants, and agreements in this Settlement Agreement, Defendants, as provided in the Escrow Agreement, shall pay the Gross Settlement Fund into the Deposit Escrow Account within thirty-one (31) days following the date the Court enters the Preliminary Approval Order.

2.2.     Except for Defendants' obligation to make the payment called for by paragraph 2.1, neither Defendants nor Defendants' Counsel shall have any liability to Class Representatives, Settlement Class Counsel, or the Settlement Class Members, including any obligation with respect to the Gross Settlement Fund or its administration, or any distributions made from the Gross Settlement Fund. If Defendants fail to pay the amount of the Gross Settlement Fund into the Deposit Escrow Account within the time specified above in paragraph 2.1, such amount will accrue interest at the rate of 7% per annum beginning on the date on which payment is due and ending when the Gross Settlement Fund is paid into the Deposit Escrow Account.

2.3.     The Parties agree that the Settlement of the Released Claims is supported by adequate consideration, including the Parties' agreements, releases, and covenants contained in the Settlement Agreement.

2.4.     The Settlement Class Representatives and the Other Named Plaintiffs, in addition to any trust or business entities controlled by the Settlement Class Representatives or the Other Named Plaintiffs, shall not seek to be excluded from the Settlement Class.

2.5.     It is understood and agreed that nothing in this Settlement Agreement is intended to release or compromise any claims the Settlement Class Members might have against the Released Parties as to claims other than Released Claims, including any claims for surface damages or damages under a lease that the Released Parties may have with the Released Parties for oil and gas minerals not found within the Settlement Class Minerals. Nothing in this Settlement Agreement is intended to provide to the Released Parties any rights to lease or control the Settlement Class

Minerals now or in the future.

2.6.    The Settlement Class Members agree, in consideration of the agreements of Defendants in this Settlement Agreement, to give the Release, Dismissal and Covenant Not to Sue described in Section 4, below.

### 3.    Plan of Notice and Court Approvals

3.1.    As set forth above, the scope of Settlement Class Minerals is subject to revision whether due to Settlement Class Counsel's continued review of minerals, because a Putative Settlement Class Member identified minerals that should be included or excluded, or due to any other good faith reason.  Any dispute regarding the inclusion or exclusion of Settlement Class Minerals will be brought before the Court for resolution. As the number of Putative Settlement Class Members and net minerals within the Settlement Class Minerals may change, the Parties agree that one-hundred twenty (120) days after the date of entry of the Preliminary Approval Order will be set aside in order for Settlement Class Counsel's expert landmen to determine the Settlement Class Minerals as well as to update and check their previous findings. Upon completion of that review, Settlement Class Counsel shall prepare the final list of Putative Settlement Class Members and provide it to Defendants' Counsel.

3.2.    On or before September 27, 2024 or such date as the Court approves, Class Representatives shall file a motion with the Court seeking preliminary approval of the Settlement, which motion shall include the proposed Preliminary Approval Order in substantially the form attached hereto as Exhibit 1 which will, *inter alia*: (a) conditionally certify the Settlement Class for the purposes of this Settlement only; (b) preliminarily approve the Settlement as set forth in this Settlement Agreement; (c) approve the Notice of Class Settlement and Plan of Notice; and (d) direct the Settlement Class Counsel and Settlement Class Representatives to expeditiously provide the Notice of Class Settlement to the Putative Settlement Class Members as provided herein or in

any other manner the Court may direct in accordance with Federal Rule of Civil Procedure 23 but recognizing notice may not be fully given until after the expiration of the time contemplated in paragraph 3.1.

3.3.    To the extent Settlement Class Counsel and their experts and professional landmen determine a Liability Only Notice Recipient is not entitled to be a Putative Settlement Class Member, the Settlement Class Counsel may, following the entry of the Preliminary Approval Order, provide notice to such Liability Only Notice Recipient of the recipient's lack of qualification.

3.4.    Settlement Class Counsel may continue to use the original website created as part of Liability Only Notice but revise it to address the Settlement Class. Within thirty (30) days after the Preliminary Approval Order is entered, Settlement Class Counsel shall proceed to post a copy of the Settlement Agreement, the Preliminary Approval Order and the Notice of Class Settlement (Exhibit 3) to that website.

3.5.    After the Preliminary Approval Order is entered, Settlement Class Counsel shall make reasonable efforts to obtain the last known addresses of Putative Settlement Class Members.

3.6.    Within one hundred fifty (150) days of the Preliminary Approval Order being filed or such other time as the Court may order, the Notice of Class Settlement (Exhibit 3) will be mailed to all Putative Settlement Class Members together with the Supplementary Notice (Exhibit 4).  If a Notice of Class Settlement and Supplementary Notice is returned or Settlement Class Counsel obtains information updating the address or identification of Putative Settlement Class Members, a new or revised Notice of Settlement and Supplementary Notice will be mailed to said new address or Putative Settlement Class Member(s) and the website shall be updated to include any such newly identified Putative Settlement Class Member(s).  No later than ten (10) days after the last of the Notice of Class Settlement is mailed, or at such time as is ordered by the Court, Settlement Class

21

Counsel also shall publish (or cause to be published) the summary Notice of Class Settlement (Exhibit 5) one time in each of the following newspapers: (a) *The Wyoming-Tribune Eagle* and (b) *The Pine Bluffs Post*. Within ten (10) days after mailing the Notice of Class Settlement (Exhibits 3 and 4) and continuing through the date of the Final Fairness Hearing, Class Settlement Counsel also will display (or cause to be displayed) on the website the following documents: (a) the Notice of Class Settlement, (b) the Second Amended Complaint, (c) this Settlement Agreement, (d) the Preliminary Approval Order and (e) other publicly filed documents related to approval of the Settlement. None of either Defendants, Defendants' Counsel, Settlement Class Representatives, Settlement Class Members or Settlement Class Counsel shall have any liability for failure of the Notice of Class Settlement or Supplementary Notice to reach any Putative Settlement Class Member.

3.7. If the Distribution Escrow Agent timely receives from a Settlement Class Member a completed and properly signed federal Internal Revenue Service ("IRS") form W-9, the Distribution Escrow Agent or Settlement Class Counsel may prepare a Distribution Check without any withholdings for taxes to such Settlement Class Member that is payable from the Settlement Distribution Fund, or the Distribution Escrow Agent may transfer funds to an IOLTA account maintained by Class Counsel sufficient to provide for payment of such a Distribution Check without any withholdings for taxes. The Distribution Escrow Agent may transfer funds sufficient to provide for a Distribution Check from an IOLTA account maintained by Settlement Class Counsel without receiving an IRS form W-9 if the Distribution Check is less than Six Hundred Dollars ($600.00). To the extent that a Settlement Class Member fails or refuses to timely provide the Distribution Escrow Agent with a completed and properly signed IRS form W-9 when the Distribution Check would exceed Six Hundred Dollars ($600.00), in that instance the Distribution Escrow Agent or Settlement Class Counsel may reduce the Distribution Check in compliance with

IRS rules and regulations for backup withholdings for taxes.  The amounts withheld for tax backup withholdings shall be reported and paid to the IRS following applicable IRS rules and regulations. Once amounts withheld are paid to the IRS, any Settlement Class Member seeking to receive said amounts withheld shall communicate only with the IRS for credit or payment of said amounts withheld and paid to the IRS and none of the Parties, the Distribution Escrow Agent, Defendants' Counsel nor Settlement Class Counsel shall have any obligation to any Settlement Class Member for the amounts withheld and paid to the IRS.

3.8.    At its sole expense, Defendants shall issue the Notice of Settlement contemplated by the Class Action Fairness Act of 2005 28 U.S.C. § 1715 ("CAFA") in accordance with the deadlines provided by CAFA. The Final Fairness Hearing shall be scheduled for a date that will allow for the notice requirement of CAFA to be satisfied.  No later than twenty-eight (28) calendar days prior to the Final Fairness Hearing, if the Settlement has not been terminated pursuant to this Settlement Agreement, Defendants shall report to this Court its efforts to comply with CAFA. Additionally, Defendants agree to contemporaneously report to Settlement Class Counsel its efforts and any issues pertaining to the CAFA notices.

3.9.    No later than twenty-one (21) calendar days prior to the Final Fairness Hearing, if the Settlement has not been terminated pursuant to this Settlement Agreement, Settlement Class Counsel and the Class Representatives shall move for: (a) final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e); (b) entry of a Judgment in substantially the same form as Exhibit 2 attached hereto; (c) final approval of the Allocation Methodology and Final Plan of Allocation; and (d) approval of Settlement Class Counsel's Attorneys' Fees, reimbursement of Litigation Expenses, and payment of the Case Contribution Awards. The Settlement Class Counsel and Settlement Class Representatives will request the Court to hold a Final Fairness Hearing as described in the Notice of Class Settlement, and to then enter Judgment specifically approving all

terms and provisions of the Settlement, including the Allocation Methodology and Final Plan of Allocation.  If at the time of filing for final approval, the Defendants have a right to terminate the Settlement Agreement pursuant to Section 9 of this Settlement Agreement but have not yet done so, the motion shall make note of Defendants' right to do so.

### 4.        Release, Dismissal, and Covenant Not to Sue

4.1.    Upon the Effective Date, the Released Parties, individually and collectively, shall be fully, finally, and forever released from the Released Claims by Releasing Parties.  Releasing Parties shall be enjoined from asserting or prosecuting any Released Claims against any Released Parties.

4.2.    Upon the Effective Date, and for the consideration provided for herein, each and every Settlement Class Member (a) agrees and covenants that, in addition to the foregoing release of the Released Claims, he, she or it shall not, at any time, directly or indirectly, on the Settlement Class Member's behalf, sue, institute or assert against the Released Parties any claims or actions on or concerning the Released Claims, and (b) acknowledges that the foregoing covenant shall apply and have effect by virtue of this Settlement Agreement and by operation of the Judgment. Each Settlement Class Member further agrees and acknowledges that the covenants not to sue provided for in this paragraph are made to inure to the benefit of, and are specifically enforceable by, each of the Released Parties.

4.3.    Upon the Judgment approving the Settlement Agreement being Final and Non-Appealable, said Judgment shall dismiss the Released Claims asserted in the Litigation with prejudice subject to the Court's continuing supervision over the distribution of the Settlement Distribution Fund, provided, however, any continuing obligations under this Settlement Agreement shall survive the entry of the Judgment. The Court, along with any appellate court with power to review the Court's orders and rulings in the Litigation, will retain exclusive and continuing

jurisdiction over this Litigation for purposes of administering this Settlement Agreement and any issues associated therewith.

## 5. Deposit Escrow Account, Distribution Escrow Account, and Payment of Taxes

5.1.    Except as otherwise ordered by the Court, all funds held by the Deposit Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until the Final Order is Final and Non-Appealable, at which time the Deposit Escrow Agent shall distribute funds in conformity with the Final Order to (a) Settlement Class Counsel and Settlement Class Representatives; (b) Anadarko (if any Opt-Out Returned Funds exist); and (c) the Distribution Escrow Agent for deposit of the remaining balance of the Deposit Escrow Account into the Distribution Escrow Account. The Deposit Escrow Agent will invest any funds held pursuant to this Agreement in short-term bonds issued by the United States Treasury or in fully United States Government-insured accounts and will collect and reinvest any interest accrued thereon, except that any residual cash balances or funds needed for short-term placement up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC and held in cash. All risks related to the investment of the Gross Settlement Fund and any risk of loss of the funds deposited in that account after the Court enters the Preliminary Order shall be borne by the Gross Settlement Fund alone and not by Settlement Class Representatives, Settlement Class Counsel, Defendants, Defendants' Counsel or the Deposit Escrow Agent.

5.2.    All funds held by the Distribution Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court except those funds distributed from the Distribution Escrow Account to pay Distribution Checks to Settlement Class Members as provided in the Final Order or supplementary orders permitting disbursement.  If a Distribution Check cannot be delivered or remains uncashed for one hundred eighty (180) days

after it is sent, those funds will remain in the Distribution Escrow Account until deemed Residual Unclaimed Funds as provided for herein. All risks related to the investment of the Distribution Escrow Fund and any risk of loss of the funds deposited in that account after the Court enters the Final Order shall be borne by the Distribution Escrow Account alone and not by Settlement Class Representatives, Settlement Class Counsel, Defendant, Defendants' Counsel, or the Distribution Escrow Agent.

5.3.    All interest or income earned by the Gross Settlement Fund shall be paid to the Settlement Distribution Fund for distribution to Settlement Class Members or the Non-Profit Recipient. Defendants shall have no liability for taxes on income earned by the Gross Settlement Fund. Any taxes due on such interest or income shall be paid by each Settlement Class Member receiving such income from the Settlement Distribution Fund. The Gross Settlement Fund shall indemnify and hold all Released Parties, Defendants, Defendant's Counsel, Settlement Class Representatives and Settlement Class Counsel harmless for any taxes, interest, penalties and related expenses of any kind whatsoever (including without limitation, taxes payable by reason of any such indemnification) on the interest or income earned while the Gross Settlement Fund (or any portion thereof) is in the Deposit Escrow Account after the Court enters the Final Order. The Parties shall notify the Deposit Escrow Agent and/or Distribution Escrow Agent promptly if they receive any notice of any claim for taxes relating to the Gross Settlement Fund.

5.4.    All income earned by the Distribution Escrow Account and not included within a Distribution Check shall be paid to the Non-Profit Recipient. All income taxes, if any, incurred on the part of the Settlement Class Members in connection with the issuance of a Distribution Check shall be paid by the individual Settlement Class Members or the Non-Profit Recipient to the extent of their individual tax liability on proceeds they individually receive. Except for any amounts withheld for tax purposes for refusal or failure to timely provide a complete and executed IRS form

W-9, the individual Settlement Class Members are solely responsible for the payment of any taxes attributable to payments to them under this Settlement Agreement. Settlement Class Representatives, Settlement Class Counsel, Defendant, Defendant's Counsel, the Gross Settlement Fund and the Distribution Escrow Agent shall have no liability to Settlement Class Members whatsoever for any taxes, assessments, interest or penalties on amounts distributed to Settlement Class Members inclusive of amounts withheld and paid as backup withholdings for those Settlement Class Members who fail or refuse to timely provide a complete and executed IRS form W-9. Defendants, Defendants' Counsel and the Settlement Class Members will bear no responsibility for any taxes due on (i) Settlement Class Counsel's Attorney's Fees and Litigation Expenses or (ii) any Settlement Class Representatives' individual Case Contribution Award.

5.5.    As set forth in paragraph 3.7 above, the Distribution Escrow Agent may or may not receive W-9s from Settlement Class Members. Distribution Escrow Agent shall provide IRS Form 1099s or other explanations of payments to Settlement Class Members sufficient to allow Class Members to know that proper tax payments have been or can be made or to allow them to submit requests for refunds if backup withholdings were made. For Putative Settlement Class Members or Settlement Class Members, Settlement Class Counsel will provide information and explanations as to the Allocation Methodology, net mineral acres determined to be held by a Settlement Class Member or Putative Settlement Class Member and other information used to derive the payment included in the Distribution Check. In the event any resulting taxes, interest or penalties are associated with a failure to file or delay in filing Form 1099s, the Settlement Distribution Fund shall bear any such costs. Settlement Class Counsel shall make reasonable efforts to identify a correct address for such Settlement Class Members and to correct erroneous information in order that those Settlement Class Members can be identified and provided information concerning the Settlement. Defendants and Defendants' Counsel shall have no liability for any filed IRS Form

1099s. The Settlement Distribution Fund shall indemnify and hold all Released Parties, Defendants, Defendants' Counsel, Settlement Class Representatives and Settlement Class Counsel harmless for any penalties and related expenses of any kind whatsoever associated with any filed IRS Form 1099s. The Parties shall notify the Distribution Escrow Agent and Settlement Class Counsel promptly if they receive any notice of any claim for penalties relating to a filed IRS Form 1099.

5.6.    Settlement Class Representatives, Settlement Class Counsel, Defendants, and Defendants' Counsel shall not have any responsibility or liability whatsoever for any taxes or assessments, interest, or penalties on amounts distributed to a Settlement Class Member. In the event Defendants are required to pay any taxes or assessments attributable to any Settlement Class Members, including any applicable interest or penalties, such Settlement Class Member will indemnify Defendants as to the taxes, assessments, interest, and penalties attributable to such Settlement Class Member paid by Defendants, and any other losses, liabilities, costs, or expenses, including reasonable attorneys' fees incurred by Defendants, arising out of or relating to any such taxes, assessments, interest, or penalties attributable to such Settlement Class Member.

5.7.    Settlement Class Representatives, Settlement Class Counsel, Defendants, Defendants' Counsel, and the Distribution Escrow Agent do not provide any tax advice whatsoever and shall have no liability whatsoever for any taxes or assessments due, if any, on the Gross Settlement Fund or the Settlement Distribution Fund and make no representation or warranty regarding the tax treatment of any amount paid or received under this Settlement. Any Settlement Class Member with tax questions or concerns is urged to immediately contact his/her/its/their own tax adviser. Defendants, Defendant's Counsel, and the Released Parties will have no input in determining the amount of taxes payable by the Settlement Class or how the taxes will be paid from the Gross Settlement Fund or the Distribution Settlement Fund and likewise will not be bound

in any respect by such determination or be attributed with any agreement as to whether the taxes paid by the Settlement Class are due or payable.

5.8.    Defendants, Defendants' Counsel, and the Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the maintenance, investment, distribution, or any other action or inaction related to the Settlement Distribution Fund, the establishment or maintenance of the Deposit Escrow Account or the Distribution Escrow Account after the Court enters the Final Order, the payment or withholding of any taxes, or any other expenses or losses in connection with such matters.

5.9.    Before making any distribution, the Settlement Class Counsel must request and receive approval from the Court if not otherwise provided in the Final Order. The request for distribution shall include the amount of the distribution and any supporting evidence necessary for the Court to verify that the amount is consistent with the terms of the Settlement and any applicable Court order.

### 6.    Claims Administration, Allocation, and Distribution of Settlement Distribution Fund

6.1.    The Allocation Methodology is a matter separate and apart from the proposed Settlement between Settlement Class Representatives and Defendants and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of this Settlement.  Provided that none of the terms of this Settlement Agreement are modified by such decision, any decision by the Court concerning the Allocation Methodology shall not affect the validity or finality of the Settlement or operate to terminate or cancel this Settlement Agreement or affect the finality of the Judgment.

6.2.    Settlement Class Counsel shall, subject to Court approval, allocate the Settlement Distribution Fund to individual Settlement Class Members proportionately based on the Allocation

Methodology.

6.3.    No later than thirty (30) days prior to the Final Fairness Hearing, Settlement Class Counsel will provide a final schedule of payments to be made to Settlement Class Members.

6.4.    No later than fourteen (14) days prior to the Final Fairness Hearing, Class Representatives will file and seek approval of a Final Plan of Allocation ("Distribution Order"). The Distribution Order will indicate the proportionate amount of the Settlement Distribution Fund to be paid to each Settlement Class Member pursuant to the Allocation Methodology and the Final Plan of Allocation. The Distribution Order will authorize the Deposit Escrow Agent to transfer the Settlement Distribution Fund to the Distribution Escrow Account.

6.5.    On or before the date required to report and identify Opt-Out Claimants in paragraph 9.2, Settlement Class Counsel will provide Defendants with the detail necessary for Defendants to verify the calculation of the amounts attributable to the Opt-Out Returned Funds.  If Defendants believe in good faith that the amount of the Opt-Out Returned Funds should be greater, Defendants' Counsel shall notify Settlement Class Counsel of the basis for Defendants' dispute including the amount per Opt-Out Claimant that Defendants assert is correct. If Settlement Class Counsel cannot agree to any or all of the Defendants' calculations, the Settlement Class Counsel shall notify the Deposit Escrow Agent of the dispute, and the Deposit Escrow Agent shall retain the amount equal to the total amount Defendants believe should be attributable to all Opt-Out Claimants less the total amount Settlement Class Counsel reports is attributable to all Opt-Out Claimants ("Total Disputed Amount").  Except for the Total Disputed Amount, the Distribution Escrow Agent shall make payments to Settlement Class Counsel, Settlement Class Representatives, and Anadarko, if applicable, as approved by the Court and further transfer the Settlement Distribution Fund less the Total Disputed Amount until the dispute is brought before and resolved by the Court. If the dispute is decided by the Court, the Court may in its discretion

award reasonable attorneys' fees and costs incurred in bringing the matter to the Court for resolution to the party the Court determines to be the prevailing party.

6.6.    If not otherwise already done, within seven (7) days after the Effective Date, the Deposit Escrow Agent will refund to Defendants from the Gross Settlement Fund the amount attributable to Opt-Out Returned Funds except the Total Disputed Amount that will only be paid after the Court makes its decision on the dispute.

6.7.    The Settlement Distribution Fund will be distributed under Settlement Class Counsel's supervision in accordance with this Settlement Agreement, the Distribution Order and subject to the jurisdiction of the Court. The Settlement Distribution Fund shall be distributed to Settlement Class Members according to the Distribution Order.

6.8.    Neither the Gross Settlement Fund nor the Settlement Distribution Fund shall be distributed without Court approval.

6.9.    After Court approval of the Final Plan of Allocation and entry of the Distribution Order, Distribution Escrow Agent shall make prompt distribution to Settlement Class Members as governed by the Distribution Order. It is contemplated that distributions may be made in waves, where using that approach is more efficient, so that payments to readily identified owners are not unduly delayed. Settlement Class Counsel will make a diligent effort to mail the first Distribution Checks within ninety (90) days after entry of the Distribution Order. Settlement Class Counsel will make a diligent effort to distribute the remainder of the Settlement Distribution Funds to Settlement Class Members within one year after the Distribution Order. Any portion of the Settlement Distribution Fund remaining in the Distribution Escrow Account after one year from issuance of the Distribution Order shall be considered Residual Unclaimed Funds.

6.10.    Commercially reasonable efforts will be used to determine and notify Settlement Class Members as well as distribute the Settlement Distribution Fund.

6.11. Included with each Distribution Check shall be an enclosure that includes the following notice (or, if a change is required by the Court, a notice substantially the same as the following):

> Class Member: The enclosed check represents a share of the Settlement Distribution Fund in the settlement of the that settlement class action entitled *Deselms, et al v. Occidental Petroleum Corporation, et al,*, No. 19-CV-243-KHR, United States District Court for the District of Wyoming. You are receiving this distribution check because you have been identified as a Settlement Class Member in this action. If you are not legally entitled to the proceeds identified on the check, the Court has entered an Order that requires you to pay these proceeds to persons legally entitled thereto or return this check uncashed to the sender.

> The person to whom this check was originally made payable, and anyone to whom the check has been assigned by that person, has accepted this payment pursuant to the terms of the Settlement Agreement, Notice of Class Settlement, and Judgment related thereto, which releases, *inter alia*, the Released Parties and Additional Released Parties (as defined in the Settlement Agreement) from any and all Released Claims (as defined in the Settlement Agreement). Pursuant to the Order of the Court, it is the duty of the payee of the check to ensure that the funds are paid to the Class Member(s) entitled to the funds, and the release by Class Member(s) entitled to the funds shall be effective regardless of whether such Class Member(s) receive some, all, or none of the proceeds paid to a payee of a settlement check.

> This check shall be null and void if not endorsed and negotiated within ninety (90) days after its date. The Release of claims provided in the settlement shall be effective regardless of whether this check is cashed.

6.12. Defendants, Defendants' Counsel, the Released Parties, the Distribution Escrow Agent, Class Representatives, and Settlement Class Counsel shall have no liability to any Settlement Class Member for mispayments, overpayments, or underpayments of the Settlement Distribution Fund.

6.13. Upon completing all distributions of the Settlement Distribution Fund, complying with the Court's order(s) in furtherance of this Settlement, and distributing the Residual Unclaimed Funds pursuant to the Court's order(s), the Distribution Escrow Agent and Settlement Class Counsel will have satisfied all obligations relating to the payment and distribution of the Settlement Distribution Fund.

6.14.    To the extent not specifically addressed above or otherwise by court order, any amount of the Settlement Distribution Fund that remains in the Distribution Escrow Account one calendar year after the Settlement Class Counsel sends the final wave of Distribution Checks and for which further distribution is not economically reasonable, shall be considered Residual Unclaimed Funds.

6.15.    Within one calendar year after the Distribution Escrow Agent or Settlement Class Counsel sends the final wave of Distribution Checks, the Distribution Escrow Agent and Settlement Class Counsel shall prepare a reconciliation of payments made inclusive of the Residual Unclaimed Funds. The reconciliation must include (a) a detail of each distribution made; (b) the detail of any interest or other returns earned; and (c) the total Residual Unclaimed Funds and detail sufficient to verify that total.

6.16.    Settlement Class Counsel shall submit to the Court said reconciliation and move the Court for distribution of the Residual Unclaimed Funds to the Non-Profit Recipient.

6.17.    The Court shall retain jurisdiction to determine any issues relating to the payment and distribution of the Settlement Distribution Fund as well as the Residual Unclaimed Funds, and any claims relating thereto shall be determined by the Court alone, and shall be limited to a determination of the claimant's entitlement to any portion of the Settlement Distribution Fund, and no consequential, punitive or other damages, fees, interest or costs shall be awarded in any proceeding regarding any such determination.

6.18.    The Release, Dismissal, and Covenant Not to Sue shall be effective as provided in this Settlement Agreement, regardless of whether or not particular members of the Settlement Class did or did not receive payment from the Settlement Distribution Fund and regardless of whether or not any Settlement Class Member who was obligated pursuant to the Judgment to pay some or all of the distributed funds to another Settlement Class Member in fact made such payment to such

33

other member of the Settlement Class. The failure of a Class Member to receive a payment from the Settlement Distribution Fund or the failure of a Settlement Class Member to make payment to another Settlement Class Member pursuant to the payment obligations of the Judgment shall not be a defense against enforcement of the Release Dismissal, and Covenant Not to Sue by the Released Parties, as to any Class Member.

6.19.    Except in the case of willful and intentional malfeasance of a dishonest nature directly causing such loss, the Distribution Escrow Agent shall have no liability for loss of any portion of any funds under any circumstances.  Settlement Class Representatives, Settlement Class Counsel, the Settlement Class, Defendants, Defendant's Counsel and the Released Parties shall have no liability for loss of any portion of any funds under any circumstances except for willful and intentional malfeasance and, in the event of such willful and intentional malfeasance, only the party whose malfeasance directly caused the loss has any liability for the portion of funds lost.

### 7.    Settlement Class Counsel's Attorneys' Fees, Case Contribution Award, Litigation Expenses, and Administration, Notice, and Distribution Costs

7.1.    No later than fourteen (14) calendar days prior to the Final Fairness Hearing, Settlement Class Counsel may apply to the Court for an award of (i) Settlement Class Counsel's Attorneys' Fees, Litigation Expenses and Administration, Distribution, and Notice Costs, and (ii) Settlement Class Representatives' Case Contribution Awards. Defendants have no additional obligation for Settlement Class Counsel's Attorneys' Fees, Litigation Expenses, Administration, Distribution, and Notice Costs, or Case Contribution Awards which shall be paid from the Gross Settlement Fund. Therefore, Defendants shall not take any position with respect to (a) the application or amount of Settlement Class Counsel's Attorneys' Fees, Case Contribution Awards, Litigation Expenses or Administration, Distribution, and Notice Costs sought; or (b) with respect to whether the Court should make any or all such awards. Any award of Settlement Class Counsel's

Attorneys' Fees, Litigation Expenses and Administration, Distribution, and Notice Costs will be governed by federal common law as set forth in paragraph 11.8 below. Settlement Class Representatives and Settlement Class Counsel agree to seek any award of Settlement Class Counsel's Attorneys' Fees, Litigation Expenses, and Case Contribution Awards exclusively from the Gross Settlement Fund. Defendants, Defendants' Counsel and the Released Parties shall have no responsibility for and shall take no position with respect to Settlement Class Counsel's Attorneys' Fees, Litigation Expenses or Case Contribution Awards, nor will they encourage or communicate with any anyone to object thereto.

7.2.    Subject to the conditions and qualifications set forth below, any Settlement Class Counsel's Attorneys' Fees and reimbursement of Litigation Expenses and Administration, Distribution, and Notice Costs awarded to Settlement Class Counsel by the Court shall be paid to Settlement Class Counsel from the Gross Settlement Fund.  To the extent practicable and through reasonably diligent efforts by the Deposit Escrow Agent, said payments shall be made no earlier than seven (7) days following the Effective Date. The terms of this provision may only be altered or amended by written agreement signed by Defendants and Settlement Class Counsel.

7.3.    Any Case Contribution Awards that are awarded by the Court shall be paid to Settlement Class Representatives from the Gross Settlement Fund.  To the extent practicable and through reasonably diligent efforts by the Deposit Escrow Agent, said payments shall be made no earlier than seven (7) days following the Effective Date.

7.4.    An award of Settlement Class Counsel's Attorneys' Fees, Case Contribution Awards, or Litigation Expenses is not a necessary term of this Settlement Agreement and is not a condition of this Settlement Agreement. No decision by the Court or any court on any application for an award of Settlement Class Counsel's Attorneys' Fees, Case Contribution Awards or Litigation Expenses shall affect the validity or finality of the Settlement.   Settlement Class

Representatives and Settlement Class Counsel may not cancel or terminate the Settlement Agreement or the Settlement based on this Court's or any other court's ruling with respect to Settlement Class Counsel's Attorneys' Fees, Case Contribution Awards or Litigation Expenses.

## 8.    Requests for Exclusion

8.1.    Settlement Class Representatives and Other Named Plaintiffs shall not submit a Request for Exclusion and neither Settlement Class Representatives, Settlement Class Counsel, Defendants, Defendants' Counsel, nor anyone acting on behalf of said persons or entities shall encourage any Putative Settlement Class Member to submit a Request for Exclusion. Nevertheless, this Settlement Agreement does not prohibit Settlement Class Counsel from counseling any Putative Settlement Class Member as to his, her, or its legal rights under this Settlement Agreement or prohibit any Putative Settlement Class Member who seeks such counsel from Settlement Class Counsel from electing to file a Request for Exclusion from the Settlement Class in accordance with the Court's orders on the subject.

8.2.    Any Putative Settlement Class Member who timely and properly submits a valid Request for Exclusion, as described below, shall have no right to object to the Settlement in any way, including but not limited to the fairness, reasonableness, and/or amount of any aspect of the Settlement, Notice of Class Settlement, Settlement Class Counsel's request for Settlement Class Counsel's Attorneys' Fees and Litigation Expenses, Notice of Class Settlement, the Case Contribution Awards, the Allocation Methodology, any Plan of Allocation using the Allocation Methodology or any distribution of the Settlement Distribution Fund or Residual Unclaimed Funds.

8.3.    All Requests for Exclusion must be served on Defendants' Counsel and Settlement Class Counsel by United States Certified Mail, Return Receipt Requested, in compliance with any and all requirements imposed on Requests for Exclusion as contained in the Preliminary Approval

Order and the Notice of Class Settlement at least thirty (30) calendar days prior to the Final Fairness Hearing, unless such deadline is changed or altered by Order of the Court.

8.4.    All Requests for Exclusion must include: (a) the Putative Settlement Class Member's name, address, telephone number, settlement class number and a notarized signature, and (b) a statement that the Putative Settlement Class Member wishes to be excluded from the Settlement Class in *Deselms v. Occidental*.  Requests for Exclusion may not be submitted through the website or by telephone, facsimile, or email.

8.5.    All Settlement Class Members and their heirs, successors, and assigns will be enjoined by the Court in the Judgment from filing or prosecuting the Released Claims, without regard as to whether a member of the Settlement Class Member actually received a payment from the Settlement Distribution Fund, and without regard as to whether any payment received was correctly determined.

## 9.    Termination

9.1.    If (a) the Court enters an order denying the motion for preliminary approval of the Settlement or expressly declines to enter the Preliminary Approval Order; (b) the Court refuses to approve this Settlement Agreement; (c) the Court denies the motion for final approval or declines to enter the Judgment; or (d) the Judgment is modified or reversed and such modification or reversal becomes Final and Non-Appealable, this Settlement Agreement shall terminate, and the Parties shall revert to the positions they occupied before the Settlement; provided, however, that any court decision, ruling, or order solely with respect to an application for Settlement Class Counsel's Attorneys' Fees, Case Contribution Awards, the Litigation Expenses, or to the Allocation Methodology (or any Plan of Allocation using the Allocation Methodology) shall not be grounds for termination.

9.2.    Defendants shall have the right and option, in their sole discretion, to terminate this

Settlement if (i) Opt-out Claimants possess ten percent (10%) or more of the Settlement Class Minerals, (ii) any Settlement Class Representative or Other Named Plaintiffs seeks and is excluded from the Settlement Class, or (iii) any trust or business entities controlled by the Settlement Class Representatives or the Other Named Plaintiffs seeks and is excluded from the Settlement Class. Within five (5) business days after the opt-out period ends under Section 8.3, Settlement Class Counsel shall inform Defendant's Counsel in writing regarding the results of that determination to include a list of the Opt-Out Claimants that identifies each Opt-out Claimant, a designation of any Opt-Out Claimant who is a Settlement Class Representative or Other Named Plaintiff, and the net mineral acres of Settlement Class Minerals owned by each Opt-Out Claimant. Defendants must elect to terminate this Settlement Agreement by written notice delivered to Settlement Class Counsel on or before the expiration of twenty-one (21) days following the date on which the Settlement Class Counsel provides the above-referenced written notice of the threshold for opt-outs. If Defendants do not exercise their right to terminate on or before the expiration of that twenty-one (21) day period, Defendants' right to terminate shall expire. If Defendants timely and properly exercise their option to terminate this Agreement, this Agreement shall become null and void, subject to the provisions of this paragraph, all orders of the Court preliminarily or otherwise certifying the Settlement Class shall be vacated and the Parties shall be returned to the status quo that existed in the Litigation before the Parties had preliminarily agreed to propose this Settlement (subject to appropriate extensions of deadlines to enable the Litigation to proceed). If the Settlement Agreement terminates under paragraph 9 hereof:

a) the Effective Date shall not occur;

b) Settlement Class Representatives, the Liability Class and Defendants shall be restored to their respective positions prior to the Settlement;

c) the terms and provisions of this Settlement Agreement shall have no further force and effect with respect to Settlement Class Representatives, the Liability Class, Defendants, or any Settlement Class Member and shall not be used in the Litigation

38

or in any other proceeding;

d)      any Judgment or other Order, including any Order certifying the Settlement Class for settlement purposes only and entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*;

e)      the Gross Settlement Fund will be returned to Defendants within twenty (20) days of Defendants' election;

f)      at least fifty percent (50%) of income earned on the Gross Settlement Fund shall be returned to Defendants, and up to fifty percent (50%) may be used to pay the Administration, Distribution, and Notice Costs. If Settlement Class Counsel have expended less than fifty percent (50%) of the income earned on the Gross Settlement Fund on Administration, Distribution, and Notice Costs, Settlement Class Counsel will return to Defendants the difference.

g)      the Litigation shall proceed as if the Settlement Agreement and any orders or motions entered to further the Settlement were never entered.

h)      the Defendants shall have the right to file an unopposed motion for an order incorporating the provisions of this paragraph, including instructions to the Deposit Escrow Agent to release funds to the Defendants.

## 10.    Objections

10.1.    The Notice of Class Settlement shall require that any objection to the Settlement, this Settlement Agreement, Settlement Class Counsel's Attorneys' Fees, Litigation Expenses or Case Contribution Awards be in writing and comply with all the requirements set forth by the Court in the Preliminary Approval Order and Notice of Class Settlement.

10.2.    If the Court determines the Settlement, including the Allocation Methodology, the Final Plan of Allocation, the award of Settlement Class Counsel's Attorneys' Fees, the Case Contribution Awards and Litigation Expenses are fair, adequate and reasonable to the Settlement Class Members and Settlement Class Representatives, Settlement Class Counsel shall then represent the Settlement Class Members as a whole in all future proceedings in district court or on appeal even if Settlement Class Members have objected to the Settlement and those objectors are severed for purposes of appeal and consistent with paragraph 10.3.

10.3.    The Parties entered into the Settlement Agreement to provide certainty and finality

to an ongoing dispute. Any Settlement Class Member wishing to remain a Settlement Class Member, but objecting to any part of the Settlement, can do so only as set forth in the Preliminary Approval Order and Notice of Settlement approved by the Court (drafts of the exhibits proposed to the Court are attached). If, after hearing the objection(s), the Court determines that the Settlement, including but not limited to the Allocation Methodology, the Final Plan of Allocation, the award of Settlement Class Counsel's Attorneys' Fees or any Case Contribution Awards and reimbursement of Litigation Expenses is fair, adequate and reasonable to the Settlement Class Members as a whole, then either or both Settlement Class Representatives and Defendants (each in their sole discretion) may request that the Court require each objecting Settlement Class Member to preserve their appellate rights as follows (prior to filing a Notice of Appeal) and move for severance and separate appellate review of the Court's rulings on objections relating solely to one or more of the following: the Final Plan of Allocation, Settlement Class Counsel's Attorneys' Fees, any Case Contribution Awards and reimbursement of Litigation Expenses; provided, however, that none of the Parties shall file a motion for severance and separate appellate review of any objections to the fairness or approval of the Settlement Agreement.

10.4.    If the Court determines that the Settlement, including but not limited to the Allocation Methodology, the Final Plan of Allocation, the award of Settlement Class Counsel's Attorneys' Fees, any Case Contribution Awards and reimbursement of Litigation Expenses, as may be modified by the Court are fair, adequate and reasonable to the Settlement Class Members as a whole, then either or both Settlement Class Representatives and Defendants (each in their sole discretion) may request the Court to require any objecting Settlement Class Member, as a prerequisite to pursuing appeal, to put up a cash bond in an amount sufficient to reimburse (a) the appellate fees of Settlement Class Counsel and Defendants' Counsel and (b) the amount of lost interest to the nonobjecting Settlement Class Members caused by any delay in distribution of the

Settlement Distribution Fund caused by appellate review of the objection.

10.5.    Only a person or entity who remains a member of the Settlement Class shall have the right to object to the Settlement, the Settlement Agreement, Settlement Class Counsel's Attorneys' Fees, any Case Contribution Awards and reimbursement of Litigation Expenses. In order for an objection to be valid, the written objection must be (a) filed with the Court and served on Settlement Class Counsel and Defendants' Counsel by United States Certified Mail, Return Receipt Requested at least twenty-one (21) calendar days prior to the Final Fairness Hearing, unless such deadline is extended or altered by Order of the Court and (b) contain the following:

    i.    A heading referring to *Deselms, et al. v. Occidental Petroleum Corporation, et al.*, No. 19-CV-243-KHR, United States District Court for the District of Wyoming;

    ii.    A statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address and telephone number;

    iii.    A detailed statement of the specific legal and factual basis for each and every objection including whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection;

    iv.    A list of any witnesses the objector wishes to call at the Final Fairness Hearing, together with a brief summary of each witness's expected testimony (to the extent the objector desires to offer expert testimony and/or an expert report, any such evidence must fully comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court);

    v.    A list of and copies of any exhibits the objector may seek to use at the Final Fairness Hearing;

    vi.    A list of any legal authority the objector may present at the Final Fairness Hearing;

    vii.    The objector's name, current address, current telephone number, and all owner identification numbers assigned to the objector as part of the Notice of Settlement;

    viii.    The objector's signature executed before a Notary Public or other officer authorized by law to administer oaths in the jurisdiction where the objector

executes the signature; and

ix.    If the objector is objecting to any portion of the Settlement Class Counsel's Attorneys' Fees, Litigation Expenses, or Case Contribution Awards sought by Class Representatives or Settlement Class Counsel on the basis that the amounts requested are unreasonable, the objector must specifically state the portion of such requests he/she/it believes is fair and reasonable and the portion that is alleged to not be fair and reasonable.

Any Class Member who fails to timely file such written statement and provide the required information will not be permitted to present any objections at the Final Fairness Hearing, and such failure will render any such attempted objection untimely and of no effect. All presentations of objections will be further limited to the information listed by the Settlement Class Member making the objection. A Settlement Class Member's mere compliance with the foregoing requirements does not in any way guarantee a Settlement Class Member the ability to present evidence or testimony at the Final Fairness Hearing. The decision whether to allow any testimony, argument, or evidence, as well as the scope and duration of any and all presentations of objections at the Final Fairness Hearing, will be in the sole discretion of the Court.

10.6.    The Parties will not object to the fairness, adequacy, or reasonableness of the Settlement. Nor will Defendants take any adverse position, including on appeal, regarding Settlement Class Counsel's Attorneys' Fees, reimbursement of Litigation Expenses, Case Contribution Awards or the Allocation Methodology (or any Plan of Allocation using the Allocation Methodology).

## 11.    Other Terms and Conditions

11.1.    Defendants expressly deny all allegations of wrongdoing or liability with respect to the claims and allegations in the Litigation and deny that the Litigation could have been properly maintained as a class action. It is expressly agreed that neither this Settlement, the Settlement Agreement, any document referred to herein, nor any action taken to carry out the Settlement is,

may be construed as, or may be used as, evidence of or an admission or concession by Defendants of any fault, wrongdoing, or liability whatsoever with respect to the claims and allegations in the Litigation, or class certifiability. There has been no determination by any court, administrative agency, or other tribunal regarding the claims and allegations made in this Litigation. By agreeing to settle the claims of the Settlement Class in the Litigation, Defendants do not admit that the Litigation could have been properly maintained as a contested class action and the Settlement Class does not admit any deficiency in the merits of their claims. Defendants assert they would have valid defenses to Settlement Class Representatives' and the Settlement Class Members' claims and are entering into the Settlement solely to compromise the disputed claims and avoid the risk and expense of continued litigation.

11.2.    Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, and the Settlement Agreement itself, are not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement and shall not be offered or received in evidence in any action or proceeding by or against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between Defendants and any Class Member(s), the provisions of the Settlement Agreement, or the Judgment, or to seek an Order barring or precluding the assertion of Released Claims in any proceeding. Further, Class Representatives and Defendants agree that any judgment approving this Settlement Agreement shall not give rise to any collateral estoppel effect as to the certifiability of any class in any other proceeding.

11.3.    Class Representatives and Defendants shall use reasonable, good-faith efforts to encourage and obtain approval of the Settlement. Class Representatives and Defendants also agree to use reasonable, good faith efforts to promptly prepare and execute all documentation as may be

reasonably required to obtain final approval by the Court of this Settlement and to carry out the terms of this Settlement Agreement.

11.4.    Within thirty (30) calendar days after the Effective Date, each Party will ascertain whether the documents produced in this Litigation and subject to the provisions of the Protective Order filed in the Litigation require destruction or further action and shall certify that Party's compliance to the other Party.

11.5.    Except as otherwise provided herein or by a writing signed by all the signatories hereto, the Settlement Agreement shall constitute the entire agreement among Settlement Class Representatives and Defendants related to the Settlement of the Litigation, and no representations, warranties, or inducements have been made to any party concerning the Settlement other than the representations, warranties and covenants contained and memorialized in the Settlement Agreement. Further, none of the Parties have relied upon any representations, warranties or covenants made by any other Party other than those expressly contained and memorialized in the Settlement Agreement. This Settlement Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all signatories hereto or their successors-in-interest.

11.6.    This Settlement Agreement may be executed in one or more counterparts, including by facsimile or imaged (such as DocuSign or similar) signatures. Facsimile or imaged signatures will have the same force and effect as original signatures. All executed counterparts taken together shall be deemed to be one and the same instrument. Counsel for the Parties shall exchange among themselves signed counterparts of this Settlement Agreement. Settlement Class Representatives and Defendants will file a complete copy of the Settlement Agreement that has been executed by all Parties with the Court.

11.7.    Settlement Class Representatives and Defendants and their respective Counsel have

44

mutually contributed to the preparation of the Settlement Agreement. Accordingly, no provision of the Settlement Agreement shall be construed against any party on the grounds that one of the parties or its counsel drafted the provision. Settlement Class Representatives and Defendants are each represented by competent counsel who have advised their respective clients as to the legal effects of this Settlement, and neither Settlement Class Representatives nor Defendants have received or relied upon advice from opposing counsel. Except as otherwise provided herein, each Party shall bear its own costs in connection with the Settlement and preparation of the Settlement Agreement.

11.8.    To promote certainty, predictability, and the full enforceability of this Settlement Agreement as written , this Settlement Agreement shall be governed solely by federal law as to due process, class certification, judgment, collateral estoppel, res judicata, release, settlement approval, allocation, case contribution award, the right to and reasonableness of attorneys' fees and expenses, and all other matters for which there is federal procedural or common law, including federal law regarding federal equitable common fund class actions.

11.9.    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, trustees, and assigns of the Parties hereto.

11.10.  Neither Settlement Class Representatives nor Defendants shall assert any claims that the other violated the Wyoming or Federal Rules of Civil Procedure or any other law or rule governing litigation conduct in the maintenance or defense of the Litigation.

11.11.  The headings in the Settlement Agreement are used for the purpose of convenience only and are not meant to have legal effect.

11.12.  All disputes and proceedings with respect to the administration of the Settlement and enforcement of the Judgment shall be subject to the jurisdiction of the Court. Settlement Class Representatives, the Settlement Class Members and Defendants waive any right to trial by jury of

any dispute arising under or relating to this Settlement Agreement or the Settlement or the enforcement thereof.

11.13.  To the extent non-material modifications of this Settlement Agreement are necessary, such modification may be made by written agreement among Settlement Class Representatives and Defendants after the Execution Date without further notice to the Settlement Class as provided herein. This Settlement Agreement and attached exhibits represent the entire, fully integrated agreement between the Parties with respect to the Settlement of the Litigation and may not be contradicted by evidence of prior or contemporaneous oral or written agreements between the Parties. This Settlement Agreement cancels and supersedes any and all prior agreements, understandings, representations and negotiations concerning this Settlement. No additional obligations or understandings shall be inferred or implied from any of the terms of this Settlement Agreement as all obligations, agreements, and understandings with respect to the subject matter hereof are solely and expressly set forth herein. It is understood and agreed that the Parties rely wholly on their own respective judgment, belief, and knowledge of the facts relating to the making of this Settlement, which is made without reliance upon any statement, promise, inducement, or consideration not recited herein.

11.14.  All counsel and any other persons executing this Settlement Agreement, and any of the exhibits hereto or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Settlement Agreement to effectuate its terms. Settlement Class Representatives and each member of the Settlement Class are deemed to represent and warrant that he, she, or it holds the claims being released in the Settlement and that he, she, or it has full authority to release such claims.

11.15.  Settlement Class Representatives and Defendants stipulate and agree that (a) all

activity in the Litigation, except that contemplated in the Settlement Agreement, the Preliminary Approval Order, the Notice of Class Settlement, and the Judgment shall be stayed; and (b) all hearings, deadlines, and other proceedings, except the preliminary approval hearing (if any) and the Final Fairness Hearing shall be taken off the Court's calendar.

11.16.  If any Party is required to give notice to the other Party under this Settlement Agreement, such notice shall be in writing and shall be deemed to have been duly given upon receipt by hand delivery, facsimile transmission, certified USPS mail, overnight mail, or electronic mail to the individuals named in the signature blocks below.

11.17.  The Parties agree that the settlement terms reached at mediation are superseded in their entirety by this Settlement Agreement.

11.18.  The Parties agree the Litigation and the Settlement do not relate to the offering of goods or services to persons in the European Union or the monitoring of behavior of persons residing in the European Union; thus, the Parties and their Counsel are not subject to the General Data Protection Regulation (GDPR) by virtue of anything related to this Settlement.

**IN WITNESS WHEREOF**, the parties and counsel have executed this Agreement, in several, as of September 2024 but more specifically the date set forth in the following pages as to the signatures submitted.

Attachments:

| | |
|---|---|
| Exhibit 1: | Preliminary Approval Order |
| Exhibit 2: | Judgment |
| Exhibit 3: | Notice of Class Settlement (for Mailing and Website) |
| Exhibit 4: | Supplementary Notice of Class Settlement (to be included in the mailed notice to each member and that is personalized) |
| Exhibit 5: | Notice of Class Settlement (for Publication) |
| Exhibit 6: | Schedule of Full Sections Containing Settlement Class Minerals |

[Signature Pages Follow]

## SIGNATURE PAGES

### Settlement Agreement

### Class Representatives:

_____

Anita C. Deselms,
Trustee of the Anita C. Deselms Living Trust

Date: _____

_____

Ron Rabou,
Manager of the Rabou Resources, LLC

Date: _____

_____

Russell I. Williams,
Trustee of the Russell I. Williams, Jr. Revocable Trust U/A dated 7/27/83

Date: _9/26/24_____

_____

John C. Eklund, Jr.,
Trustee of the John C. Eklund Revocable Trust UA April 25, 2011

Date: _9/26/24_____

_____

Brandi J. Miller,

Date: _____

_____

Justin Miller,

Date: _____

49

**Signature:**

**Email:** 5fbarranch@gmail.com

**Signature:** _Anita C Deselms (Sep 26, 2024 14:28 MDT)_

**Email:** carriefnp@aol.com

**Signature:**

**Email:** hansenville@hotmail.com

**Signature:** _Brandi Miller_
_Brandi Miller (Sep 26, 2024 14:35 MDT)_

**Email:** brandi.miller4411@gmail.com

**Signature:** _Justin Miller_
_Justin Miller (Sep 26, 2024 14:36 MDT)_

**Email:** brandi.miller4411@gmail.com

**Signature:**

**Email:** rubarb111@msn.com

**Signature:** _Ronald F Rabou_

**Email:** raboufarms@gmail.com

## SIGNATURE PAGES

### Settlement Agreement

**Defendants:**

James E. Holtz,
Assistant Treasurer of Occidental Petroleum Corporation

Date: 9/26/24

James E. Holtz,
Treasurer of Anadarko Petroleum Corporation

Date: 9/26/24

James E. Holtz,
Assistant Treasurer of Anadarko E&P Onshore, LLC

Date: 9/26/24

James E. Holtz,
Assistant Treasurer of Anadarko Oil & Gas 5, LLC

Date: 9/26/24

James E. Holtz,
Assistant Treasurer of Anadarko Land Corp.

Date: 9/26/24

<u>**EXHIBIT 1 TO THE SETTLEMENT AGREEMENT**</u>

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| Anita C. Deselms, et al., | |
| Class Representatives, | |
| v. | Civil Action No. 19-CV-243-KHR |
| Occidental Petroleum Corporation, et al., | |
| Defendants. | |

**ORDER GRANTING CLASS REPRESENTATIVES' UNOPPOSED MOTION TO PRELIMINARILY APPROVE CLASS ACTION SETTLEMENT, CERTIFY THE CLASS FOR SETTLEMENT PURPOSES, APPROVE FORM AND MANNER OF NOTICE, APPOINT SETTLEMENT CLASS REPRESENTATIVES AND SETTLEMENT CLASS COUNSEL, APPOINT THE DEPOSIT ESCROW AGENT AND DISTRIBUTION ESCROW AGENT, AND SET DATE FOR FINAL FAIRNESS HEARING**

This matter concerns the Defendants' alleged anticompetitive conduct in eastern Laramie County, Wyoming, including claims under both federal and state law antitrust statutes. This Court previously certified a class to be "maintained as a class action for liability purposes only," in its *Order Certifying Class Pursuant to Fed. R. Civ. P. 23(c)(4)* (ECF 227) ("Liability Only Certification Order")*. The Court appointed Anita C. Deselms, John C. Eklund, Jr., Justin W. Miller, Brandi J. Miller, Ron Rabou, and Russell I. Williams, Jr. as Class Representatives. The class being proposed for certification in the matter before the Court in *Class Representatives' Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class for Settlement Purposes, Approve Form and Manner of Notice, Appoint Settlement Class Representatives and Settlement Class Counsel, Appoint the Deposit Escrow Agent and*

1

*Distribution Escrow Agent, and Set Date for Final Fairness Hearing* ("Motion for Preliminary Approval") is identical in definition to that which was certified in the Liability Only Certification Order except the present request for certification proposes a settlement of this litigation on a class basis, including damages, rather than one limited to liability issues.

In its *Order Granting in Part and Denying in Part Plaintiffs' Motion to Certify Class* (ECF 220), this Court found that requirements of numerosity (*Id*. at 26), commonality (*Id*.), typicality (*Id*. at 26-27), and adequacy (*Id*. at 27-28) were met. That certification order was affirmed by the United States Court of Appeals for the Tenth Circuit (ECF 275). While this Court examines those issues anew for the purposes of the present Motion for Preliminary Order, the Court is cognizant of its earlier findings and the reasoning for those findings.

This Court has made no liability findings against the Defendants and liability issues were to be submitted in a three-week jury trial set to commence on August 12, 2024. On August 7, 2024, the Honorable William F. Downes (retired) mediated the case. The mediation was attended by the parties or their designated representatives. *J. N. Murdock Declaration in Support of Motion for Preliminary Approval Order* ("Murdock Declaration"), Exhibit 4 at 14. The parties, through Judge Downes's efforts, were able to resolve the case through these arms' length negotiations. *Id*. A little more than a week later, with Judge's Downes's help, the parties likewise executed a term sheet for their settlement ("Term Sheet"). *Id*. The Term Sheet contained a dispute resolution provision in which the parties agreed that Judge Downes would "act as a sole arbitrator to decide whether requested terms proposed in the Settlement Agreement" conformed to those of the Term Sheet. *Id*. The parties have now executed the *Settlement Agreement* ("Settlement Agreement") filed in this matter as Exhibit 1 to the Motion for Preliminary Approval. The Settlement Agreement sets forth the terms and conditions of the

settlement that was made ("Settlement"). In accordance with the Settlement Agreement, the Class Representatives now present the Settlement Class Action to the Court for preliminary approval under Federal Rule of Civil Procedure 23(e).

After reviewing the pleadings, the Motion for Preliminary Approval, and the *Class Representatives Brief in Support of the Motion for Preliminary Approval* ("Brief") together with the declarations attached to their Brief, the Court finds the Motion for Preliminary Approval should be granted and the facts, terms, and conditions of the Settlement warrant the issuance of notice to the Settlement Class.

Upon reviewing the Settlement and the Motion for Preliminary Approval, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.    For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement unless otherwise defined herein.

2.    The Court finds the Settlement Class should be certified at this stage for the purposes of this Settlement, as the Settlement Class meets all certification requirements of Federal Rule of Civil Procedure 23 for a settlement class. The Settlement Class is certified for settlement purposes only, subject to the Court's final consideration at the Final Fairness Hearing and its reviews of any objections to the Settlement filed in this Court.

3.    The Settlement Agreement delineates with specificity the oil and gas minerals that are subject to the Settlement during the period beginning and including November 1, 2017, and ending and including October 19, 2020 ("Class Period"):

> "**Settlement Class Minerals**" mean oil and gas minerals located in the Niobrara and/or Codell geologic formations east of Range 67 West in Laramie County having oil and gas pools that could be reasonably produced as

demonstrated by industry's filing of drilling and spacing applications or applications for drilling permits in at least 50% of the sections in the relevant township that were not under an oil and gas lease to drill and operate wells during the Class Period; and were located either:

    A.    Within a section that had a 30% Intracompany Lease covering at least 50% of the oil and gas minerals provided the lease or memorandum of the lease was filed in the Laramie County public records disclosing the royalty rate, or

    B.    In a section (or a part thereof) immediately bounded to the north, south, or both by a section in which Defendants had a 30% royalty Intracompany Lease as set forth in subparagraph A above.

4.    Geographically, the sections in which Settlement Class Minerals exist are dispersed in eastern Laramie County as shown in the shaded sections below though it may be that only portions of any given section are Class Minerals:[1]

---

[1] The sections containing Settlement Class Minerals are also set forth by a township, range, and section description in Exhibit 6 to the Settlement Agreement.



*Cameron Corbett Declaration in Support of Motion for Preliminary Approval Order* ("Corbett Declaration"), Exhibit 3 at ¶7.

    5.    As provided in the Settlement Agreement, the certified Settlement Class is defined as follows:

> "**Settlement Class**" shall mean all persons, including individuals, estates, trusts, corporations, partnerships, and other business entities, having ownership of Class Minerals, as shown by the public records of the Clerk and Recorder of Laramie County, Wyoming. You are *not* a member of the Settlement Class if you are an owner who is: (1) a Defendant; (2) an officer, director, or employee of a Defendant, (2) an entity in which a Defendant has a controlling interest or is an affiliate, (3) any entity controlled by the buyer of Anadarko's leases or minerals, including Cowboy Land LLC, Sweetwater Trona HoldCo LLC, and any other affiliate of Orion Mine Finance Group, (4) anyone who has given a valid release concerning the Released Claims, (5) was a lessee of Class Minerals during the Class Period, or (6) an affiliate of the

Court.

6.      Subject to the Court's consideration of information and evidence provided at the Final Fairness Hearing, the Court finds the above-defined Settlement Class satisfies all prerequisites of Federal Rule of Civil Procedure 23(a) for purposes of the proposed class settlement:

a.      **Numerosity**. Class Representatives have shown that the Settlement Class has potentially over 2,000, but not less than 500, members residing in numerous states. *Id*. at ¶ 13. As found in *Order Granting in Part and Denying in Part Plaintiffs' Motion to Certify Class* (ECF 220), the difficulty, if not impossibility, of joining that number of parties is manifest due to their numbers and geographic dispersal. Settlement Class Representatives have demonstrated "[t]he class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, the Settlement Class consists of thousands of owners. Therefore, the Court finds the numerosity prerequisite is met.

b.      **Commonality**. The Class Minerals share in common their geographical location in relation to sections in which Anadarko minerals were burdened with a royalty rate what was alleged to be anticompetitive. Specifically, the Class Minerals were geographically in or adjacent to a section in which Defendants' minerals were burdened by a 30% Intracompany Lease and the Defendants possessed 50% or more of the minerals in that two-section configuration. Corbett Declaration at *Id.*. This Court did not certify a class for damages. However, this Court did examine and characterize the theory of damages advanced in the earlier certification proceeding:  "Plaintiffs contend this anticompetitive conduct created a large area of negative impacts to every mineral owner in the area because these owners were excluded from the market . . . .through this

6

expected common proof from Plaintiffs' experts, the antitrust impact claimed by Plaintiffs is a reduction of the value for all mineral interests owned by the class." *Opinion Granting in Part and Denying in Part Plaintiffs' Motion to Certify Class* (ECF 220) at 20. Consistent with their underlying theory of impact and damages, the Class Representatives have presented evidence showing the commonality of the Class Minerals in terms of an expected reduction in value on an aggregate basis due to an inability to lease. That theory is pinned upon a present inability to differentiate the individual productivity of any given part of the Class Minerals or the consequential reduction in their value caused by the Defendants' alleged anticompetitive conduct though in aggregate some of the minerals would have been leased and productively developed. Class Representatives' expert has opined that all of the Class Minerals are incapable of an expert determination of their individual actual profitable productivity or the relative productivity of one grouping of Class Minerals compared to other Class Minerals due in large part because no adequate exploration of those minerals has occurred to date. *Finley Declaration in Support of Motion for Preliminary Approval Order* ("Finley Declaration"), Exhibit 5 at ¶ 8. In that sense, the evidence presented on behalf of Class Representatives for the purposes of this Motion to Approve Preliminary Order is that Class Minerals cannot be accurately differentiated in their potential productivity but are instead treated as having equal productivity. The proposed allocation of monies received under the Settlement Agreement reflects that factual and legal proposition and requires that each Settlement Class Member receive the same distribution of the Settlement's consideration on a per net mineral acre basis as any other Settlement Class Member:

> "**Allocation Methodology**" means the *pro rata* distribution of the Settlement Distribution Fund on a per net mineral acre basis for the

Settlement Class Minerals, based on an individual Settlement Class Member's percentage ownership of the net mineral acreage owned by the entire Settlement Class yielding a Payment Amount Per Net Mineral Acre.  For example, if the total net mineral acres found in the Settlement Class Minerals were 1,000 net mineral acres and an individual Settlement Class Member owned 10 net mineral acres, that individual Settlement class member would be entitled to one percent (1%) (10/1,000) of the Settlement Distribution Fund.  Likewise, if the Settlement Distribution Fund were $1,000, that Settlement Class Member would be entitled to one percent (1%) of the Settlement Distribution Fund or Ten Dollars ($10.00).  The Payment Amount Per Net Mineral Acre would be equal to the amount of the Settlement Distribution Fund divided by the total net mineral acres found in the Settlement Class Minerals or $1,000/1,000 net mineral acres which equals one dollar per net mineral acre ($1/net mineral acre).

The Class Representatives have demonstrated "[t]here are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).

      c.    **Typicality**. The Class Representatives receive the same distribution per net mineral acre as any other Settlement Class Member[2]. They face similar, if not identical, issues arising from inadequate or non-existent evidence to individually predict the productivity of their minerals. They have shown in the context of the settlement distribution, "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3).

---

[2] The Settlement Class Representatives will each seek a Case Contribution Award that the Court must determine apart from their Settlement Class Minerals but rather for the time and resources that they have spent helping litigate this case including but not limited to meeting with Settlement Class Counsel to understand the case on a class basis in addition to assisting with pursuit of goals for the class's good, to oversee the progress of the case and to engage in negotiations concerning resolution of the case.

d.    **Adequacy**. Through their pursuit of this case through almost five years, the Settlement Class Representatives and Settlement Class Counsel have demonstrated "[t]he representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court previously found the Class Representatives in the liability class to be adequate. Their perseverance in this case, culminating in the proposed settlement, only illustrates their adequacy. Therefore, the Court hereby appoints as Settlement Class Representatives: Anita C. Deselms, Ron Rabou, Russel I. Williams, Jr., John C. Eklund, Jr., Justin W. Miller, and Brandi J. Miller. Likewise, this Court previously found the present class counsel to be adequate. The Court also finds that those counsel should be, and are hereby, appointed Settlement Class Counsel.

7.    The Court also finds the requirements of Federal Rule of Civil Procedure 23(b)(3) are met:

a.    **Predominance**. Class Representative has shown the terms and conditions surrounding the Settlement Class present "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3).

b.    **Superiority**. Class Representative has also established "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

In sum, the Court finds all prerequisites and requirements of Fed. R. Civ. P. 23(a)-(b) are satisfied for purposes of certifying a class for settlement purposes, subject to the Court's final consideration at the Final Fairness Hearing.

Settlement Class Counsel and Settlement Class Representatives maintain the settlement

recovery is fair, reasonable and adequate. It is clear the method of allocating the settlement will result in an equal and probably equitable distribution. Settlement Class Counsel and Settlement Class Representatives were only seven days from trying this case when it was resolved in the mediation before Judge Downes. During the mediation, the Class Representatives and Class Counsel came to understand that a settlement in the range ultimately achieved was fair, reasonable, and adequate. As part of the underlying case and in determining fair, reasonable and adequate settlement amounts, Settlement Class Counsel and the Settlement Class Representatives examined numerous factors including the logistical difficulties that would exist in establishing damages for all Class Members assuming a jury found the Defendants liable during the liability only trial set to commence on August 11, 2024. Murdock Declaration, Exhibit 4 at ¶¶ 7.c.i through 7.c.iv. Settlement Class Counsel and the Settlement Class Representatives believe those logistical obstacles were significant which demonstrates why a class-wide settlement of $12 million is fair, reasonable and adequate.

8.    Having considered the essential terms of the Settlement under the recognized standards for preliminary approval as set forth in the relevant jurisprudence, the Court preliminarily approves the Settlement, subject to the right of any member of the Settlement Class to challenge the fairness, reasonableness, and adequacy of any part of the Settlement, Settlement Agreement, Allocation Methodology, or the proposed Initial Plan of Allocation (or any other Plan of Allocation), and to show cause, if any exists, why the Judgment dismissing the Litigation based on the Settlement Agreement should not be ordered after adequate notice to the Settlement Class has been given in conformity with this Order. As such, the Court finds that those Class Members whose claims would be settled, compromised, dismissed, and released pursuant to the Settlement should be given notice and an opportunity to be heard

regarding final approval of the Settlement and other matters.

9.      The Court further preliminarily approves the form and content of the proposed Notices, which are attached to the Settlement Agreement as Exhibits 3–5, and finds the Notices to be used as part of the Notice Plan are the best notice practicable under the circumstances, constitute due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfy the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23. The Court finds the form and content of the Notices fairly and adequately:

(a) describe the terms and effect of the Settlement;

(b) notify the Settlement Class that Settlement Class Counsel will seek Settlement Class Counsel's Attorneys' fees, reimbursement of Litigation Expenses including Administration, Notice, and Distribution Costs, and the Case Contribution Awards for the Settlement Class Representatives;

(c) notify the Settlement Class of the time and manner of the Final Fairness Hearing;

(d) describe the procedure for requesting exclusion from the Settlement;

(e) describe the procedure for objecting to the Settlement or any part thereof; and

(f) direct potential Class Members to where they may obtain more detailed information about the Settlement.

10.     The Court also preliminarily approves the proposed manner of communicating the Notices to the Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled

to receive such notice, and fully satisfies the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23. Recognizing the effort that must be undertaken to establish ownership of the Putative Settlement Class Members, including the number of net mineral acres owned by each Putative Settlement Class Members, the parties have set aside one hundred twenty (120) days for those efforts, after which the Notice Program can begin issuing Notices. No later than one hundred fifty (150) days after entry of this Preliminary Approval Order:

      a.     Settlement Class Counsel or the Notice Manager will mail (or cause to be mailed) the Notices by mail to all Putative Settlement Class Members who have been identified after reasonable efforts to do so and will post the Notice to the settlement website. The Notices will be mailed to Putative Settlement Class Members at the last known addresses for each Putative Settlement Class Members or updated addresses found by the Settlement Class Counsel, their professional landmen or the Notice Manager. The Settlement Class Counsel will also publish or cause to be published the Notice as described below. It is not reasonable or economically practical for the Parties to do more to determine the names and addresses of Class Members.

      b.     The Settlement Class Counsel also shall publish (or cause to be published) the Notice of Settlement one time in: (a) *The Wyoming Tribune Eagle.* a paper of general circulation in Wyoming; and (b) *The Pine Bluff Post.*

      c.     The Settlement Class Counsel will also display (or cause to be displayed) on the Internet website used for the previous notice of the liability only class – www.OccidentalClassAction.com – or another website dedicated to this Settlement the documents previous published as well as following additional documents: (i) the Notice

of Settlement, (ii)) the Settlement Agreement, (iv) this Order, and (v) other publicly filed documents related to the Settlement.

        d.      The Notice Manager may employ additional means as set forth in the Notice Plan to inform Putative Settlement Class Members of the Settlement.

        e.      The Gross Settlement Fund shall bear any Administration, Notice, and Distribution Costs.

11.      Settlement Class Counsel is authorized to act on behalf of the Settlement Class with respect to all acts required by, or which may be given pursuant to, the Settlement Agreement, or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Settlement Agreement.

12.      The Court appoints Converse County Bank to serve as Deposit Escrow Agent. The Parties and their Counsel shall not be liable for any act or omission of the Deposit Escrow Agent or loss of the funds in the Distribution Escrow Account. Settlement Class Counsel will establish the Deposit Escrow Account. The Deposit Escrow Agent will:

      (1) receive the payment to be made by Defendants in the amount of $12 million and deposit it into the Deposit Escrow Account;

      (2) will invest any funds held pursuant to the Settlement Agreement in short-term bonds issued by the United States Treasury or in fully United States Government-insured accounts and will collect and reinvest any interest accrued thereon, except that any residual cash balances or funds needed for short-term placement up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC and held in cash;

      (3)  pursuant to Court order issued after the Final Fairness Hearing will pay

Settlement Class Counsel's Attorneys' fees;

(4) pursuant to Court order issued after the Final Fairness Hearing reimburse Settlement Class Counsel for Litigation Expenses, including Administration, Notice, and Distribution Costs;

(5) pursuant to Court order issued after the Final Fairness Hearing will return any Opt Out Returned Funds or those portions of the Net Settlement Fund attributable to Settlement Class Members who timely and properly submitted a Request for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court to the Defendants;

(6) pursuant to Court order issued after the Final Fairness Hearing will pay the Settlement Class Representatives the Case Contribution Awards; and

(7) pursuant to Court order issued after the Final Fairness Hearing will deposit the remaining assets of the Settlement Distribution Fund into the Distribution Escrow Account.

13.     On or before thirty-one (31) business days after the entry of this order, the Defendants shall pay or cause to be paid to the Deposit Escrow Agent the sum of Twelve Million Dollars ($12,000,000) ("Gross Settlement Fund"). If Defendants do not pay to the Deposit Escrow Agent the Gross Settlement Fund on or before thirty-one (31) business days after the entry of this order, the Defendants shall pay interest as provided in the Settlement Agreement.

14.     The Court appoints Converse County Bank to serve as Distribution Escrow Agent. Except as set forth in paragraph 6.19 of the Settlement Agreement, the Parties and their Counsel shall not be liable for any act or omission of the Distribution Escrow Agent or loss of

the funds in the Distribution Escrow Account. Settlement Class Counsel will establish the Distribution Escrow Account. Pursuant to an order issued after the Final Fairness Hearing or any other order, the Distribution Escrow Agent will:

    (1) receive the Gross Settlement Fund plus earned income payable to Settlement Class Members from the Deposit Escrow Agent and hold those assets in the Distribution Escrow Account;

    (2) receive directly from Putative Settlement Class Members and Settlement Class Members the W-9 forms or other acceptable documentation indicating their tax identification information (TIN) and their tax withholding election, if any;

    (3) receive from Settlement Class Counsel the W-9 forms or other acceptable documentation indicating a Settlement Class Member's TIN and tax withholding election, if any, that Settlement Class Counsel receives from Putative Settlement Class Members and forwards to the Distribution Escrow Agent;

    (4) receive from Settlement Class Counsel the names and addresses of Putative Settlement Class Members and Settlement Class Members as well as other payment information

    (5) prepare or provide funding to Settlement Class Counsel so that a Distribution Check to pay each Settlement Class Member in the amount allocated to the Settlement Class member less the taxes withheld and deposited with the United States Internal Revenue Service;

    (6) prepare and mail or cause to be prepared or mailed by Settlement Class

Counsel to each Settlement Class Member a United States form 1099 with the information required to show the payment made and taxes withheld;

(7) prepare and mail or cause to be prepared or mailed by Settlement Class Counsel as needed duplicate United States form 1099s; and

(8) prepare or cause to be prepared a distribution check to the Non-Profit Recipient for the Residual Unclaimed Funds that shall be delivered in accordance with the terms and dates set forth in the Settlement Agreement.

15.     The Notice Manager and Settlement Class Counsel will receive and process any Requests for Exclusion and, if the Settlement is finally approved by the Court, will supervise and administer the Settlement in accordance with the Settlement Agreement (together with the documents referenced therein and exhibits thereto), the Judgment, and the Court's Plan of Allocation order(s) authorizing distribution of the Net Settlement Fund to Class Members. The Settlement Class Representatives, Defendants, and Defendants' Counsel shall not be liable for any act or omission of the Settlement Class Counsel or Notice Manager in supervising and administering the Settlement in accordance with the Settlement Agreement. The Settlement Class Representatives, Settlement Class Counsel, Defendants, and Defendants' Counsel shall not be liable for any act or omission of the Deposit Escrow Agent or the Distribution Escrow Agent.

16.     Pursuant to Fed. R. Civ. P. 23(e), a Final Fairness Hearing shall be held on May 15, 2025, at 2 p.m. in the United States District Court for the District of Wyoming, Cheyenne, Wyoming, the Honorable Kelly H. Rankin presiding, to:

a.     determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

b.      determine whether the notice method utilized: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Putative Settlement Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

c.      determine whether a final Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendants with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

d.      determine the proper method of allocation and distribution of the Distribution Settlement Fund among Settlement Class Members;

e.      determine whether the applications for Settlement Class Representatives' Case Contribution Award to Class Representative are fair and reasonable and should be approved;

f.      determine whether the Settlement Class Counsel's applications for Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, are fair and reasonable and should be approved; and

g.      rule on such other matters as the Court may deem appropriate.

17.     The Court reserves the right to adjourn, continue, and reconvene the Final Fairness Hearing, or any aspect thereof, including the consideration for the applications for

17

Class Representatives Case Contribution Awards, and Settlement Class Counsel's applications for Attorneys' Fees and reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, without further notice to the Settlement Class. The Settlement Class Counsel will update the website maintained pursuant to this Order to reflect the current information about the date and time for the Final Fairness Hearing.

18.    Putative Settlement Class Members wishing to exclude themselves from the Settlement Class pursuant to Federal Rule of Civil Procedure 23(e)(4) must submit to the Settlement Class Counsel and Defendants' Counsel a valid and timely Request for Exclusion. Requests for Exclusion must include: (i) the Class Member's name, address, telephone number, and notarized signature; (ii) a statement that the Class Member wishes to be excluded from the Settlement Class in *Deselms, et al. vs Occidental Petroleum Corporation, et al.*, Case No. 19-CV-243-KHR, United States District Court for the District of Wyoming; and (iii) the Settlement Class Notice's owner identification number. Requests for Exclusion must be served on the Defendants' Counsel, the Notice Manager, and Settlement Class Counsel by certified mail, return receipt requested and received no later than 5 p.m. CT on April 15, 2025. Requests for Exclusion may be mailed as follows:

**Notice Manager**
**Signal Interactive Media, LLC**
**P.O. Box 1048**
**Cheyenne, WY 82003**


**Settlement Class Counsel**
**Thomas N. Long**
**Long Reimer Winegar LLP**
**P.O. Box 87**
**2120 Carey Ave., Suite 300**
**Cheyenne, WY 82003**

**And**

Cody L. Balzer
Balzer Law Firm, P.C.
1302 Cleveland Avenue
Loveland, CO 80537


**Defendants' Counsel**
Kathy D. Patrick                          Darin Scheer
Barrett H. Reasoner                       Timothy M. Stubson
Ross M. MacDonald                         Crowley Fleck PLLP
Michael Davis                             111 West 2nd Street, Suite 220
Mark Doré                                 Casper, Wyoming 82601
Gibbs Bruns, LLP
1100 Louisiana Street, #5300
Houston, Texas 77002

Requests for Exclusion may not be submitted through the website or by phone, facsimile, or e-mail. Any Putative Settlement Class Member that has not timely and properly submitted a Request for Exclusion shall be included in the Settlement and shall be bound by the terms of the Settlement Agreement in the event it is finally approved by the Court. Copies of all Requests for Exclusion, including documents submitted therewith, if any, that are submitted to and received by the Settlement Class Counsel or Defendants' Counsel shall be delivered to the other counsel within one (1) day of receipt.

19.    Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, any term of the Settlement, the Allocation Methodology, the Plan of Allocation, the Settlement Class Representatives' request for Case Contribution Award, or the Settlement Class Counsel's request for Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs may file an objection. An objector must file with the Court and serve upon Settlement Class Counsel and Defendants' Counsel a written objection containing the following: (a) a heading referring to *Deselms, et al., v Occidental Petroleum Corporation, et al.,* Case No. 19-CV-243-KHR,

United States District Court for the District of Wyoming; (b) a statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, counsel must be identified by name, address, and telephone number; (c) a detailed statement of the specific legal and factual basis for each and every objection; (d) a list of any witnesses the objector may call at the Final Fairness Hearing, together with a brief summary of each witness's expected testimony (to the extent the objector desires to offer expert testimony and/or an expert report, any such evidence must fully comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court); (e) a list of and copies of any exhibits the objector may seek to use at the Final Fairness Hearing; (f) a list of any legal authority the objector may present at the Final Fairness Hearing; (g) the objector's name, current address, current telephone number, and all owner identification number; (h) the objector's signature executed before a Notary Public; (i) identification of the objector's mineral interests that are Settlement Class Minerals; and (j) if the objector is objecting to any portion of the Class Representatives' Case Contribution Awards, Settlement Class Counsel's request for Attorneys' Fees and reimbursement of Litigation Expenses including Administration, Notice, and Distribution Costs on the basis that the amounts requested are unreasonable, the objector must specifically state the portion of such requests he/she/it believes is fair and reasonable and the portion that is not. Such written objections must be served on the Defendants' Counsel, the Notice Manager, and Settlement Class Counsel by certified mail, return receipt requested and received no later than 5 p.m. MST on April 24, 2025 at the addresses set forth in paragraph 19 above.

Any Class Member who fails to timely file and serve such written statement and provide the required information will not be permitted to present any objections at Final Fairness

Hearing and such failure will render any such attempted objection untimely and of no effect. All presentations of objections will be further limited by the information listed. The Parties' Counsel may file any reply or response to any objections prior to the Final Fairness Hearing. The procedures set forth in this paragraph do not supplant, but are in addition to, any procedures required by the Federal Rules of Civil Procedure.

20.    Any objector who timely files and serves a valid written objection in accordance with the above paragraph may also appear at the Final Fairness Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to present any objection at the Final Fairness Hearing must comply with the Local Rules of this Court in addition to the requirements set forth in paragraph 16 above.

21.    No later than fourteen (14) calendar days prior to the Final Fairness Hearing, if the Settlement has not been terminated pursuant to the Settlement Agreement, Class Representatives' Counsel and Class Representatives shall move for: (a) final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e); (b) entry of a Judgment in substantially the same form as Exhibit 2 to the Settlement Agreement; and (c) final approval of the Allocation Methodology and Plan of Allocation. Settlement Class Counsel shall also move for final approval of (i) Class Representatives' requests for the Case Contribution Awards and (ii) Settlement Class Counsel's request for Attorneys' Fees and reimbursement of Litigation Expenses including Administration, Notice, and Distribution Costs.

22.    If the Settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement, or a Judgment approving it is entered that does not become Final and Non-Appealable for any reason whatsoever, the Settlement, Settlement Agreement, and any actions to be taken in connection therewith (including this Order and any

21

Judgment entered herein), shall be terminated and become void and of no further force and effect as described in the Settlement Agreement.

23.    Pending final approval of the Settlement, the Settlement Class Representatives and all Settlement Class Members are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on the behalf of any other person or class, any Released Claim against Released Parties.

24.    Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, are not, and shall not be construed as, or deemed to be evidence of an admission or concession by any of the Parties to the Settlement Agreement, and shall not be offered or received in evidence in any action or proceeding by or against any Party in any court, administrative agency, or other tribunal or any purpose whatsoever other than to enforce the provisions of the Settlement between the Defendants and any Settlement Class Member(s), the provisions of the Settlement Agreement, or the provisions of any related agreement, order, judgment or release. This Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the propriety of maintaining this Litigation as a contested class action or of class certifiability, and Defendants specifically deny any such fault, wrongdoing, breach, liability, and allegation regarding certification. This Order shall not be construed or used as an admission, concession, or declaration by or against Settlement Class Representatives or the Settlement Class that their claims lack merit or that the relief sought in this Litigation is inappropriate, improper, or unavailable.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims he, she, or it may have with respect

to the Litigation or class certifiability in the event the Settlement is terminated.

25.    The Court, along with any appellate court with the power to review the Court's orders and rulings in the Litigation, hereby retains jurisdiction over this Litigation to consider all further matters arising out of or connected with the Settlement reflected in the Settlement Agreement, including enforcement of the releases provided for in the Settlement Agreement. The Court, along with any appellate court with power to review the Court's orders and rulings in the Litigation, also hereby retains jurisdiction over this Litigation to administer all other matters related to the enforcement of the Settlement Agreement and Settlement and the orders of the Court related thereto.

26.    The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to the Settlement Class.

IT IS SO ORDERED this ___ day of October, 2024.

_____

HONORABLE KELLY H. RANKIN
UNITED STATES DISTRICT JUDGE

**EXHIBIT 2 TO THE SETTLEMENT AGREEMENT**

**IN THE UNITED STATES DISTRICT COURT FOR**

**THE DISTRICT OF WYOMING**

| | |
|---|---|
| Anita C. Deselms, et al., | |
| Class Representatives, | |
| v. | Civil Action No. 19-CV-243-KHR |
| Occidental Petroleum Corporation, et al., | |
| Defendants. | |

**JUDGMENT**

This is a class action lawsuit brought by those Plaintiffs identified in the Second Amended Complaint on behalf of themselves and as proposed representatives of a class of owners against Occidental Petroleum Corporation, Anadarko Petroleum Corporation, Anadarko E&P Onshore, LLC, Anadarko Oil & Gas 5, LLC and Anadarko Land Corp. (collectively herein "Defendants"). This Court previously certified a class to be "maintained as a class action for liability purposes only," as set forth in that *Order Certifying Class Pursuant to Fed. R. Civ. P. 23(c)(4)* (ECF 227). That certification order was affirmed by the United States Court of Appeals for the Tenth Circuit (ECF 275) and is herein referred to as the "Liability Class."

As a part of the certification of the Liability Class, this Court named the following persons as Liability Class Representatives:  Anita C. Deselms ("Deselms"), who serves as Trustee of the Anita C. Deselms Living Trust, Ron Rabou ("Rabou"), who serves as manager Rabou Resources, LLC; Russell I. Williams, Jr. ("Williams"), who serves as Trustee of the Russell I. Williams, Jr. Revocable Trust U/A dated 7/27/83; John C. Eklund, Jr ("John Eklund"), who serves as Trustee of

**EXHIBIT 2 TO THE SETTLEMENT AGREEMENT**

the John C. Eklund Revocable Trust UA April 25, 2011; Justin W. Miller ("Justin Miller"); and Brandi J. Miller ("Brandi Miller").  Herein, Deselms, Rabou, Williams, John Eklund, Justin Miller, and Brandi Miller are collectively referred to herein as "Settlement Class Representatives." Settlement Class Representatives and Defendants are collectively referred to as the "Parties."  In addition, this Court appointed Robert P. Schuster of Robert P. Schuster PC lead class counsel with responsibilities that included leadership in coordinating assignments to participating class counsel. Lead and participating class counsel shall hereafter be referred to collectively as "Class Counsel" and/or "Settlement Class Counsel."

The class action lawsuit pursued class claims for alleged anticompetitive conduct and seeking, among other things, declaratory and compensatory relief for antitrust violations of Section 2 of the Sherman Act, 15 U.S.C. § 2 along with violations of Wyoming law including Wyo. Stat. § 40-4-101.  On _____, 2024, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") finalizing the terms of the Settlement.[1]  On September 27, 2024, the Settlement Class Representatives filed the *Class Representatives' Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class for Settlement Purposes, Approve Form and Manner of Notice, Appoint Settlement Class Representatives and Settlement Class Counsel, Appoint the Deposit Escrow Agent and Distribution Escrow Agent, and Set date for Final Fairness Hearing* ("Motion for Preliminary Order").

On _____, 2024, the Court preliminarily approved the Settlement and Settlement Agreement and issued its *Order Granting Class Representatives' Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class for Settlement Purposes, Approve*

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

## EXHIBIT 2 TO THE SETTLEMENT AGREEMENT

*Form and Manner of Notice, Appoint Settlement Class Representatives and Settlement Class Counsel, Appoint the Deposit Escrow Agent and Distribution Escrow Agent, and Set date for Final Fairness Hearing* ("Preliminary Approval Order").  In the Preliminary Approval Order, the Court, *inter alia*:

a.    certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Class;

b.    appointed Settlement Class Representatives and Settlement Class Counsel;

c.    preliminarily found: (i) the proposed Settlement resulted from extensive arm's length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Settlement Class Representatives' and the Settlement Class's claims; (iii) Settlement Class Representatives and Settlement Class Counsel had concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

d.    preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

e.    preliminarily approved the form and manner of the proposed Notices to be communicated to the Settlement Class, finding specifically that such Notices, among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Class Counsel will seek Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and

3

**EXHIBIT 2 TO THE SETTLEMENT AGREEMENT**

Distribution Costs, and the Case Contribution Award for Settlement Class Representative's services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; (v) described the procedure for objecting to the Settlement or any part thereof; and (vi) directed Putative Settlement Class Members to where they may obtain more detailed information about the Settlement;

f.      instructed the process for disseminating the approved Notices to Putative Settlement Class Members in accordance with the Settlement Agreement and in the manner approved by the Court;

g.      provided for the appointment of the Deposit Escrow Agent;

h.      provided for the appointment of the Distribution Escrow Agent;

i.      set the date and time for the Final Fairness Hearing as _____, 2025, at _____ AM/PM in the United States District Court for the District of Wyoming; and

j.      set out the procedures and deadlines by which Putative Settlement Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice Plan submitted as part of the Motion for the Preliminary Order was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On _____, 2025, in accordance with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia*:

**EXHIBIT 2 TO THE SETTLEMENT AGREEMENT**

a.    determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

b.    determine whether the notice method utilized by the Notice Manager: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Putative Settlement Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Case Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

c.    determine whether to approve the Allocation Methodology, the Plan of Allocation, and distribution of the Settlement Distribution Fund to Putative Settlement Class Members who did not timely submit a valid Request for Exclusion or were not otherwise excluded from the Settlement Class by order of the Court;[2]

d.    determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendants with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

e.    determine whether the applications for Plaintiff's Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and the

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Fund among Settlement Class Members (the "Plan of Allocation Order").

**EXHIBIT 2 TO THE SETTLEMENT AGREEMENT**

Case Contribution Award to Settlement Class Representative are fair and reasonable and should be approved;[3] and

f.    rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES** as follows:

1.    The Court, for purposes of this Final Judgment (the "Judgment"), adopts all defined terms and obligations as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

2.    The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendants and Settlement Class Members.

3.    The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as follows:

> All persons, including individuals, estates, trusts, corporations, partnerships, and other business entities, having ownership of Class Minerals, as shown by the public records of the Clerk and Recorder of Laramie County, Wyoming. Excluded from the Settlement Class is: (1) a Defendant; (2) an officer, director, or employee of a Defendant, (2) an entity in which a Defendant has a controlling interest or is an affiliate, (3) any entity controlled by the buyer of Anadarko's leases or minerals, including Cowboy Land LLC, Sweetwater Trona HoldCo LLC, and any other affiliate of Orion Mine Finance Group, (4) anyone who has given a valid release concerning the Released Claims, (5) was a lessee of Class Minerals during the Class Period, or (6) an affiliate of the Court.

---

[3] The Court will issue separate orders pertaining to Class Counsel's request for Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and Settlement Class Representative's request for a Case Contribution Award.

**EXHIBIT 2 TO THE SETTLEMENT AGREEMENT**

4.      The definition of Settlement Class Minerals, which was approved in the Court's

Preliminary Approval Order, is defined as follows:

> Oil and gas minerals located in the Niobrara and/or Codell geologic formations east
> of Range 67 West in Laramie County having oil and gas pools that could be
> reasonably produced as demonstrated by industry's filing of drilling and spacing
> applications or applications for drilling permits in at least 50% of the sections in
> the relevant township that were not under an oil and gas lease to drill and operate
> wells during the Class Period; and were located either:
>
> A.    Within a section that had a 30% Intracompany Lease covering at least
> 50% of the oil and gas minerals provided the lease or memorandum of
> the lease was filed in the Laramie County public records disclosing the
> royalty rate, or
>
> B.    In a section (or a part thereof) immediately bounded to the north, south,
> or both by a section in which Defendants had a 30% royalty
> Intracompany Lease as set forth in subparagraph a above.

5.      For substantially the same reasons as set out in the Court's Preliminary Approval

Order, the Court finds that the above-defined Settlement Class should be and is hereby certified

for the purposes of entering judgment pursuant to the Settlement Agreement. Specifically, the

Court finds that all requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied for settlement

purposes. Because this case has been settled at this stage of the proceedings, the Court does not

reach, and makes no ruling either way, as to the issue of whether the Settlement Class could have

been certified in this case on a contested basis beyond that of the Liability Class already certified.

6.      The Court finds that the persons and entities identified in the attached **Exhibit 1**

have submitted timely and valid Requests for Exclusion are hereby excluded from the foregoing

Settlement Class and will not participate in or be bound by the Settlement or any part thereof.  And,

as set forth in the Settlement Agreement, they will not be bound by or subject to the releases

provided for in this Judgment and the Settlement Agreement.

7.      At the Final Fairness Hearing on _____, 2025, the Court fulfilled its

duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the

## EXHIBIT 2 TO THE SETTLEMENT AGREEMENT

Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Settlement Class Representatives and Defendants and their respective Counsel, but also the concerns of any objectors and the interests of all absent Settlement Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

8.      The Court further finds that due and proper notice, by means of the Notices, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order.  The form, content, and method of communicating the Notices disseminated to the Settlement Class and published pursuant to the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Wyoming, and any other applicable law. Therefore, the Court approves the form, manner, and content of the Notices used by the Parties. The Court further finds that all Putative Settlement Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

9.      Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendants, the covenants not

## EXHIBIT 2 TO THE SETTLEMENT AGREEMENT

to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties and Defendants' Additional Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Released Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between the Parties and experienced counsel, and the Parties have prosecuted and defended their interests. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement.

10.    By agreeing to settle the Litigation, Defendants do not admit, and instead specifically deny, that the Litigation could have otherwise been properly maintained as a contested class action, and specifically deny any and all wrongdoing and liability to the Settlement Class, Settlement Class Representatives, and Settlement Class Counsel.

11.    The Court finds that on _____, 2024, Defendants caused notice of the Settlement to be served on the appropriate state official for each state in which a Putative Settlement Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. § 1715, the appropriate state official for each state in which a Putative Settlement Class Member resides was and is the State Attorney General for

## EXHIBIT 2 TO THE SETTLEMENT AGREEMENT

each such state, and the appropriate federal official was and is the Attorney General of the United States. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Settlement Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

12.     The Litigation and Released Claims are dismissed with prejudice as to the Released Parties and Defendants' Additional Released Parties. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members who have not validly and timely submitted a Request for Exclusion as directed in the Notice of Settlement and Preliminary Approval Order. The Court finds that Defendants have agreed to not file a claim against Plaintiffs, Class Representatives, Settlement Class Representatives, Class Counsel or Settlement Class Counsel based upon an assertion that the Litigation was brought in bad faith or without reasonable basis. Similarly, the Court finds that Class Representatives and Settlement Class Representatives have agreed not to file a claim against Defendants or Defendants' Counsel based upon an assertion that the Litigation was defended by Defendants or Defendants' Counsel in bad faith or without reasonable basis. The Releasing Parties are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties and Defendants' Additional Released Parties to the fullest extent permitted by law. The Court thus permanently bars and enjoins the Releasing Parties, and each of them (regardless of whether or not any such person or party actually received a payment from the Net Settlement Fund, and without regard as to whether any payment was correctly determined), and all persons acting on their behalf, from directly or

**EXHIBIT 2 TO THE SETTLEMENT AGREEMENT**

indirectly, or through others, suing, instigating, instituting, or asserting against the Released Parties and Defendants' Additional Released Parties any claims or actions on or concerning the Released Claims. Neither Party will bear the other Party's litigation costs, costs of court, or attorney's fees.

13.     The Court also approves the efforts and activities of the Deposit Escrow Agent, Distribution Escrow Agent and Settlement Class Counsel in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Settlement Class Representatives in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

14.     Nothing in this Judgment shall bar any action or claim by Settlement Class Representatives or Defendants to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

15.     The Deposit Escrow Agent is directed to refund to Defendants the Opt Out Returned Funds or those portions of the Net Settlement Fund under the Plan of Allocation attributable to Settlement Class Members who timely and properly submitted a Request for Exclusion or who were otherwise excluded from the Settlement Class by order of the Court in accordance with the terms and process of the Settlement Agreement.

16.     This Judgment, the Settlement, and the Settlement Agreement (including any provisions contained in or exhibits attached to the Settlement Agreement), any negotiations, statements, or proceedings related thereto, and/or any action undertaken pursuant thereto, shall not be used for any purpose or admissible in any action or proceeding for any reason, other than an action to enforce the terms of the Judgment, the Settlement, or the Settlement Agreement (including, but not limited to, defending or bringing an action based on the Release provided for

## EXHIBIT 2 TO THE SETTLEMENT AGREEMENT

herein). Specifically, but without limitation, the Judgment, the Settlement, and the Settlement Agreement are not, and shall not be deemed, described, construed to be, or offered as, evidence of a presumption, concession, declaration, or admission by any of the Parties to the Settlement Agreement, or any person or entity, as to the truth of any allegation made in the Litigation; the validity or invalidity of any claim or defense that was, could have been, or might be asserted in the Litigation; the amount of damages, if any, that would have been recoverable in the Litigation; any liability, negligence, fault, or wrongdoing of any person or entity in the Litigation; or whether any other lawsuit should be certified as a class action pursuant to Federal Rule of Civil Procedure 23 or any applicable state rule of procedure. Further, this Judgment shall not give rise to any collateral estoppel effect as to the certifiability of any class in any other proceeding.

17.     As separately set forth in detail in the Court's Plan of Allocation Order(s), the Allocation Methodology, the Plan of Allocation, and distribution of the Net Settlement Fund among Settlement Class Members who were not excluded from the Settlement Class by timely submitting a valid Request for Exclusion or other order of the Court are approved as fair, reasonable and adequate, and Class Counsel and the Deposit Escrow Agent are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

18.     The Court finds that Settlement Class Representatives, Defendants, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Settlement Class Representatives and Settlement Class Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

19.     Neither Defendants nor Defendant's Counsel shall have any liability or responsibility to any Plaintiff, Settlement Class Representatives, Settlement Class Counsel or the

## EXHIBIT 2 TO THE SETTLEMENT AGREEMENT

Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Deposit Escrow Agent. No Settlement Class Member shall have any claim against Settlement Class Representatives, Settlement Class Representative, Settlement Class Counsel, the Deposit Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

20.     Neither Defendants nor Defendant's Counsel shall have any liability or responsibility to any Plaintiff, Settlement Class Representatives, Settlement Class Counsel or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Distribution Escrow Agent. No Settlement Class Member shall have any claim against Settlement Class Representatives, Settlement Class Representative, Settlement Class Counsel, the Distribution Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

21.     Any Settlement Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (b) return the Distribution Check uncashed to the Distribution Escrow Agent.

22.     All matters regarding the administration of the Distribution Escrow Account and the taxation of funds in the Distribution Escrow Account or distributed from the Distribution Escrow Account shall be handled in accordance with the Settlement Agreement.

23.     Any order approving or modifying any Plan of Allocation Order, the application by Class Counsel for an award of Settlement Class Counsel's Attorneys' Fees or reimbursement of

13

## EXHIBIT 2 TO THE SETTLEMENT AGREEMENT

Litigation Expenses and Administration, Notice, and Distribution Costs, or the request of Settlement Class Representatives for Case the Contribution Award shall be handled in accordance with the Settlement Agreement and the documents referenced therein (to the extent the Settlement Agreement and documents referenced therein address such an order).

24.     Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund, and to enforce the Judgment.

25.     In the event the Settlement is terminated as the result of a successful appeal of this Judgment, or the Judgment does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Escrow Account(s) to Defendants.

26.     Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund, to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Settlement Class Counsel's Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Administration, Notice, and Distribution Costs, and Settlement Class

**EXHIBIT 2 TO THE SETTLEMENT AGREEMENT**

Representatives' request for the Case Contribution Award, and to enforce this Judgment. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendants and is therefore a final appealable judgment. The Court further hereby expressly directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

27.    [IF OBJECTION(S) ARE MADE – ADDITIONAL LANGUAGE TO BE DETERMINED BASED ON OBJECTION(S)]

IT IS SO ORDERED this ___ day of _____, 2025.


_____

HONORABLE KELLY H. RANKIN

UNITED STATES DISTRICT JUDGE

**Approved as to Form:**


_____/s/ Robert P. Schuster_____
Settlement Class Counsel


_____/s/ Kathy D. Patrick_____
Defendants' Counsel

**EXHIBIT 3 TO THE SETTLEMENT AGREEMENT**

**NOTICE OF PROPOSED SETTLEMENT OF THE ANTITRUST CLASS ACTION AGAINST OCCIDENTAL PETROLEUM CORPORATION, ANADARKO PETROLEUM CORPORATION, ANADARKO E&P ONSHORE LLC, ANADARKO LAND CORP., AND ANADARKO OIL & GAS 5 LLC, MOTION FOR ATTORNEYS' FEES, AND FINAL FAIRNESS HEARING.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

> **If you belong to the Settlement Class and this Settlement is approved, your legal rights will be affected.**
>
> Please read this Notice carefully to see what your rights are in connection with this Settlement.

> While this Notice summarizes the terms of the Settlement Agreement, you may examine for free the complete Settlement Agreement as well as other relevant documents at occidentalclassaction.com or in the pleadings and other papers maintained by the Clerk of the United States District Court for the District of Wyoming in Cheyenne. Those pleadings and other papers may also be viewed for a fee at Pacer.com. The Lawsuit may be of benefit to you. Your options are explained in this Notice.

## I.    INTRODUCTION

You have received this Notice because between November 1, 2017, through October 19, 2020, it appears you owned unleased oil and gas minerals located in Eastern Laramie County, Wyoming within the Niobrara and/or Codell geologic formations under, in, or on lands listed on Appendix A to this Notice. Your legal rights may be affected by the settlement of the antitrust class action lawsuit, *Deselms et al. v. Occidental Petroleum Company et al.*, Case No. 19-CV-0243-KHR filed in the United States District Court for the District of Wyoming (the "Lawsuit"). You may have previously received a class action notice in this case, but that notice was for a class addressing liability only. This notice is different than the previous notice as it concerns the certification of a class action for the settlement of the Lawsuit. Your rights for this settlement are explained in this Notice and are separate from the rights you may have had as a member of the liability only class.

This Notice generally explains the claims being asserted in the Lawsuit. The Defendants have agreed to pay twelve million dollars ($12,000,000) to settle the Lawsuit ("Class Settlement"). This Notice summarizes the Settlement Agreement and tells you about your rights to remain a Settlement Class Member or to timely and properly submit a Request for Exclusion (commonly referred to as an "opt-out"). An opt-out member is one who is excluded from the Settlement and

## EXHIBIT 3 TO THE SETTLEMENT AGREEMENT

receives no funds paid as part of the Class Settlement. This Notice also provides you information should you wish to object to the Class Settlement. This Notice provides you this information before the Court is asked to finally approve the Class Settlement so you can decide what action you want to take with respect to the Class Settlement. If the Court approves the Class Settlement after it addresses any objections or appeals, the Court will order the Court-appointed Distribution Escrow Agent to send you a Distribution Check. As explained in the Settlement Agreement, your Distribution Check may be adjusted for tax purposes depending upon whether you have provided the Distribution Escrow Agent with necessary tax information. Failure or refusal to provide the requested tax reporting information including a timely complete and executed IRS form W-9 may necessitate backup withholdings. Except as to the requested tax reporting information, issuance of your Distribution Check will occur without any further action on your part. This Notice describes the Lawsuit, the Class Settlement, your legal rights, what benefits are available, who is eligible for those benefits, how to get them, how you may object to the Class Settlement, or how you may request to be excluded from the Settlement Class.

The Lawsuit may be of benefit to you.
Your options are explained in this Notice. Please review it carefully.

## II.    NATURE AND OVERVIEW OF THE LAWSUIT

In 2019, the Plaintiffs, a group of mineral owners in Eastern Laramie County, filed antitrust claims against Occidental Petroleum Corporation, Anadarko Petroleum Corporation, Anadarko E&P Onshore LLC, Anadarko Land Corp., and Anadarko Oil & Gas 5 LLC (collectively "the Anadarko defendants" or "Anadarko") on behalf of similarly situated mineral owners. The Lawsuit alleged that Anadarko, the single largest non-governmental owner of minerals in Laramie County, engaged in an anticompetitive practice by leasing its minerals to a related company with a 30% royalty ("Intracompany Lease"), to the disadvantage of neighboring mineral owners. In the Lawsuit, it was alleged Anadarko's conduct delayed development of minerals belonging to the Plaintiffs and similarly situated mineral owners in order to preserve Anadarko's advantage in obtaining leases of non-Anadarko minerals at lower lease costs and lower royalty rates negatively impacting the Plaintiffs and similarly situated mineral owners.

As explained in the previous Notice, on April 26, 2022, the Court entered its *Opinion Granting in Part and Denying in Part Plaintiffs' Motion to Certify Class* (ECF 220). On May 20, 2022, the Court entered its *Order Certifying Class Pursuant to Fed. R. Civ. P. Rule 23(c)(4)* (ECF 227) ("Liability Class Certification Order"). The Anadarko Defendants requested permission to appeal the Liability Class Certification Order to the United States Court of Appeals for the Tenth Circuit pursuant to Fed. R. Civ. P. 23(f) and permission was granted on June 28, 2022 (ECF 236). On June 7, 2023, the United States Court of Appeals for the Tenth Circuit issued its opinion affirming the Liability Class Certification Order in the Tenth Circuit's *Order Certifying Class Pursuant to Fed. R. Civ. P. Rule 23(c)(4)* (ECF 275-1 and ECF-275-2) and mandating the case back to the District Court (ECF 275). Notice of the class action for liability only was completed. You may have received notice of that liability only class action.

**EXHIBIT 3 TO THE SETTLEMENT AGREEMENT**

A trial only on liability was set to commence on August 12, 2024, in the United States District Court in Cheyenne, Wyoming. The parties settled the entire case, including damages, during a mediation that was overseen by the Honorable William F. Downes (retired) on August 5, 2024. Anadarko denies any wrongdoing. The Court has not ruled on the merits of the claims or defenses.

Under Fed. Civ. P. Rule 23(b)(3), United States District Judge Kelly H. Rankin entered an Order certifying a Settlement Class with respect to all claims that arise or could arise out of the facts and allegation of anticompetitive conduct at issue, including all federal and state antitrust claims against Anadarko.  The class includes mineral owners in Laramie County, as further defined in Section IV below.  Judge Rankin conditionally certified a settlement class for a total of twelve million dollars ($12,000,000).

## III.    WHAT IS A SETTLEMENT CLASS ACTION?

In a class action lawsuit, one or more persons called "Class Representatives" sue on  behalf of other people ("Class Members") who have similar claims against the same  defendants. In this particular instance, the Class Representatives represented you in reaching the Class Settlement and will serve as the "Settlement Class Representatives".

## IV.    CLASS DEFINITION – AM I A SETTLEMENT CLASS MEMBER?

You are a member of the Settlement Class if you owned unleased ***Class Minerals*** during the ***Class Period*** in, on, and under the lands listed on Appendix A to this Order.

 ***Class Minerals*** is defined as:

Oil and gas minerals located in the Niobrara and/or Codell geologic formations that were unleased during the Class Period, as shown by the public records of the Clerk and Recorder of Laramie County, Wyoming. The list of all such lands that include Class Minerals is denominated as Appendix A to this Order.  The unleased minerals geographically located by the descriptions in Appendix A have common characteristics of being either:

a.  Within a section that had a 30% royalty Intracompany Lease covering at least 50% of the oil and gas minerals provided the lease or memorandum of the lease was filed in the Laramie County public records disclosing the royalty rate, or

b.  In a section (or a part thereof) immediately bounded to the north, south, or both by a section in which the Anadarko Defendants had a 30% royalty Intracompany Lease as set forth in subparagraph a.

***Class Period*** is defined as the time between November 1, 2017, and continuing through October 19, 2020.

3

**EXHIBIT 3 TO THE SETTLEMENT AGREEMENT**

You are *not* a member of the Settlement Class if you are an owner who is: (1) a Defendant;(2) an officer, director, or employee of a Defendant, (2) an entity in which a Defendant has a controlling interest or is an affiliate, (3) any entity controlled by the buyer of Anadarko's leases or minerals, including Cowboy Land LLC, Sweetwater Trona HoldCo LLC, and any other affiliate of Orion Mine Finance Group, (4) anyone who has given a valid release concerning the Released Claims, (5) was a lessee of Class Minerals during the Class Period, or (6) an affiliate of the Court. The Defendants are Occidental Petroleum Corporation, Anadarko Petroleum Corporation, Anadarko E&P Onshore, LLC, Anadarko Oil & Gas 5 LLC, and Anadarko Land Corp.

If you are still not sure whether you are included in the Settlement Class, you can get free help at occidentalclassaction.com, or by calling or writing the Settlement Class Counsel as explained in Sections IX.

## V.    SETTLEMENT CLASS CLAIMS AND THE RELIEF OBTAINED, SETTLEMENT DISTRIBUTION FUND, AND ALLOCATION METHODOLOGY

On [Month][Date], 2024, the Court preliminarily approved the Class Settlement as memorialized in the Settlement Agreement executed by the Class Representatives on behalf of themselves and the Settlement Class and the Defendants. The Defendants have agreed to pay twelve million dollars ($12,000,000) ("Gross Settlement Fund") to settle the Lawsuit ("Class Settlement"). In exchange for this payment, the Settlement Class shall release the Released Claims (as defined in the Settlement Agreement). Each Putative Settlement Class Member is entitled to a share of the Settlement Distribution Fund according to the Allocation Methodology unless you opt-out. The Settlement Distribution Fund will be Gross Settlement Fund less (i) the amount of attorneys' fees the Court awards to Settlement Class Counsel, (ii) the amount of litigation expenses the Court awards to Settlement Class Counsel to reimburse for costs and expenses Settlement Class Counsel incurred in the Lawsuit; (iii) the amount of costs and expenses incurred by Settlement Class Counsel in providing administration, notice, and disbursement of the Gross Settlement Fund to Putative Settlement Class Members who do not opt-out, (iv) the amount of Case Contribution Awards the Court awards to Settlement Class Representatives for the time spent on the Lawsuit as well as the expenses they incurred, and (v) the amount of the Settlement Distribution Fund allocable to the Putative Settlement Class Members who opt out of the Class Settlement that the Court orders returned to the Anadarko Defendants. The Settlement Distribution Fund will be allocated according to the Allocation Methodology:

> "**Allocation Methodology**" means the *pro rata* distribution of the Settlement Distribution Fund on a per net mineral acre basis for the Settlement Class Minerals, based on an individual Settlement Class Member's percentage ownership of the net mineral acreage owned by the entire Settlement Class yielding a "Per Net Mineral Acre Payment Amount." For example, if the total net mineral acres found in the Settlement Class Minerals were 1,000 net mineral acres and an individual Settlement Class Member owned 10 net mineral acres, that individual Settlement class member would be entitled to one percent (1%) (10/1,000) of the Settlement Distribution Fund. Likewise, if the Settlement

**EXHIBIT 3 TO THE SETTLEMENT AGREEMENT**

Distribution Fund were $1,000, that Settlement Class Member would be entitled to one percent (1%) of the Settlement Distribution Fund or Ten Dollars ($10.00). The Per Net Mineral Acre Payment Amount would be equal to the amount of the Settlement Distribution Fund divided by the total net mineral acres found in the Settlement Class Minerals or $1,000/1,000 net mineral acres which equals one dollar per net mineral acre ($1/net mineral acre).

Each Settlement Class Member will receive the same Per Net Mineral Acre Payment Amount that every other Settlement Class Member will receive.

Settlement Class Counsel intends to seek an award of Settlement Class Counsel's Attorneys' Fees of not more that 40% of the Gross Settlement Fund at the Final Fairness Hearing. Settlement Class Counsel have been litigating this Lawsuit for over five years without any payment. They have advanced well in excess of one million four hundred thousand dollars in expenses including the costs of providing notice for the earlier liability only class and this Settlement Class. At the Final Fairness Hearing, Settlement Class Counsel will also seek reimbursement of those Litigation Expenses up to one million two hundred fifty thousand dollars as well as up to three hundred sixty thousand dollars for Administration, Notice, and Distribution Costs.  The Class Representatives also will seek Case Contribution Awards of ten thousand dollars each for their time, expense, risk and burden as serving as Class Representatives.

The Court must approve the Allocation Methodology. The Net Settlement Fund will be distributed by the Distribution Escrow Agent, Converse County Bank in Douglas, Wyoming, after the Effective Date of the Class Settlement.  The Effective Date may take as much as one year or more form the date of entry of the Judgment, depending in large part on whether appeals are taken from the Court's Judgment. The Settlement may be terminated on several grounds, including the Court's decision not to approve the Class Settlement or to materially modify the terms of the Class Settlement. If the Class Settlement terminated, the Lawsuit will proceed as if the Settlement had not been reached, including resetting the trial on liability previously set to commence August 12, 2024.

## VI.    CLASS SETTLEMENT FAIRNESS HEARING

The Final Fairness Hearing will be held on [Month][Date], 2025 before the Honorable Kelly H. Rankin, United States District Judge for the District of Wyoming, in Courtroom No. 1, 2120 Capitol Avenue, Cheyenne, Wyoming 82001. Please note that the date and time of the Final Fairness Hearing is subject to change. You should check with the Class Counsel, the Court or www.occidentalclassaction.com to determine if the date or time has changed. At the Final Fairness Hearing, the Court will consider:

 a.  Whether the Court will finally approve the Class Settlement under Fed.R.Civ.P. 23 finding that all requirements therein are satisfied;
 b.  Whether the Class Settlement is fair, reasonable, and adequate;
 c.  Any timely and properly raised objections to the Class Settlement;

**EXHIBIT 3 TO THE SETTLEMENT AGREEMENT**

d.  The Allocation Methodology;
e.  The application for Settlement Class Counsel's Attorneys' Fees and reimbursement of Litigation Expenses;
f.  The application for Administration, Notice, and Disbursement Costs; and
g.  The application for the Case Contribution Awards for the Settlement Class Representative.

**IF YOU WISH TO PARTICIPATE IN THE CLASS SETTLEMENT AND DO NOT REQUEST TO BE EXCLUDED FROM CLASS SETTLEMENT, YOU DO NOT NEED TO APPEAR AT THE FINAL FAIRNESS HEARING NOR TAKE ANY OTHER ACTION TO PARTICIPATE IN THE CLASS SETTLEMENT OTHER THAN PROVIDE THE DISTRIBUTION ESCROW AGENT WITH NEEDED RELEVANT INFORMATION.**

## VII.  WHAT ARE MY OPTIONS IF I AM A SETTLEMENT CLASS MEMBER?

### A.  You May Participate in the Class Settlement by Doing Nothing.

By taking no action, your interests will be represented by Settlement Class Representatives and Class Counsel.  As a Settlement Class Member, you will be bound by the outcome of the Settlement if finally approved by the Court.  The Class Representatives and Class Counsel believe that the Settlement is in the best interest of the Settlement Class Members, and, therefore, they intend to support the proposed Settlement at the Final Fairness Hearing. As a Settlement Class Member, if you are entitled to a distribution pursuant to the Allocation Methodology, you will receive your portion of the Net Settlement Fund subject to potential withholdings for tax purposes, and you will be bound by the Settlement Agreement and all orders and judgments entered by the Court regarding the Settlement.  If the Settlement is approved, unless you exclude yourself from the Settlement Class, neither you nor any other Releasing Party will be able to start a lawsuit or arbitration, continue a lawsuit or arbitration, or be part of any other lawsuit against any of the Released Parties or Defendants' Additional Released Parties based on any of the Released Claims.

### B.  You May Submit a Request for Exclusion from the Settlement Class or Opt Out of the Settlement Class.

If you do not wish to be a member of the Settlement Class, then you must exclude yourself from the Settlement Class by mailing a Request for Exclusion that must be received by [Month][Day], 2025, or forty-five (days) before the Final Fairness Hearing. All Requests for Exclusion must include: (i) the Class Member's name, address, telephone number, Settlement Class identification number, and notarized signature; (ii) a statement that the Class Member wishes to be excluded from the Settlement Class in *Deselms, et al. v Occidental Petroleum Corporation, et al.,* No. 2:19-cv-OO234-KHR and (iii) a description of the Class Member's interest in the Settlement Class Minerals.  Your Settlement Class identification number is found in the Supplementary Class Notice attached to this Notice.

## EXHIBIT 3 TO THE SETTLEMENT AGREEMENT

Requests for Exclusion must be mailed by certified mail, return receipt requested, to the Notice Manager, Settlement Class Counsel, and Defendant's counsel as follows:

**Notice Manager**
Signal Interactive Media, LLC
P.O. Box 1048
Cheyenne, WY 82003

**Settlement Class Counsel**

Thomas N. Long                          Cody L. Balzer
Long Reimer Winegar LLP                 Balzer Law Firm, P.C.
P.O. Box 87                             1302 Cleveland Avenue
2120 Carey Ave., Suite 300              Loveland, CO 80537
Cheyenne, WY 82003

**Defendants' Counsel**

Kathy D. Patrick                        Darin Scheer
Barrett H. Reasoner                     Timothy M. Stubson
Ross M. MacDonald                       Crowley Fleck PLLP
Michael Davis                           111 West 2nd Street, Suite 220
Mark Doré                               Casper, Wyoming 82601
Gibbs Bruns, LLP
1100 Louisiana Street, #5300
Houston, Texas 77002

**If you do not follow these procedures – including mailing the Request for Exclusion so that it is received by the deadline set out above – you will <u>not</u> be excluded from the Settlement Class, and you will be bound by all the orders and judgments entered by the Court regarding Settlement, including the release of claims.** You must request exclusion even if you already have a pending case against any of the Released Parties based upon any Released Claims during the Claim Period. You cannot exclude yourself on the website, by telephone, facsimile, or by email. If you validly request exclusion as described above, you will not receive any distribution from the Net Settlement Fund, you cannot object to the Settlement, and you will not have released any claim against the Released Parties. You will not be legally bound by anything that happens in the Litigation.

**EXHIBIT 3 TO THE SETTLEMENT AGREEMENT**

      C.      **You May Remain a Settlement Class Member, but Object to the Class Settlement, the Allocation Methodology, Plan of Allocation, Settlement Class Attorneys' Fees or Litigation Expenses including Administration, Notice Distribution Costs, or the Settlement Class Representatives' Contribution Awards.**

Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, any term of the Settlement, the Allocation Methodology, the Plan of Allocation, the request for Plaintiffs' Attorneys' Fees and Litigation Expenses and Administration, Notice, and Distribution Costs, or the request for the Case Contribution Award to Class Representative may file an objection.  An objector must file with the Court and serve upon Settlement Class Counsel and Defendants' Counsel a written objection containing the following:  (i) a heading referring to *Deselms, et al. v Occidental Petroleum Corporation, et al.,* No. 2:19-cv-OO234-KHR, United States District Court for the District of Wyoming; (ii) a statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, counsel must be identified by name, address, and telephone number; (iii) a detailed statement of the specific legal and factual basis for each and every objection; (iv) whether the objection applies only to the objector, to a specific subset of the class, or to the entire class and with specificity the grounds for the objection; (v) a list of any witnesses the objector may call at the Final Fairness Hearing, together with a brief summary of each witness's expected testimony (to the extent the objector desires to offer expert testimony and/or any expert report, any such evidence must fully comply with the Federal Rules of Civil Procedure, Federal Rules of Evidence, and the Local Rules of the Court); (vi) a list and copies of any exhibits the objector may seek to use at the Final Fairness Hearing; (vii) a list of any legal authority the objector may present at the Final Fairness Hearing; (viii) the objector's name, current address, current telephone number, and all owner identification numbers found on the Class Notice; (ix) the objector's signature executed before a Notary Public; (x) identification of the objector's interest in the Class Minerals during the Class Period; (xi) the objectors Settlement Class identification number which can be found in Supplementary Class Notice attached to this Notice; and (xii) if the objector is objecting to any portion of the Plaintiffs' Attorneys' Fees or Litigation Expenses and Administration, Notice, and Distribution Costs, or Case Contribution Award sought by Class Representative or Settlement Class Counsel on the basis that the amounts requested are unreasonably high, the objector must specifically state the portion of such requests he/she/it believes is fair and reasonable and the portion that is not.  Such written objections must be filed with the Court and served on Settlement Class Counsel and Defendants' Counsel, *via* certified mail return receipt requested, and received no later than 5:00 pm Mountain Time [Month] [Date], 2025 or the deadline of thirty (30)  calendar days prior to the Final Fairness Hearing at the addresses set forth herein.  Any Class Member that fails to timely file the written objection statement and provide the required information will not be permitted to present any objections at the Final Fairness Hearing.  Your written objection must also be timely filed with the Court at the address below:

**EXHIBIT 3 TO THE SETTLEMENT AGREEMENT**

Clerk of the Court
United States District Court for the District of Wyoming
2120 Capitol Avenue, Room 2131
Cheyenne, Wyoming 82001-3658

**UNLESS OTHERWISE ORDERED BY THE COURT, ANY SETTLEMENT CLASS MEMBER WHO DOES NOT OBJECT IN THE MANNER DESCRIBED HEREIN WILL BE DEEMED TO HAVE WAIVED ANY OBJECTION AND SHALL BE FOREVER FORECLOSED FROM MAKING ANY OBJECTION TO THE SETTLEMENT (OR ANY PART THEREOF) AND WILL NOT BE ALLOWED TO PRESENT ANY OBJECTIONS AT THE FINAL FAIRNESS HEARING.**

### D. You May Retain Your Own Attorney to Represent You in the Final Fairness Hearing.

You have the right to retain your own attorney to represent you at the Final Fairness Hearing. If you retain separate counsel, you will be responsible to pay for his or her fees and expenses out of your own pocket.

## VIII.  WHO ARE THE CLASS REPRESENTATIVES?

The Court has appointed the following as class representatives: Anita C. Deselms, John C. Eklund, Jr., Justin W. Miller, Brandi J. Miller, Ron Rabou, and Russell I. Williams, Jr. ("Settlement Class Representatives"). The Settlement Class Representatives were appointed class representatives in the class certified for liability purposes only; participated in the mediation of the case with the Honorable William F. Downes (retired); approve of the settlement; and will seek the Court's approval of the Settlement. The Settlement Class Representatives have sought to adequately and fairly represent the Settlement Class Members and believe they have considered the interests of the Settlement Class Members just as they would consider her or his own interests by requiring distribution of the proceeds according to the Allocation Methodology and the Allocation Plan.

## IX.    SETTLEMENT CLASS COUNSEL

The Court has appointed Robert P. Schuster of Robert P. Schuster, P.C as the lead counsel for the Settlement Class. Mr. Schuster is the lead Counsel but the full group of Settlement Class Counsel are the following:

| | |
|---|---|
| Robert P. Schuster | Thomas N. Long |
| Bradley L. Booke | Aaron J. Lyttle |
| Robert P. Schuster, P.C. | Kaylee A. Harmon |
| 250 Veronica Lane, Suite 204 | Long Reimer Winegar LLP |
| P.O. Box 13160 | 2120 Carey Ave., Suite 30 |
| Jackson, Wyoming 83002 | Cheyenne, WY 82001 0 |

**EXHIBIT 3 TO THE SETTLEMENT AGREEMENT**

Laurence O. Masson                    J.N. Murdock
Law Office of Laurence O. Masson      Murdock Law Firm, LLC
2625 Alcatraz Avenue, # 206           1551 Three Crowns Drive , Suite 314
Berkeley, California 94705-2702       Casper, Wyoming 82601


Cody L. Balzer                        Samuel Issacharoff
Balzer Law Firm, P.C.                 40 Washington Square South
1302 Cleveland Avenue                 New York, New York 10012
Loveland, Colorado 80537

The Settlement Class Counsel will request up to forty  percent of the Gross Settlement Fund.

If you have questions about whether you are in the Class or wish to speak with Settlement Class Counsel about any other issue, please contact Nick Murdock or Cody Balzer at:

Balzer Law Firm, P.C.
1302 Cleveland Avenue
Loveland, Colorado 80537

Murdock Law Firm, LLC
1551 Three Crowns Drive, Suite 314
Casper, Wyoming 82604
or
claims@occidentalclassaction.com
or
(307) 333-5444

Mr. Murdock and Mr. Balzer may have other persons contact you to help with your questions.

**You will not be separately charged by these lawyers for their work in the Lawsuit.**  The Settlement Class Counsel will request from the Court an award for attorneys' fees and expenses as described above.

## X.    NOTICE MANAGER

Signal Interactive Media, LLC ("Signal") has been selected to act as a Notice Manager, and will provide notice of the settlement class action to Putative Settlement Class Members. The Notice Manager shall receive any Requests for Exclusion and compile a list of the Putative Settlement Class members who filed Requests for Exclusion that shall be provided to the Court.  In a declaration submitted to the Court before the Class was certified, Signal indicated how it would seek to provide notice and facilitate participation in the Settlement Class.  You may find that declaration and other information concerning the Class at **www.occidentalclassaction.com**.  The address, email address, and other contact information for the Notice Manager are:

**EXHIBIT 3 TO THE SETTLEMENT AGREEMENT**

Signal Interactive Media, LLC
P.O. Box 1048
Cheyenne, WY 82003
Claims@OccidentalClassAction.com

## XI.    DO YOU NEED TO GET YOUR OWN LAWYER?

You are not required to hire your own lawyer, though you may do so if you wish. You may hire your own lawyer at your own expense to provide you advice concerning the Class Settlement or to appear on your behalf in Court .

## XII.    COUNSEL FOR THE ANADARKO DEFENDANTS

The attorneys representing Anadarko are:

| | |
|---|---|
| Kathy D. Patrick | Darin Scheer |
| Barrett H. Reasoner | Timothy M. Stubson |
| Ross M. MacDonald | Crowley Fleck PLLP |
| Michael Davis | 111 West 2nd Street, Suite 220 |
| Mark Doré | Casper, Wyoming 82601 |
| Gibbs Bruns, LLP | |
| 1100 Louisiana Street, #5300 | |
| Houston, Texas 77002 | |

As members of the Settlement Class are represented by Settlement Class Counsel, Putative Settlement Class Members should not contact Anadarko or Anadarko's attorneys regarding this Notice, the Class, or the Lawsuit.

## XIII.    FURTHER INFORMATION

If you have any questions about this Notice, the Lawsuit, or your rights, you may contact Settlement Class Counsel at the number and address listed at Section IX.

Court filings and the Court's Orders are available on-line at www.occidentalclassaction.com.  For a fee, you may also access those filings and Court Orders on the Court's   public access system, known as PACER, at www.pacer.gov.

**DO NOT CONTACT THE JUDGE, THE COURT OR THE COURT CLERK OR ANADARKO WITH QUESTIONS ABOUT THIS LAWSUIT OR NOTICE.**

**EXHIBIT 4 TO THE SETTLEMENT AGREEMENT**

**SUPPLEMENTARY NOTICE OF ADDITIONAL INFORMATION CONCERNING THE PROPOSED SETTLEMENT OF THE ANTITRUST CLASS ACTION AGAINST OCCIDENTAL PETROLEUM CORPORATION, ANADARKO PETROLEUM CORPORATION, ANADARKO E&P ONSHORE LLC, ANADARKO LAND CORP., AND ANADARKO OIL & GAS 5 LLC.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

> **If you belong to the Settlement Class and this Settlement is approved, your legal rights will be affected.**
>
> This Supplementary Notice is not a substitute for the Notice you also received. This Supplementary Notice provides information that may be helpful to you in understanding and deciding what you may need to do about the Class Action Settlement. Please read this Supplementary Notice that accompanied the Notice carefully to see information concerning your rights under the Settlement.

While this Supplementary Notice provides information concerning the Class Action Settlement and your potential recovery, the terms of the Settlement Agreement may be examined for free by examining the complete Settlement Agreement as well as other relevant documents at www.OccidentalClassAction.com or in the pleadings and other papers maintained by the Clerk of the United States District Court for the District of Wyoming in Cheyenne. Those pleadings and other papers may also be viewed for a fee at Pacer.com. The Lawsuit may be of benefit to you. Your options are explained in this Notice.

## I.    INFORMATION PROVIDED IN THIS SUPPLEMENTARY NOTICE

You have received this Supplementary Notice because between November 1, 2017, through October 19, 2020, it appears you owned unleased oil and gas minerals located in Eastern Laramie County, Wyoming, within the Niobrara and/or Codell geologic formations under, in, or on lands having Settlement Class Minerals listed on Appendix A to the Notice.

Important Information:

You have been identified as a Settlement Class Member with the following name and address:

> [Owner Name]
> [Owner Address]
> [Settlement Class Member Identification Number]
>    Please use the above number when calling or corresponding with the Notice

## EXHIBIT 4 TO THE SETTLEMENT AGREEMENT

<u>Manager or Settlement Class Counsel.</u>

<u>Land Description Information:</u>    Certified Professional Landmen have consulted with Settlement Class Counsel to provide a general description of where the Settlement Class Minerals to which you appear to have an ownership interest are located:

| <u>Township</u> | <u>Range</u> | <u>Section</u> |
|---|---|---|
| [Entry1 Township] | [Entry 1 Range] | [Entry1 Section] |
| [Entry2 Township] | [Entry2 Range] | [Entry2 Section] |
| [Entry3 Township] | [Entry3 Range] | [Entry3 Section] |

Please note that the Class Minerals may be located in all or only a portion of the section identified.

**<u>Total Net Mineral Acres:</u>**

Based upon the work done by the Certified Professional Landmen, it appears you own [NMATotNumber] net mineral acres of Settlement Class Minerals. Your share of the Settlement Distribution Fund will be your total net mineral acres divided by total net mineral acres found in the Settlement Class Minerals. This is done following the Allocation Methodology required by the Settlement Agreement. The Court may determine that any Settlement Class Member who receives a Distribution Check to which he/she/it is not legally entitled would be required to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (b) return the Distribution Check uncashed.

**<u>Least Likely Amount You Will Receive:</u>**

At the present time and based upon the information relied upon today, the least likely amount you should expect to receive is [DollarMin]. It may be that additional claims by owners of Settlement Class Minerals may be made or some owners are found to be excluded - - - all of which may change your share of the Settlement Distribution Fund and the amount to be paid to you. But Settlement Class Counsel is comfortable predicting you will receive at least this amount assuming there are no changes to the Class Minerals attributable to your ownership as described above.

## II.    INFORMATION YOU NEED TO PROVIDE TO THE DISTRIBUTION ESCROW AGENT IF YOU WISH TO RECEIVE A DISTRIBUTION CHECK WITHOUT TAX WITHHOLDINGS

At the Preliminary Hearing, the Court appointed Converse County Bank, Douglas, Wyoming, as the Deposit Escrow Agent.  At the Final Fairness Hearing, the Court will be asked to appoint Converse County Bank as the Distribution Escrow Agent. The Distribution Escrow Agent will prepare the Distribution Checks that are sent to the Settlement Class Members. In order to receive a Distribution Check without any backup withholdings for tax purposes, enclosed in this packet is a Form W-9 for you to prepare and sign. A stamped envelope addressed to the Deposit Escrow

### EXHIBIT 4 TO THE SETTLEMENT AGREEMENT

Agent is also enclosed. The W-9 will be held confidentially and used only for the purposes of the Distribution Check and the reporting for this Settlement. The Distribution Check will be sent to you at the above address or the address provided on the Form W-9, unless you provide other information to the Deposit Escrow Agent and the Notice Manager in writing before the Distribution Check is issued. If you fail or refuse to provide an IRS form 1099, your Distribution Check may be reduced for standard backup withholdings payable to the Internal Revenue Service. If that occurs, obtaining said monies withheld and paid to the Internal Revenue Service will be your responsibility by and through appropriate IRS rules, regulations and processes. Your Distribution Check will identify the amounts withheld, if any, and paid directly to the IRS on your behalf.

**If you have decided to remain a Settlement Class Member and are not going to request to be excluded from the Settlement Class, you may complete and sign the Form W-9, place it in the enclosed envelope, and then mail it by United States mail to the Deposit Escrow Agent in the attached envelope. If the IRS form W-9 is not submitted timely, it may result in appropriate backup withholdings be taken and paid to the IRS .**

### III.    IF YOU BELIEVE THE INFORMATION IN THIS SUPPLEMENTARY NOTICE IS INACCURATE OR YOU HAVE QUESTIONS

If you have questions about the information you received in the Supplementary Notice of Information or believe the information is in error, please direct your questions to the Notice Manager at:

> Signal Interactive Media, LLC
> P.O. Box 1048
> Cheyenne, WY 82003
> Claims@OccidentalClassAction.com

If you wish to speak with Settlement Class Counsel about this information or any other issue, please contact Nick Murdock or Cody Balzer at:

> Balzer Law Firm, P.C.
> 1302 Cleveland Avenue
> Loveland, Colorado 80537
> or
> Murdock Law Firm, LLC
> 1551 Three Crowns Drive, Suite 314
> Casper, Wyoming 82604
> or
> claims@OccidentalClassAction.com
> or
> (307) 333-5444

Mr. Murdock and Mr. Balzer may have other persons contact you to help with your questions.

**EXHIBIT 4 TO THE SETTLEMENT AGREEMENT**

**You will not be separately charged by these lawyers for their work in the Lawsuit.** The Settlement Class Counsel will request from the Court an award for attorneys' fees and expenses as described above.

## IV.   FURTHER INFORMATION

If you have any questions about this Notice, this Supplementary Notice of Additional Information, the Lawsuit, or your rights, you may contact Settlement Class Counsel at the numbers and addresses listed above in Section III.

**DO NOT CONTACT THE JUDGE, THE COURT OR THE COURT CLERK OR ANADARKO WITH QUESTIONS ABOUT THIS LAWSUIT OR NOTICE.**

**EXHIBIT 5 TO THE SETTLEMENT AGREEMENT**

**(Notice for Newspaper Publication)**

**If You Owned Unleased Minerals in Certain Sections Found in Eastern Laramie County, Wyoming, You Could Be a Part of a Proposed Class Action Settlement**

The Settlement Class includes, subject to certain excluded persons or entities as detailed in the Settlement Agreement:

> Persons or entities having ownership of unleased Settlement Class Minerals during the period beginning November 1, 2017, and ending and including October 19, 2020 ("Class Period).

Settlement Class Minerals are:

> Oil and gas minerals located in the Niobrara and/or Codell geologic formations east of Range 67 West in Laramie County having oil and gas pools that could be reasonably produced as demonstrated by industry's filing of drilling and spacing applications or applications for drilling permits in at least 50% of the sections in the relevant township that were not under an oil and gas lease to drill and operate wells during the Class Period; <u>and</u> were located either:

> a. Within a section that had a 30% royalty Intracompany Lease covering at least 50% of the oil and gas minerals provided the lease or memorandum of the lease was filed in the Laramie County public records disclosing the royalty rate, or
>
> b. In a section (or a part thereof) immediately bounded to the north, south, or both by a section in which any Defendant had a 30% royalty Intracompany Lease as set forth in subparagraph a above.

> You are *not* a member of the Settlement Class if you are an owner who is:(1) a Defendant;(2) an officer, director, or employee of a Defendant, (2) an entity in which a Defendant has a controlling interest or is an affiliate, (3) any entity controlled by the buyer of Anadarko's leases or minerals, including Cowboy Land LLC, Sweetwater Trona HoldCo LLC, and any other affiliate of Orion Mine Finance Group, (4) anyone who has given a valid release concerning the Released Claims, (5) was a lessee of Class Minerals during the Class Period, or (6) an affiliate of the Court. The Defendants are Occidental Petroleum Corporation, Anadarko Petroleum Corporation, Anadarko E&P Onshore, LLC, Anadarko Oil & Gas 5 LLC, and Anadarko Land Corp.

The Litigation sought damages for Defendants' alleged anticompetitive conduct during the Class Period, including claims under federal and state antitrust laws. Defendants expressly deny all

**EXHIBIT 5 TO THE SETTLEMENT AGREEMENT**

allegations of wrongdoing or liability with respect to the claims and allegations in the Litigation. The Court did not decide which side is right.

On [Month] [Date], 2024, the Court preliminarily approved a Settlement in which Defendants have agreed to pay Twelve Million Dollars ($12,000,000.00) in cash (the "Gross Settlement Fund"). From the Gross Settlement Fund, the Court may deduct Settlement Class Counsel's Attorneys' Fees, Litigation Expenses, and costs of Administration, Notice, and Disbursement, Case Contribution Awards, and the Settlement Administration, Notice, and Distribution Costs (the "Net Settlement Fund").

Any interest or income earned by the Gross Settlement Fund will be added to the remainder of the Net Settlement Fund creating the Settlement Distribution Fund. Settlement Class Counsel will not be entitled to any interest or income earned by the Gross Settlement Fund.  The Settlement Distribution Fund will be distributed to participating Settlement Class Members according to the Allocation Methodology as provided in the Settlement Agreement or as otherwise approved by the Court. Each Settlement Class Member will receive the same distribution per net mineral acre for his or her Settlement Class Minerals as every other Settlement Class Member does.  Complete information on the benefits of the Settlement, including information on the distribution of the Net Settlement Fund, can be found in the Settlement Agreement posted on the website listed below. In exchange, Class Members will release Defendants and others identified in the Settlement Agreement from the Released Claims described in the Settlement Agreement.

The attorneys and law firms who represent the Settlement Class as Class Counsel are Robert P. Schuster; Thomas N. Long, Aaron John Lyttle, and Kaylee Ann Harmon of Long Reimer Winegar Beppler LLP; Laurence O. Masson; Samuel Issacharoff; Robert Klonoff; Cody L. Balzer; J. N. Murdock; and Bradley L. Booke.

You may hire your own attorney, if you wish. However, you will be responsible for that attorney's fees and expenses.

| **What Are My Legal Rights?** |
| --- |

- **Do Nothing, Stay in the Class, and Receive Benefits of the Settlement:** If the Court approves the proposed Settlement, you, if not otherwise excluded, will receive the benefits of the proposed Settlement. You will also be bound by all orders and judgments of the Court, and you will not be able to sue, or continue to sue, Defendants or others identified in the Settlement Agreement for the Released Claims described in that Agreement.  The benefits of the proposed Settlement include payments by Distribution Check provided, however, that the payments may be reduced for tax backup withholdings to the extent a completed and executed IRS form W-9 is not received.  To provide said tax information, please review the Notice of Settlement

**EXHIBIT 5 TO THE SETTLEMENT AGREEMENT**

found at the website listed below for information and addresses. If you need an IRS form W-9, it can be provided to you upon request if you have not already received one.

- **<u>Stay in the Settlement Class, But Object to All or Part of the Settlement</u>:** You can file and serve a written objection to the Settlement and appear before the Court. Your written objection must contain the information described in the Notice of Settlement found at the website listed below and must be filed with the Court and served on Class Counsel, the Notice Manager, and Defendant's Counsel no later than [Month] [Date], 2025, at 5 p.m. MT.

- **<u>Exclude Yourself from the Settlement Class</u>:** To exclude yourself from the Settlement Class, you must serve by certified mail a written statement to the Notice Manager, Settlement Class Counsel, and Defendants' Counsel. Your Request for Exclusion must contain the information described in the Notice of Settlement found at the website listed below and must be received no later than 5:00 pm Mountain Time [Month] [Date], 2025, at 5 p.m. MT at the addresses set forth in the Notice of Settlement found at the website listed below. You cannot exclude yourself on the website, by telephone, or by email.

The Court will hold a Final Fairness Hearing on [Month] [Date], 2025, at _____.m. MT at the United States District Court for the District of Wyoming (in Cheyenne, Wyoming). At the Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court will also consider the application for Settlement Class Counsel's application for Attorneys' Fees and reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs. The Court will also consider Settlement Class Representatives' application for Case Contribution Awards. If comments or objections have been submitted in the manner required, the Court will consider them as well. Please note that the date of the Final Fairness Hearing is subject to change without further notice. If you plan to attend the Hearing, you should check with Settlement Class Counsel, the Court or www.OccidentalClassAction.com to confirm no change to the date and time of the Hearing has been made.

**This notice provides only a summary. For more detailed information regarding the rights and obligations of Settlement Class Members, read the Notice of Settlement, Settlement Agreement and other documents posted on the website or contact the Settlement Administrator.**

**Visit:** www.OccidentalClassAction.com

**Or write to:**
*Deselms v Occidental Settlement*
c/o Signal Interactive Media, LLC, Settlement Class Notice Manager
P.O. Box 1048
Cheyenne, WY 82633

## EXHIBIT 6 TO THE SETTLEMENT AGREEMENT

**Sections in which Class Minerals are located if the owner is not excluded:**

| Township | Range | Section |
|----------|-------|---------|
| 12 | 60 | 2 |
| 12 | 60 | 4 |
| 12 | 60 | 9 |
| 12 | 60 | 10 |
| 12 | 60 | 11 |
| 12 | 60 | 14 |
| 12 | 61 | 2 |
| 12 | 61 | 7 |
| 12 | 61 | 8 |
| 12 | 61 | 10 |
| 12 | 61 | 11 |
| 12 | 61 | 12 |
| 12 | 61 | 14 |
| 12 | 61 | 15 |
| 12 | 62 | 2 |
| 12 | 62 | 4 |
| 12 | 63 | 6 |
| 12 | 65 | 7 |
| 12 | 66 | 3 |
| 13 | 61 | 1 |
| 13 | 61 | 2 |
| 13 | 61 | 4 |
| 13 | 61 | 8 |
| 13 | 61 | 10 |
| 13 | 61 | 11 |
| 13 | 61 | 12 |
| 13 | 61 | 13 |
| 13 | 61 | 14 |
| 13 | 61 | 16 |
| 13 | 61 | 22 |
| 13 | 61 | 24 |
| 13 | 61 | 26 |
| 13 | 61 | 28 |
| 13 | 61 | 34 |
| 13 | 62 | 2 |

**EXHIBIT 6 TO THE SETTLEMENT AGREEMENT**

| Township | Range | Section |
|----------|-------|---------|
| 13 | 62 | 12 |
| 13 | 62 | 14 |
| 13 | 62 | 18 |
| 13 | 62 | 20 |
| 13 | 62 | 22 |
| 13 | 62 | 24 |
| 13 | 62 | 26 |
| 13 | 62 | 28 |
| 13 | 62 | 29 |
| 13 | 62 | 30 |
| 13 | 62 | 32 |
| 13 | 62 | 33 |
| 13 | 62 | 34 |
| 13 | 62 | 35 |
| 13 | 62 | 36 |
| 13 | 63 | 13 |
| 13 | 63 | 20 |
| 13 | 63 | 23 |
| 13 | 63 | 24 |
| 13 | 63 | 30 |
| 13 | 66 | 30 |
| 14 | 61 | 32 |
| 14 | 61 | 34 |
| 14 | 61 | 36 |
| 14 | 62 | 5 |
| 14 | 62 | 6 |
| 14 | 62 | 8 |
| 14 | 62 | 14 |
| 14 | 62 | 17 |
| 14 | 62 | 20 |
| 14 | 62 | 23 |
| 14 | 62 | 26 |
| 14 | 62 | 35 |
| 14 | 63 | 6 |
| 14 | 63 | 12 |
| 14 | 63 | 34 |

## EXHIBIT 6 TO THE SETTLEMENT AGREEMENT

| Township | Range | Section |
|----------|-------|---------|
| 14 | 63 | 35 |
| 14 | 64 | 2 |
| 14 | 64 | 8 |
| 14 | 64 | 12 |
| 15 | 60 | 4 |
| 15 | 61 | 4 |
| 15 | 62 | 2 |
| 15 | 62 | 3 |
| 15 | 62 | 4 |
| 15 | 62 | 6 |
| 15 | 62 | 8 |
| 15 | 62 | 10 |
| 15 | 62 | 12 |
| 15 | 62 | 18 |
| 15 | 62 | 20 |
| 15 | 62 | 29 |
| 15 | 62 | 30 |
| 15 | 62 | 31 |
| 15 | 62 | 32 |
| 15 | 63 | 2 |
| 15 | 63 | 12 |
| 15 | 63 | 13 |
| 15 | 63 | 14 |
| 15 | 63 | 23 |
| 15 | 63 | 24 |
| 15 | 63 | 25 |
| 15 | 63 | 26 |
| 15 | 63 | 30 |
| 15 | 63 | 32 |
| 15 | 63 | 35 |
| 15 | 63 | 36 |
| 16 | 60 | 5 |
| 16 | 60 | 6 |
| 16 | 60 | 8 |
| 16 | 60 | 10 |
| 16 | 60 | 18 |
| 16 | 60 | 19 |

**EXHIBIT 6 TO THE SETTLEMENT AGREEMENT**

| Township | Range | Section |
|----------|-------|---------|
| 16 | 60 | 20 |
| 16 | 60 | 21 |
| 16 | 60 | 22 |
| 16 | 60 | 28 |
| 16 | 60 | 29 |
| 16 | 60 | 30 |
| 16 | 60 | 32 |
| 16 | 60 | 33 |
| 16 | 60 | 34 |
| 16 | 61 | 2 |
| 16 | 61 | 3 |
| 16 | 61 | 4 |
| 16 | 61 | 5 |
| 16 | 61 | 6 |
| 16 | 61 | 8 |
| 16 | 61 | 9 |
| 16 | 61 | 10 |
| 16 | 61 | 12 |
| 16 | 61 | 13 |
| 16 | 61 | 14 |
| 16 | 61 | 17 |
| 16 | 61 | 18 |
| 16 | 61 | 21 |
| 16 | 61 | 24 |
| 16 | 61 | 30 |
| 16 | 61 | 31 |
| 16 | 61 | 32 |
| 16 | 61 | 36 |
| 16 | 62 | 2 |
| 16 | 62 | 4 |
| 16 | 62 | 6 |
| 16 | 62 | 8 |
| 16 | 62 | 9 |
| 16 | 62 | 10 |
| 16 | 62 | 11 |
| 16 | 62 | 12 |

**EXHIBIT 6 TO THE SETTLEMENT AGREEMENT**

| Township | Range | Section |
|----------|-------|---------|
| 16 | 62 | 14 |
| 16 | 62 | 16 |
| 16 | 62 | 18 |
| 16 | 62 | 19 |
| 16 | 62 | 21 |
| 16 | 62 | 22 |
| 16 | 62 | 23 |
| 16 | 62 | 24 |
| 16 | 62 | 25 |
| 16 | 62 | 26 |
| 16 | 62 | 28 |
| 16 | 62 | 30 |
| 16 | 62 | 31 |
| 16 | 63 | 32 |
| 17 | 61 | 2 |
| 17 | 61 | 4 |
| 17 | 61 | 10 |
| 17 | 61 | 11 |
| 17 | 61 | 14 |
| 17 | 61 | 22 |
| 17 | 61 | 24 |
| 17 | 61 | 26 |
| 17 | 61 | 28 |
| 17 | 61 | 31 |
| 17 | 61 | 32 |
| 17 | 61 | 34 |
| 17 | 61 | 35 |
| 17 | 62 | 32 |
| 17 | 62 | 33 |
| 17 | 62 | 34 |
| 17 | 62 | 35 |
| 17 | 62 | 36 |