| | | |
|---|---|---|
| Robert P. Schuster (Bar No. 4-1137)<br>Bradley L. Booke (Bar No. 5-1676)<br>Robert P. Schuster P.C.<br>P.O. Box 13160<br>250 Veronica Lane, Suite 204<br>Jackson, WY 83002<br>Telephone: 307.732.7800<br>bob@bobschuster.com<br>brad@bobschuster.com<br>Attorneys for Plaintiffs<br><br>Samuel Issacharoff (*pro hac vice*)<br>40 Washington Square South<br>New York, New York 10012<br>Telephone: 212.998.6580<br>si13@nyu.edu<br>Attorney for Plaintiffs<br><br>Robert Klonoff (*pro hac vice*)<br>2425 S.W. 76th Avenue<br>Portland, Oregon 97225<br>Telephone: 503.702.0218<br>klonoff@usa.net<br>Attorney for Plaintiffs | J.N. Murdock (Bar No. 5-1629)<br>Murdock Law Firm, LLC<br>1551 Three Crowns Drive, Suite 314<br>Casper, Wyoming 82604<br>Telephone: 307.333.5444<br>jnmurdock@murdocklawfirm.com<br>Attorney for Plaintiffs<br><br>Laurence O. Masson (*pro hac vice*)<br>Law Office of<br>Laurence O. Masson<br>2625 Alcatraz Avenue, # 206<br>Berkeley, California 94705-2702<br>Telephone: 510.735.9691<br>lomlex@gmail.com<br>Attorney for Plaintiffs | Thomas N. Long (Bar No. 5-1550)<br>Aaron J. Lyttle (Bar No. 7-4726)<br>Kaylee A. Harmon (Bar No. 7-6308)<br>Long Reimer Winegar LLP<br>P.O. Box 87<br>2120 Carey Ave., Suite 300<br>Cheyenne, WY 82003<br>Telephone: 307.635.0710<br>Fax: 307.635.0413<br>tlong@lrw-law.com<br>alyttle@lrw-law.com<br>kharmon@lrw-law.com<br>Attorneys for Plaintiffs<br><br>Cody L. Balzer (Bar No. 6-2931)<br>Balzer Law Firm, P.C.<br>1302 Cleveland Avenue<br>Loveland, CO 80537<br>Telephone: 970.203.1515<br>cody@balzerlaw.com<br>Attorney for Plaintiffs |

# IN THE UNITED STATES DISTRICT COURT
# OF THE DISTRICT OF WYOMING

| | |
|---|---|
| Anita C. Deselms, et al.,              )<br>                                                      )<br>        Class Representatives,      )<br>                                                      )<br>v.                                                   )<br>                                                      )<br>Occidental Petroleum Corporation, et al., )<br>                                                      )<br>        Defendants.                         ) | Civil Action No. 19-CV-243-KHR |

**CLASS REPRESENTATIVES' MEMORANDUM IN SUPPORT OF MOTION FOR APPROVAL OF SETTLEMENT CLASS COUNSELS' FEES, LITIGATION EXPENSES, ADMINISTRATION, NOTICE, AND DISTRIBUTION COSTS, AND CASE CONTRIBUTION AWARDS**

Class Representatives, through Settlement Class Counsel, move the Court for its Order approving (a) Settlement Class Counsels' fees, (b) Litigation Expenses, (c) Administration, Notice, and Distribution Costs, and (d) Case Contribution Awards.[1]

## I.   BACKGROUND

On November 25, 2019, a group of mineral owners in Eastern Laramie County filed their complaint (Doc. 1) alleging antitrust claims against Occidental Petroleum Corporation, Baseball Merger Sub 1, Inc., Anadarko Petroleum Corporation, Anadarko E&P Onshore LLC, and Anadarko Land Corp.  The complaint was amended twice (Docs. 43 and 87), seeking class action relief under Fed. R. Civ. P. 23.  The case proceeded through discovery and, ultimately, the Court certified a liability class on May 20, 2022 (Doc. 227).  The Defendants requested permission to appeal the class certification order---which was granted (Doc. 236).  The United States Court of Appeals for the Tenth Circuit rendered its opinion affirming this Court's class certification pursuant to Fed. R. Civ. P. 23(c)(4) (Docs. 275-1 and 275-2).

During the nearly five years of litigation, the parties exchanged more than 3 million pages of documents (both in paper and electronic form), conducted dozens of depositions, and submitted numerous expert designations, inclusive of expert reports and supplements thereto. Settlement Class Counsel completed the tasks required in the immediate pretrial period. The final pretrial conference was held on July 18, 2024.  A mediation occurred on August 6, 2024 that resulted in a tentative settlement agreement and a short delay in the trial to accommodate additional internal

---

[1] This Court has recently considered two class action settlements, entering orders as to each.  This Memorandum gives attention and focus to the issues and reasoning contained in each order. Order and Judgment Granting Final Approval of Class Action Settlement, *Wake Energy, LLC, v. EOG Resources, Inc.*, Civil No. 20-CV-00183-ABJ (Doc. 76-1) ("*Wake Energy*"), and Order Awarding Plaintiff's Attorneys' Fees, Litigation Expenses, Administration, Notice, and Distribution Costs, and Case Contribution Award, *Wright v. Devon Energy Production Company, L.P.*, Civil Action No. 22-CV-213-KHR (Doc. 44) ("*Wright*").

*Class Representatives' Memorandum in Support of Motion for Approval of Settlement Class Counsels'
Fees, Litigation Expenses, Administration, Notice, and Distribution Costs, and Case Contribution Awards*
Page 2 of 13

approvals by the Class Representatives and the Defendants alike. Following Class Representatives' unopposed motion, the Court---on October 7, 2024---entered its *Order Granting Class Representatives' Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class for Settlement Purposes, Approve Form and Manner of Notice, Appoint Settlement Class Representatives and Settlement Class Counsel, Appoint the Deposit Escrow Agent and Distribution Escrow Agent, and Set Date for Final Fairness Hearing* (Doc. 435).

## II. SETTLEMENT COUNSELS' FEES ARE REASONABLE AND SHOULD BE APPROVED

Rule 23(e)(2)(C) requires that a settlement be approved---after a hearing---"only on finding that it is fair, reasonable, and adequate." The award of attorney fees "is a matter uniquely within the discretion of the trial judge, who has firsthand knowledge of the efforts of counsel and of services provided." *Wright* at 3 (citing *Brown v. Phillips Petroleum Co.*, 838 F.2d 453 (10th Cir. 1988)). While district courts have discretion to use either a lodestar method of examining attorney fees or a percentage of the fund method, the Tenth Circuit has expressed a preference for the percentage of the fund method. *Brown*, 838 F.2d at 454; *Rosenbaum v. MacAllister*, 64 F.3d 1439, 1445 (10th Cir. 1995).

Settlement Counsel seek approval of a 40% fee of the common fund consistent with the contingency fee percentage specified in the fee agreement executed by the individual plaintiffs named in the original complaint[2] and consistent with the *Notice of Proposed Settlement of the Antitrust Class Action* as approved by the Court.[3]

---

[2] The Contingent Fee Agreement for Legal Services provided: "The Client agrees to pay attorneys' fees in the amount of forty percent (40%) of the gross recovery should the attorneys pursue Client's claims in state or federal court. All references to the 'Fee' hereafter shall refer to the 40% contingent fee."

[3] The Notice (at p. 5) provided: "Settlement Class Counsel intends to seek an award of Settlement Class Counsels' Attorneys' Fees of not more than 40% of the Gross Settlement Fund at the Final Fairness Hearing."

Where, as here, the parties' chosen law is federal common law, determination of the reasonableness of the attorney's fee is to proceed procedurally in compliance with Rule 23(h) as has been done in this case. The percentage of the fund methodology, under those circumstances, does not require either a lodestar or a lodestar crosscheck and the fee is calculated as a reasonable percentage of the value obtained for the benefit of the Class. *Wright* at 3-4; *Brown*, 838 F.2d at 454. In *Brown*, the Tenth Circuit adopted the twelve-factor analysis derived from *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Brown*, 838 F.2d at 454-55; *see also Gottlieb v. Barry,* 43 F.3d 474, 483 & n.4 (10th Cir. 1994), *abrogated on other grounds by Devlin v. Scardelletti*, 536 U.S. 1 (2002); *Lane v. Page*, 862 F. Supp. 2d 1182, 1251 (D.N.M. 2012); *In Re Syngenta AG MIR 162 Corn Litigation v. Syngenta AG,* 357 F. Supp. 3d 1094, 1111 (D. Kan. 2018). The Tenth Circuit has also noted, however, that "rarely are all of the *Johnson* factors applicable; this is particularly so in a common fund situation." *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993) (quoting *Brown*, 838 F.2d at 454-55).

The *Brown/Johnson* factors---and their satisfaction---are as follows:

- **The time and labor involved.** The case was filed November 25, 2019, the final pretrial conference was held on July 18, 2024, and the *Order Granting Class Representatives' Unopposed Motion to Preliminarily Approve Class Action Settlement* was entered October 7, 2024 (as Document 435 in the docket history).[4] In the period after filing, the Defendants appealed the class certification order to the Tenth Circuit which was fully briefed and argued. The time and effort continue, including preparation for the Final Fairness Hearing on June 5, 2025.

- **The novelty and difficulty of the questions.** The case has alleged that the Defendants engaged in non-competitive conduct in violation of Section 2 of the Sherman Act (15 U.S.C. § 2) and Wyoming law, including Wyo. Stat. Ann. § 40-4-101. Whereas most Sherman Act cases involve allegations of *monopoly*

---

[4] The docket history itself is perhaps the best evidence of the time and labor expended in this case. It is attached as Exhibit 1.

power, this case involved abuse of *monopsony* power---an anticompetitive variant that has few national precedents. The case also involved complex issues of oil and gas law.

- **The skill requisite to perform the legal service properly.** The case originated with clients of Long Reimer Winegar LLP. Mr. Long reached out to Mr. Schuster to serve as lead counsel. Because of the complexity of the oil and gas issues, Mr. Schuster asked Mr. Murdock and Mr. Balzer to serve as co-counsel. Given the complexity of the antitrust issues, Mr. Schuster asked Laurence O. Masson of Berkeley, California to join the case inasmuch as he has had extensive involvement in antitrust issues, including service with the Federal Trade Commission. Given the complexity of the class action issues, Mr. Schuster and Mr. Murdock asked Samuel Issacharoff and Robert Klonoff to join the case, the Reporter and Associate Reporter for the American Law Institute's Principles of the Law of Aggregate Litigation. For their part, the Defendants---during the course of litigation---engaged four law firms that have *offices in more cities than Plaintiffs' counsel have lawyers*: Cravath Swaine & Moore, Holland & Hart, Gibbs Bruns, and Crowley Fleck.

- **The preclusion of other employment by the attorneys due to acceptance of the case.** The case was engrossing but Settlement Class Counsel do not contend that any substantial case was rejected because of those responsibilities.

- **The customary fee.** This Court has found that a 40% contingency fee is consistent with the market rate---Judge Johnson in *Wake Energy* and Judge Rankin in *Wright*.

- **Whether the fee is fixed or contingent.** As previously mentioned, the Contingent Fee Agreement for Legal Services executed by the initiating Plaintiffs specified a contingency fee of 40% of the gross settlement.

- **Time limitations imposed by the client or the circumstances.** This factor is not of particular relevance. The case was filed and it proceeded on its own---in the district court as well as the Tenth Circuit.

- **The amount involved and the results obtained.** The cash payment of $12,000,000.00 is an excellent recovery for the Settlement Class. Both liability and damage issues were thoroughly examined by an exceptionally well-qualified group of experts. The settlement amount was achieved in consequence of the mediation conducted by Judge Downes, a nationally recognized mediator with significant experience as a practicing lawyer, a judge, and a mediator in oil and gas and antitrust law as well as having significant experience with class actions. The appropriateness of the settlement is also evidenced by the fact that no one opted out of the Class.

- **The experience, reputation, and ability of the attorneys.** This factor has been addressed in the discussion regarding other factors. Moreover, this Court----both with Judge Freudenthal and Judge Rankin as the presiding judges---have had abundant opportunity to evaluate this factor in regard to all counsel

*Class Representatives' Memorandum in Support of Motion for Approval of Settlement Class Counsels'*
*Fees, Litigation Expenses, Administration, Notice, and Distribution Costs, and Case Contribution Awards*
*Page 5 of 13*

representing the Plaintiffs and then the Class.

- **The undesirability of the case.** The case was desirable to Settlement Class Counsel. They have been honored to represent the mineral owners. But it was also daunting. Few attorneys would have undertaken the responsibilities associated with the case and few attorneys would have been able to match the experience and ability of the attorneys comprising the Plaintiffs' team. Undersigned counsel know of no other group of attorneys who would have undertaken representation given the significant expense burden necessary to properly prosecute the case.

- **The nature and length of the professional relationship with the clients.** Mr. Long's firm had longstanding relationships with the originating Plaintiffs. All attorneys and firms representing the originating Plaintiffs and, then, the Class were actively involved with the mineral owners they were representing throughout the years the lawsuit has been pending.

- **Awards in similar cases.** This Court in *Wright*, and Judge Johnson in *Wake Energy,* addressed the market appropriateness of a 40% contingency fee. It is also to be noted that neither of those cases is in any way comparable to the complexity or scope of *DeSelms*---nor in any way comparable to the demands *DeSelms* placed on counsel. The docket history for the current case has been previously referenced---Exhibit 1. The docket history in *Wake Energy* (Exhibit 2) and the docket history in *Wright* (Exhibit 3)---when compared to *DeSelms*---are illustrative of these facts.

Analysis of the *Brown/Johnson* factors supports approval of the fee request.

### III. THE LITIGATION EXPENSES ARE REASONABLE AND SHOULD BE APPROVED.

Rule 23(h) of the Federal Rules of Civil Procedure provides that "the court may award…nontaxable costs that are authorized by law or by the parties' agreement." Thus, it has been noted: "As with attorney fees, an attorney who creates or preserves a common fund for the benefit of a class is entitled to receive reimbursement of all reasonable costs incurred . . . in addition to the attorney fee percentage." *Vaszlavik v. Storage Tech. Corp.,* No. 95-B-2525, 2000 WL 1268824, at *4 (D. Colo. Mar. 9, 2000); *see also Wright* at 8-9; *Wake Energy* at 7-8.

In the *Notice of Proposed Settlement of the Antitrust Class Action (*page 5), Settlement Class Counsel reported that they would seek reimbursement of "Litigation Expenses up to one million two hundred fifty thousand dollars"---with "Litigation Expenses" meaning those suit

expenses incurred up to October 7, 2024, the date the Court entered its order of preliminary approval (Doc. 435). The *Declaration of Robert P. Schuster* (*"Schuster Declaration"*) discusses the expenses and their reasonableness. They were advanced by four law firms[5] over the course of almost five years in the total amount of $1,213,465.57. The Litigation Expenses totaled $1,315.146.19---in excess, therefore, of the $1,250,000.00 figure. Settlement Class Counsel, accordingly, request reimbursement of the sum of $1,249,498.84. The differential will be absorbed by Settlement Class Counsel in their fees.

In addition to the overage, there were expenses during the Litigation Period that Settlement Class Counsel have chosen not to characterize as Litigation Expenses but, instead, to also have them reimbursed from the attorney fee award discussed in Section II of this Memorandum.

- Because of the volume of briefing and its complexity, Class Counsel received some research and writing assistance from law students and other attorneys. The case was benefitted by their contributions. Those bills totaled $113,211.40. *Schuster Declaration*.

The fact that those additional expenses will be reimbursed from the attorney fee award is further evidence of its reasonableness.

The Litigation Expenses should be approved.

## IV. THE ADMINISTRATION, NOTICE, AND DISTRIBUTION COSTS ARE REASONABLE AND SHOULD BE APPROVED.

Settlement Class Counsel seek reimbursement for costs incurred by them as Administration, Notice, and Distribution Costs. In the Settlement Notice, Settlement Class Counsel agreed to limit their reimbursement to three hundred sixty thousand dollars. *Notice of Proposed Settlement of the Antitrust Class Action* (page 5). In order to complete the Settlement,

---

[5] Robert P. Schuster, P.C., Long Reimer Winegar LLP, Murdock Law Firm, LLC, and the Law Office of Laurence O. Masson.

Settlement Class Counsel needed to first determine what amount each Settlement Class Member should receive. Unlike oil and gas royalty disputes in which the defendant's records disclose the names, addresses, and tax identification numbers of virtually each class member, this case required that title of over 170 sections be researched by landmen to identify Settlement Class Members as well as the net mineral acres each owned. On average that title review of one section required one day's work by a landman, often requiring an examination of title from the grant of a patent from the United States government in 1870s through at least the end of the Class Period. This could only be done within the time allotted by the Preliminary Order if a team of landmen conducted the title review on almost a full-time basis. Adding to this already difficult task were sections in which owners had sold or transferred their minerals during the Class period, necessitating a proportional allocation of net mineral acres between the seller and buyer of the minerals based upon the time each owned the minerals. Once that identification process was completed, notification of class members commenced.

The Court in its Preliminary Order approved a Notice Plan that recognized the difficulty and expense of providing practicable notice to Settlement Class Members. At the center of the Notice Plan was the direct mailings of printed notices to the Settlement Class Members. The mailings were done by certified mail, regular mail, and FedEx delivery when it appeared FedEx would more likely be successful. Attempting to obtain valid addresses for Settlement Class Members necessitated using different search applications for over 200 Settlement Class Members. The Notice Plan also recognized the need to acquaint potential Settlement Class Members with the existence of the Settlement and a means to determine if one were a Settlement Class Member. In addition to newspaper and radio advertising, social media and a Google advertising plan were employed to foster recognition of the Settlement.

As expected, once notification occurred people had questions. In excess of 250 contacts occurred, requiring explanations of many topics, including why minerals in certain sections were not Settlement Class Minerals; how a caller had acquired ownership of Settlement Class Minerals; the calculation of a member's net mineral acres; and whether relatives have been notified. Following up on many conversations, Settlement Class Counsel often provided copies of relevant land records.

In order to receive, invest, and distribute the Settlement proceeds, two escrow agents were and will continue to be used. The Deposit Escrow Agent received the $12,000,000 Settlement proceeds and invested those funds as required by the Preliminary Order. The Deposit Escrow Agent is prepared to make payments as required in the Court's Final Order and then deposit the funds in a Distribution Escrow Account that will be used to distribute Settlement proceeds and income earned on those funds to the Settlement Class Members. Current Administrative Expenses incurred total $222,165.81. *See Schuster Declaration.* In addition, it is known that Converse County Bank will charge a Distribution Escrow Agent Fee of $70,000.00. *See Schuster Declaration.* Those two sums total $292,165.81. It is also known, however, that there will be additional supervisory and administrative expenses as well as fees required to do title and land work necessary to the final distribution process ("Prospective Administrative Expenses"). It is believed that those anticipated charges may well exceed---over and above the $292,165.81 figure---the $360,000.00 specified in the Notice. *See Schuster Declaration.* That amount, however, cannot realistically be estimated at this time.

Accordingly, Settlement Class Counsel request the following:

- That Settlement Class Counsel be reimbursed for the incurred Administrative Expenses in the amount of $222,165.81.

- That Settlement Class Counsel be authorized to pay Converse County Bank $70,000.00 for its Distribution Escrow Agent Fee prior to the relevant distribution.

- That Settlement Class Counsel be reimbursed up to $360,000.00 for any Prospective Administrative Expenses after they are incurred and upon proper showing to the Court.

- To the extent the total Administrative Expenses exceed the sum of $360,000.00, the additional sum will be paid from the attorney fee award discussed in Section II of this Memorandum.

## V. THE CASE CONTRIBUTION AWARDS ARE REASONABLE AND SHOULD BE APPROVED.

In the *Notice of Proposed Settlement of the Antitrust Class Action* (page 5), Class Counsel reported that "[t]he Class Representatives will also seek Case Contribution Awards of ten thousand dollars each for their time, expense, risk and burden as serving as Class Representatives." The Court appointed six Settlement Class Representatives: Anita C. DeSelms, John C. Ecklund, Jr., Justin W. Miller, Brandi J. Miller, Ron Rabou, and Russell I. Williams, Jr. Their contributions to the case are discussed in the *Schuster Declaration*.

//
//
//
//
//
//
//
//
//
//
//

The propriety of case contribution awards has been discussed in *Lane*, 862 F. Supp. 2d at 1236-38. Moreover, this Court also discussed such awards in *Wright* at 10. Here, the total awards amount only to 0.5% of the Gross Settlement Fund and they are well deserved. Class Counsel respectfully request that the awards be granted.

Dated: May 14, 2025.

By: /s/ Robert P. Schuster
Robert P. Schuster
Bradley L. Booke
Robert P. Schuster, P.C.
P.O. Box 13160
250 Veronica Lane, Suite 204
Jackson, Wyoming 83002
bob@bobschuster.com
brad@bobschuster.com

Thomas N. Long
Aaron J. Lyttle
Kaylee A. Harmon
Long Reimer Winegar LLP
P.O. Box 87
2120 Carey Ave., Suite 300
Cheyenne, WY 82003
tlong@lrw-law.com
alyttle@lrw-law.com
kharmon@lrw-law.com

J.N. Murdock
Murdock Law Firm, LLC
1551 Three Crowns Drive, Suite 314
Casper, Wyoming 82604
jnmurdock@murdocklawfirm.com

Laurence O. Masson
Law Office of Laurence O. Masson
2625 Alcatraz Avenue, # 206
Berkeley, California 94705-2702
lomlex@gmail.com

*Class Representatives' Memorandum in Support of Motion for Approval of Settlement Class Counsels'
Fees, Litigation Expenses, Administration, Notice, and Distribution Costs, and Case Contribution Awards
Page 11 of 13*

Cody L. Balzer
Balzer Law Firm, P.C.
1302 Cleveland Avenue
Loveland, CO 80537
cody@balzerlaw.com

Samuel Issacharoff
40 Washington Square South
New York, New York 10012
si13@nyu.edu

Robert Klonoff
2425 S.W. 76th Avenue
Portland, Oregon 97225
Telephone: 503.702.0218
klonoff@usa.net

*Settlement Class Counsel*

*Class Representatives' Memorandum in Support of Motion for Approval of Settlement Class Counsels'
Fees, Litigation Expenses, Administration, Notice, and Distribution Costs, and Case Contribution Awards
Page 12 of 13*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2025, a true and correct copy of the foregoing was served through the Court's ECF system as well as the following methods:

| | |
|---|---|
| Barrett H. Reasoner<br>Ross M. MacDonald<br>Kathy D. Patrick<br>Mark Doré<br>Michael Davis<br>Gibbs Bruns, LLP<br>1100 Louisiana Street, #5300<br>Houston, Texas 77002<br>breasoner@gibbsbruns.com<br>rmacdonald@gibbsbruns.com<br>kpatrick@gibbsbruns.com<br>mdore@gibbsbruns.com<br>mdavis@gibbsbruns.com<br>*Attorneys for Defendants* | [ ]  U.S. Mail, Postage Prepaid<br>[ ]  Express Mail<br>[ ]  Hand Delivery<br>[ ]  Fax Transmission<br>[ ]  Federal Express<br>[X]  Electronic Transmission |
| Timothy M. Stubson<br>Crowley Fleck PLLP<br>111 West 2nd Street, Suite 220<br>Casper, Wyoming 82601<br>tstubson@crowleyfleck.com<br>*Attorney for Defendants* | [ ]  U.S. Mail, Postage Prepaid<br>[ ]  Express Mail<br>[ ]  Hand Delivery<br>[ ]  Fax Transmission<br>[ ]  Federal Express<br>[X]  Electronic Transmission |

Robert P. Schuster

*Class Representatives' Memorandum in Support of Motion for Approval of Settlement Class Counsels'*
*Fees, Litigation Expenses, Administration, Notice, and Distribution Costs, and Case Contribution Awards*
*Page 13 of 13*