| | | |
|---|---|---|
| Robert P. Schuster (Bar No. 4-1137) | J.N. Murdock (Bar No. 5-1629) | Thomas N. Long (Bar No. 5-1550) |
| Bradley L. Booke (Bar No. 5-1676) | Murdock Law Firm, LLC | Aaron J. Lyttle (Bar No. 7-4726) |
| Robert P. Schuster P.C. | 1551 Three Crowns Drive, Suite 314 | Kaylee A. Harmon (Bar No. 7-6308) |
| P.O. Box 13160 | Casper, Wyoming 82604 | Long Reimer Winegar LLP |
| 250 Veronica Lane, Suite 204 | Telephone: 307.333.5444 | P.O. Box 87 |
| Jackson, WY 83002 | jnmurdock@murdocklawfirm.com | 2120 Carey Ave., Suite 300 |
| Telephone: 307.732.7800 | Attorney for Plaintiffs | Cheyenne, WY 82003 |
| bob@bobschuster.com | | Telephone: 307.635.0710 |
| brad@bobschuster.com | Laurence O. Masson (*pro hac vice*) | Fax: 307.635.0413 |
| Attorneys for Plaintiffs | Law Office of | tlong@lrw-law.com |
| | Laurence O. Masson | alyttle@lrw-law.com |
| Samuel Issacharoff (*pro hac vice*) | 2625 Alcatraz Avenue, # 206 | kharmon@lrw-law.com |
| 40 Washington Square South | Berkeley, California 94705-2702 | Attorneys for Plaintiffs |
| New York, New York 10012 | Telephone: 510.735.9691 | |
| Telephone: 212.998.6580 | lomlex@gmail.com | Cody L. Balzer (Bar No. 6-2931) |
| si13@nyu.edu | Attorney for Plaintiffs | Balzer Law Firm, P.C. |
| Attorney for Plaintiffs | | 1302 Cleveland Avenue |
| | | Loveland, CO 80537 |
| Robert Klonoff (*pro hac vice*) | | Telephone: 970.203.1515 |
| 2425 S.W. 76th Avenue | | cody@balzerlaw.com |
| Portland, Oregon 97225 | | Attorney for Plaintiffs |
| Telephone: 503.702.0218 | | |
| klonoff@usa.net | | |
| Attorney for Plaintiffs | | |

# IN THE UNITED STATES DISTRICT COURT
# OF THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Anita C. Deselms, et al., | ) | |
| | ) | |
|     Settlement Class Representatives, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-CV-243-KHR |
| | ) | |
| Occidental Petroleum Corporation, et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## UNOPPOSED MOTION FOR ORDER PERMITTING DISTRIBUTION ESCROW AGENT TO RECEIVE DEPOSITS TO FUND TITLE AMBIGUITY ADJUSTMENTS

Settlement Class Counsel requests the Court enter an Order Permitting the Distribution Escrow Agent of receive Settlement Class Counsel's deposit of $34,000 in order to fund payment of Settlement Class Members who were credited with Title Ambiguity Adjustments. The grounds for requesting the order are as follows:

1.  The professional landmen retained by Settlement Class Counsel completed their determination of the location of Settlement Class Minerals as well as ownership of those Settlement Class Minerals during the Class Period. *Declaration of Cameron Corbett* [ECF 450, Exhibit 1] ¶ 9. The professional landmen provided Settlement Class Counsel with an initial schedule identifying each Settlement Class Member, the location of Settlement Class Minerals by township, range, and section owned by that Settlement Class Member during the Class Period, and the total number of net mineral acres owned by that Settlement Class Member.

2.  Settlement Class Members or their attorneys began contacting Settlement Class Counsel after the Notice of Settlement began. In some instances, the ownership of Settlement Class Minerals could differ depending upon an interpretation given certain land records filed with Laramie County Clerk. When that occurred and an alternate to the landmen's interpretation was reasonable, the owners under each interpretation were credited with ownership of the Settlement Class Minerals. The additional crediting of net mineral acres was noted as a "title ambiguity adjustment." If a title ambiguity adjustment was made, it resulted in the total number of net mineral acres in the Settlement Class Minerals increasing as there was a double counting of the Settlement Class Minerals involved in the adjustment, e.g., if A claims 100 net mineral acres under the landmen's interpretation and B claims 100 net mineral acres under another reasonable interpretation, there will be 200 net mineral acres allocated with ownership in the Settlement Class Minerals for the same 100 net mineral acres.

3.  To comply with the Allocation Methodology, it is necessary to separately fund the payment of proceeds to be paid to owners of Settlement Class Members who had their minerals recognized under an alternate interpretation ("Adjusted Owners"). To accomplish this funding, Settlement Class Counsel will deposit funds in the amount of $34,000, sufficient to pay to an

amount equal to what would be paid to Adjusted Owners using the same Per Net Mineral Acre Payment Amount used to pay Settlement Class Members ("Title Ambiguity Adjustment Fund") as well as any possible overpayment of the Settlement Distribution Fund due to repetitive rounding.

4. The Title Ambiguity Fund will adequately pay the owners of the approximately 336 net mineral acres that were credited to owners under a reasonable interpretation other that that used by the professional landmen as well as pay for any shortfall in the Settlement Distribution Fund caused by repetitive rounding. *See Declaration of J. N. Murdock* [ECF 450, Exhibit 5] ("Murdock Declaration") ¶ 17.

5. If the Title Ambiguity Fund is not fully used, the unused balance will be returned to the depositor.

6. Settlement Class Counsel has sent the Distribution Escrow Agent funds equal to $34,000 that will be held by the Distribution Escrow Agent until entry of an order granting this motion. Upon entry of such order, the Distribution Escrow Agent will add the $34,000 to the Deposited Funds the Distribution Escrow Agent holds to pay distributions to the Settlement Class Members.

Wherefore, Settlement Class Counsel requests the Court issue an order providing authority to the Distribution Escrow Agent permitting it to receive the $34,000 as a deposit and add such Deposit to the Deposited Funds held by the Distribution Escrow Agent to pay distributions to Settlement Class Members; provided any balance of the deposit not used to pay distributions to the Settlement Class Members or prevent a shortfall in the Settlement Distribution Fund will be returned to the depositor.

Dated: May 30, 2025.

By: /s/ J.N. Murdock
J.N. Murdock
Murdock Law Firm, LLC
1551 Three Crowns Drive, Suite 314
Casper, Wyoming 82604
jnmurdock@murdocklawfirm.com


Robert P. Schuster
Bradley L. Booke
Robert P. Schuster, P.C.
P.O. Box 13160
250 Veronica Lane, Suite 204
Jackson, Wyoming 83002
bob@bobschuster.com
brad@bobschuster.com

Thomas N. Long
Aaron J. Lyttle
Kaylee A. Harmon
Long Reimer Winegar LLP
P.O. Box 87
2120 Carey Ave., Suite 300
Cheyenne, WY 82003
tlong@lrw-law.com
alyttle@lrw-law.com
kharmon@lrw-law.com

Laurence O. Masson
Law Office of Laurence O. Masson
2625 Alcatraz Avenue, # 206
Berkeley, California 94705-2702
lomlex@gmail.com

Cody L. Balzer
Balzer Law Firm, P.C.
1302 Cleveland Avenue
Loveland, CO 80537
cody@balzerlaw.com

Samuel Issacharoff (*pro hac vice*)
40 Washington Square South
New York, New York 10012
si13@nyu.edu

Robert Klonoff (*pro hac vice*)<br>
2425 S.W. 76th Avenue<br>
Portland, Oregon 97225<br>
Telephone: 503.702.0218<br>
klonoff@usa.net

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing pleading through the Court's electronic service system this 30th day of May, 2025.

Ross M. MacDonald
Kathy D. Patrick
Michael Davis
Barrett H. Reasoner
Gibbs Bruns, LLP
1100 Louisiana Street, #5300
Houston, Texas 77002
mdore@gibbsbruns.com
mdavis@gibbsbruns.com
rmacdonald@gibbsbruns.com
kpatrick@gibbsbruns.com
breasoner@gibbsbruns.com
*Attorneys for Defendants*

Timothy M. Stubson
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, Wyoming 82601
dscheer@crowleyfleck.com
tstubson@crowleyfleck.com
*Attorney for Defendants*

/s/ J. N. Murdock