IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF WYOMING

| | |
|---|---|
| Anita C. Deselms, et al., <br><br> Settlement Class Representatives, <br><br> v. <br><br> Occidental Petroleum Corporation, et al., <br><br> Defendants. | Civil Action No. 19-CV-243-KHR |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND JUDGMENT**

This is a class action lawsuit brought by those Plaintiffs identified in the Second Amended Complaint on behalf of themselves and as proposed representatives of a class of owners against Occidental Petroleum Corporation, Anadarko Petroleum Corporation, Anadarko E&P Onshore, LLC, Anadarko Oil & Gas 5, LLC and Anadarko Land Corp. (collectively herein "Defendants"). This Court previously certified a class to be "maintained as a class action for liability purposes only," as set forth in that *Order Certifying Class Pursuant to Fed. R. Civ. P. 23(c)(4)* (ECF 227). That certification order was affirmed by the United States Court of Appeals for the Tenth Circuit (ECF 275) and is herein referred to as the "Liability Class."

As a part of the certification of the Liability Class, this Court named the following persons as Liability Class Representatives: Anita C. Deselms ("Deselms"), who serves as Trustee of the Anita C. Deselms Living Trust, Ron Rabou ("Rabou"), who serves as manager Rabou Resources, LLC; Russell I. Williams, Jr. ("Williams"), who serves as Trustee of the Russell I. Williams, Jr. Revocable Trust U/A dated 7/27/83; John C. Eklund, Jr ("John Eklund"), who serves as Trustee of

the John C. Eklund Revocable Trust UA April 25, 2011; Justin W. Miller ("Justin Miller"); and Brandi J. Miller ("Brandi Miller"). Herein, Deselms, Rabou, Williams, John Eklund, Justin Miller, and Brandi Miller are collectively referred to herein as "Settlement Class Representatives." Settlement Class Representatives and Defendants are collectively referred to as the "Parties." In addition, this Court appointed Robert P. Schuster of Robert P. Schuster PC lead class counsel with responsibilities that included leadership in coordinating assignments to participating class counsel. Lead and participating class counsel shall hereafter be referred to collectively as "Class Counsel" and/or "Settlement Class Counsel."

The class action lawsuit pursued class claims for alleged anticompetitive conduct and seeking, among other things, declaratory and compensatory relief for antitrust violations of Section 2 of the Sherman Act, 15 U.S.C. § 2 along with violations of Wyoming law including Wyo. Stat. § 40-4-101. On September 26, 2024, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") finalizing the terms of the Settlement.[1] On October 4, 2024, the Settlement Class Representatives filed the *Class Representatives' Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class for Settlement Purposes, Approve Form and Manner of Notice, Appoint Settlement Class Representatives and Settlement Class Counsel, Appoint the Deposit Escrow Agent and Distribution Escrow Agent, and Set date for Final Fairness Hearing* ("Motion for Preliminary Order").

On October 7, 2024, the Court preliminarily approved the Settlement and Settlement Agreement and issued its *Order Granting Class Representatives' Unopposed Motion to Preliminarily Approve Class Action Settlement, Certify the Class for Settlement Purposes, Approve*

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

*Form and Manner of Notice, Appoint Settlement Class Representatives and Settlement Class Counsel, Appoint the Deposit Escrow Agent and Distribution Escrow Agent, and Set date for Final Fairness Hearing* ("Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

a. certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Class;

b. appointed Settlement Class Representatives and Settlement Class Counsel;

c. preliminarily found: (i) the proposed Settlement resulted from extensive arm's length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Settlement Class Representatives' and the Settlement Class's claims; (iii) Settlement Class Representatives and Settlement Class Counsel had concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

d. preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

e. preliminarily approved the form and manner of the proposed Notices to be communicated to the Settlement Class, finding specifically that such Notices, among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Class Counsel will seek Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and

        Distribution Costs, and the Case Contribution Award for Settlement Class Representative's services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; (v) described the procedure for objecting to the Settlement or any part thereof; and (vi) directed Putative Settlement Class Members to where they may obtain more detailed information about the Settlement;

f. instructed the process for disseminating the approved Notices to Putative Settlement Class Members in accordance with the Settlement Agreement and in the manner approved by the Court;

g. provided for the appointment of the Deposit Escrow Agent;

h. provided for the appointment of the Distribution Escrow Agent;

i. set the date and time for the Final Fairness Hearing as May 15, 2025, at 2:00 PM in the United States District Court for the District of Wyoming, but reset the date and time for the hearing to June 5, 2025 at 10:00 AM (ECF 441); and

j. set out the procedures and deadlines by which Putative Settlement Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof, but amended those deadlines as provided in its of Order Granting the Motion for Extension of Time (ECF 440).

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice Plan submitted as part of the Motion for the Preliminary Order was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On June 5, 2025, in accordance with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia*:

a. determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

b. determine whether the notice method utilized by the Notice Manager: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Putative Settlement Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Case Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law;

c. determine whether to approve the Allocation Methodology, the Plan of Allocation, and distribution of the Settlement Distribution Fund to Putative Settlement Class Members who did not timely submit a valid Request for Exclusion or were not otherwise excluded from the Settlement Class by order of the Court;[2]

d. determine whether a Judgement should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against Defendants with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

e. determine whether the applications for Plaintiff's Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and the

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Fund among Settlement Class Members (the "Plan of Allocation Order").

                Case Contribution Award to Settlement Class Representative are fair and reasonable and should be approved;[3] and

    f.      rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES** as follows:

    1.      The Court, for purposes of this Final Judgment (the "Judgment"), adopts all defined terms and obligations as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

    2.      The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendants and Settlement Class Members.

    3.      The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as follows:

> All persons, including individuals, estates, trusts, corporations, partnerships, and other business entities, having ownership of Class Minerals, as shown by the public records of the Clerk and Recorder of Laramie County, Wyoming. Excluded from the Settlement Class is: (1) a Defendant; (2) an officer, director, or employee of a Defendant, (2) an entity in which a Defendant has a controlling interest or is an affiliate, (3) any entity controlled by the buyer of Anadarko's leases or minerals, including Cowboy Land LLC, Sweetwater Trona HoldCo LLC, and any other affiliate of Orion Mine Finance Group, (4) anyone who has given a valid release concerning the Released Claims, (5) was a lessee of Class Minerals during the Class Period, or (6) an affiliate of the Court.

---

[3] The Court will issue separate orders pertaining to Class Counsel's request for Plaintiff's Attorneys' Fees, reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and Settlement Class Representative's request for a Case Contribution Award.

4. The definition of Settlement Class Minerals, which was approved in the Court's Preliminary Approval Order, is defined as follows:

> Oil and gas minerals located in the Niobrara and/or Codell geologic formations east of Range 67 West in Laramie County having oil and gas pools that could be reasonably produced as demonstrated by industry's filing of drilling and spacing applications or applications for drilling permits in at least 50% of the sections in the relevant township that were not under an oil and gas lease to drill and operate wells during the Class Period; <u>and</u> were located either:
>
> A. Within a section that had a 30% Intracompany Lease covering at least 50% of the oil and gas minerals provided the lease or memorandum of the lease was filed in the Laramie County public records disclosing the royalty rate, or
>
> B. In a section (or a part thereof) immediately bounded to the north, south, or both by a section in which Defendants had a 30% royalty Intracompany Lease as set forth in subparagraph a above.

5. For substantially the same reasons as set out in the Court's Preliminary Approval Order, the Court finds that the above-defined Settlement Class should be and is hereby certified for the purposes of entering judgment pursuant to the Settlement Agreement. Specifically, the Court finds that all requirements of Rule 23(a) and Rule 23(b)(3) have been satisfied for settlement purposes. Because this case has been settled at this stage of the proceedings, the Court does not reach, and makes no ruling either way, as to the issue of whether the Settlement Class could have been certified in this case on a contested basis beyond that of the Liability Class already certified.

6. The Court finds that no timely and valid Requests for Exclusion were submitted.

7. At the Final Fairness Hearing on June 5, 2025, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Settlement Class Representatives and Defendants and their respective Counsel, but also the concerns of any objectors and the interests of all absent Settlement Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*,

approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

8. The Court further finds that due and proper notice, by means of the Notices, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notices disseminated to the Settlement Class and published pursuant to the Settlement Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, the Due Process protections of the State of Wyoming, and any other applicable law. Therefore, the Court approves the form, manner, and content of the Notices used by the Parties. The Court further finds that all Settlement Class Members were afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

9. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendants, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties and Defendants' Additional Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith

after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Released Claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between the Parties and experienced counsel, and the Parties have prosecuted and defended their interests. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement.

10. By agreeing to settle the Litigation, Defendants do not admit, and instead specifically deny, that the Litigation could have otherwise been properly maintained as a contested class action, and specifically deny any and all wrongdoing and liability to the Settlement Class, Settlement Class Representatives, and Settlement Class Counsel.

11. The Court finds that on October 11, 2024, Defendants caused notice of the Settlement to be served on the appropriate state official for each state in which a Settlement Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. § 1715, the appropriate state official for each state in which a Settlement Class Member resides was and is the State Attorney General for each such state, although the Court recognizes that, out of an abundance of caution, for the State of Wyoming, Defendants provided notice to the Chair of the Wyoming Oil and Gas Conservation Commission in addition to the Wyoming Attorney General. The Court has further determined that the appropriate federal official was and is the Attorney General of the United States. No appropriate

state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Settlement Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

12.     The Litigation and Released Claims are dismissed with prejudice as to the Released Parties and Defendants' Additional Released Parties. The Court orders that, upon the Effective Date, the Settlement Agreement shall be the exclusive remedy for any and all Released Claims of Settlement Class Members who have not validly and timely submitted a Request for Exclusion as directed in the Notice of Settlement and Preliminary Approval Order. The Court finds that Defendants have agreed to not file a claim against Plaintiffs, Class Representatives, Settlement Class Representatives, Class Counsel or Settlement Class Counsel based upon an assertion that the Litigation was brought in bad faith or without reasonable basis. Similarly, the Court finds that Class Representatives and Settlement Class Representatives have agreed not to file a claim against Defendants or Defendant's Counsel based upon an assertion that the Litigation was defended by Defendants or Defendant's Counsel in bad faith or without reasonable basis. The Releasing Parties are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties and Defendants' Additional Released Parties to the fullest extent permitted by law. The Court thus permanently bars and enjoins the Releasing Parties, and each of them (regardless of whether or not any such person or party actually received a payment from the Net Settlement Fund, and without regard as to whether any payment was correctly determined), and all persons acting on their behalf, from directly or indirectly, or through others, suing, instigating, instituting, or asserting against the Released Parties

and Defendants' Additional Released Parties any claims or actions on or concerning the Released Claims. Neither Party will bear the other Party's litigation costs, costs of court, or attorney's fees.

13. The Court also approves the efforts and activities of the Deposit Escrow Agent, Distribution Escrow Agent and Settlement Class Counsel in assisting with certain aspects of the administration of the Settlement, and directs them to continue to assist Settlement Class Representatives in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

14. Nothing in this Judgment shall bar any action or claim by Settlement Class Representatives or Defendants to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

15. Because the no Settlement Class Member requested exclusion, there is no Opt Out Returned Fund to be returned to the Defendants.

16. This Judgment, the Settlement, and the Settlement Agreement (including any provisions contained in or exhibits attached to the Settlement Agreement), any negotiations, statements, or proceedings related thereto, and/or any action undertaken pursuant thereto, shall not be used for any purpose or admissible in any action or proceeding for any reason, other than an action to enforce the terms of the Judgment, the Settlement, or the Settlement Agreement (including, but not limited to, defending or bringing an action based on the Release provided for herein). Specifically, but without limitation, the Judgment, the Settlement, and the Settlement Agreement are not, and shall not be deemed, described, construed to be, or offered as, evidence of a presumption, concession, declaration, or admission by any of the Parties to the Settlement Agreement, or any person or entity, as to the truth of any allegation made in the Litigation; the

validity or invalidity of any claim or defense that was, could have been, or might be asserted in the Litigation; the amount of damages, if any, that would have been recoverable in the Litigation; any liability, negligence, fault, or wrongdoing of any person or entity in the Litigation; or whether any other lawsuit should be certified as a class action pursuant to Federal Rule of Civil Procedure 23 or any applicable state rule of procedure. Further, this Judgment shall not give rise to any collateral estoppel effect as to the certifiability of any class in any other proceeding.

17. As separately set forth in detail in the Court's Plan of Allocation Order(s), the Allocation Methodology, the Plan of Allocation, and distribution of the Net Settlement Fund among Settlement Class Members who were not excluded from the Settlement Class by timely submitting a valid Request for Exclusion or other order of the Court are approved as fair, reasonable and adequate, and Class Counsel and the Deposit Escrow Agent are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

18. The Court finds that Settlement Class Representatives, Defendants, and their Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Settlement Class Representatives and Settlement Class Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

19. Neither Defendants nor Defendant's Counsel shall have any liability or responsibility to any Plaintiff, Settlement Class Representatives, Settlement Class Counsel or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Deposit Escrow Agent. No Settlement Class Member shall have any claim against Settlement Class Representatives, Settlement Class Counsel, the Deposit Escrow Agent, or any of their respective designees or agents based on the distributions

made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

20. Neither Defendants nor Defendant's Counsel shall have any liability or responsibility to any Plaintiff, Settlement Class Representatives, Settlement Class Counsel or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Distribution Escrow Agent. No Settlement Class Member shall have any claim against Settlement Class Representatives, Settlement Class Representative, Settlement Class Counsel, the Distribution Escrow Agent, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

21. Any Settlement Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s) or (b) return the Distribution Check uncashed to the Distribution Escrow Agent.

22. All matters regarding the administration of the Distribution Escrow Account and the taxation of funds in the Distribution Escrow Account or distributed from the Distribution Escrow Account shall be handled in accordance with the Settlement Agreement.

23. Any order approving or modifying any Plan of Allocation Order, the application by Class Counsel for an award of Plaintiff's Attorneys' Fees or reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, or the request of Settlement Class Representatives for the Case Contribution Award shall be handled in accordance with the Settlement Agreement and the documents referenced therein (to the extent the Settlement Agreement and documents referenced therein address such an order).

24. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund, and to enforce the Judgment.

25. In the event the Settlement is terminated as the result of a successful appeal of this Judgment, or the Judgment does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated. The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Escrow Account(s) to Defendants.

26. Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction to enter any orders as necessary to administer the Settlement Agreement, including jurisdiction to determine any issues relating to the payment and distribution of the Net Settlement Fund, to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiff's Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Administration, Notice, and Distribution Costs, and Settlement Class Representatives' request for the Case Contribution Award, and to enforce this Judgment. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendants and is therefore a final appealable judgment. The Court further hereby expressly

directs the Clerk of the Court to file this Judgment as a final order and final judgment in this Litigation.

27. No objections to the timing or form of Notice were presented for the Court's consideration. A letter from Robert B. Reed was filed on May 14, 2025, together with exhibits that accompanied it. The letter did not comply with the procedural requirements specified in the Notice of Proposed Settlement of the Antitrust Claims but the Court recognizes that "a class member who is not represented by counsel may present objections that do not adhere to technical legal standards." Fed. R. Civ. P. 23 (e) (5)(A), Advisory Committee Notes to 2018 amendment. The objection is presented by him and, purportedly for his three sisters and a cousin who is not a class member. Yet, there is no documentation of their assent to, or joinder in, the objection. The objection is not presented as an objection to the Settlement itself nor does Mr. Reed provide any facts or authority to demonstrate that the class Settlement is anything other than fair, reasonable, and adequate. He simply asserts that he and his three sisters should receive more money, without justification, and that his cousin who is not a class member should also receive a payment. As the Parties noted, Mr. Reed's request for $660 per net mineral acre, if applied to the more than 60,000 acres at issue in the settlement, would necessitate a settlement fund of more than $70,000,000. A class member who remains as a class member cannot receive an inconsistent, disparate, and greater share from the Settlement Fund. Mr. Reed's objection is without merit and is denied.

IT IS SO ORDERED this 6th day of June, 2025.

_____
KELLY H. RANKIN
UNITED STATES DISTRICT JUDGE